**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FLEMMING KRISTENSEN, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:12-cv-00528-KJD-PAL |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| CREDIT PAYMENT SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

The court conducted a hearing on the parties' competing Proposed Discovery Plan and Scheduling Orders (Dkt. #20, 22) on October 30, 2012. John Benedict, John Ochoa and Evan Meyers appeared telephonically on behalf of the Plaintiff. Martin Welsh appeared on behalf of the Defendant.

The Complaint (Dkt. #1) in this case was filed March 29, 2012. Defendant Credit Payment Services, Inc. ("CPS") filed a Motion to Dismiss (Dkt. #12) May 17, 2012, as its initial response. The motion is fully briefed and under submission to the district judge.

This is an action filed under the Telephone Computer Protection Act ("TCPA"). Plaintiff is a resident of New York. Complaint (Dkt. #1) ¶6. Defendant CPS is a Nevada corporation that provides payday loans to consumers throughout the nation. *Id*. ¶7. Plaintiff alleges that the Defendant violated the TCPA by sending the Plaintiff an unsolicited cell phone text message on December 6, 2011. *Id*. ¶16. Plaintiff alleges that this text was part of a mass transmission of wireless spam to cell phones nationwide to potential customers of its payday loan products. *Id*. ¶15. Plaintiff seeks to pursue this case as a class action under Rule 23(b)(2) and Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of himself and a class of all persons in the United States and its territories who received one or more unauthorized text message advertisements on behalf of the Defendant. *Id*. ¶22. The prayer for relief seeks an order certifying the class, an award of actual and/or statutory damages, an injunction

requiring the Defendants to cease all wireless spam activities, and an award of reasonable attorney's fees and costs.

Defendant filed a Proposed Discovery Plan and Scheduling Order (Dkt. #20) October 24, 2012, indicating Defendant served Rule 26(a) disclosures on September 28, 2012, but had not received Plaintiff's initial disclosures. The parties conducted a Rule 26(f) conference, but were unable to agree on a stipulated plan. The Defendant's proposed plan points out that the motion to dismiss is fully briefed and under submission to the district judge and no answer has been filed. However, Defendant filed a proposed plan to comply with LR 26-1(e). The Defendant's plan proposed an April 30, 2013, discovery cutoff and other deadlines generally consistent with LR 26-1(e).

Plaintiff's Proposed Discovery Plan and Scheduling Order (Dkt. #22) requested special scheduling review and a December 30, 2013, discovery cutoff. Counsel for Plaintiff served initial disclosures on October 26, 2012. Counsel for Plaintiff states that he was under the impression the parties were still discussing a potential stipulated plan when Defendant filed its own proposed plan with the court. Additional time is requested due to the complex factual and legal issues in this case, the need to conduct substantial third-party discovery, the need for both class and merits discovery, and the likely addition of new defendants in this case.

At the hearing, counsel for Plaintiff, Mr. Meyers, stated that this firm had filed a number of complaints under the TCPA. Plaintiff believes perhaps tens of thousands of unsolicited text messages were sent to putative class members on whose behalf Plaintiff seeks to assert a class action. Plaintiff anticipates a need for third-party discovery, which, based on his prior experience, is often contentious and requires motions to compel. The Plaintiff proposes to proceed with both class and merits discovery without bifurcation. Plaintiff also believes that expert discovery will take two to three months. Finally, Plaintiff intends to file a motion to amend the complaint to add parties, and did not want to engage in discovery that would have to be duplicated. Counsel for Plaintiff indicated a draft proposed amended complaint could be prepared in approximately two weeks.

Counsel for Defendant opposed Plaintiff's request for an extended discovery cutoff. The complaint, as currently plead, involves a single text transmission to a single plaintiff and is not complex. Counsel for Plaintiff indicated that he had not had discussions with opposing counsel about

potentially amending the complaint or adding parties, although out-of-state counsel may have had such discussions.  Counsel for Defendant acknowledged that neither side had engaged in discovery because of the pending motion to dismiss, although neither side had asked for a stay of discovery.

Having reviewed and considered the matter, the court will give the parties 270 days, measured from the date of the hearing, in which to complete discovery.  The court will also require counsel for Plaintiff to draft a proposed amended complaint and meet and confer with opposing counsel to determine whether Defendant will stipulate to filing the amended complaint.  If defense counsel is unwilling to stipulation, counsel for Plaintiff shall file a motion for leave to file an amended complaint.

**IT IS ORDERED** that:

1. The parties' Proposed Discovery Plan and Scheduling Orders (Dkt. ##20, 22) are **NOT APPROVED** and are **DENIED**.
2. The following discovery plan and scheduling order dates shall apply:
    b. Last date to complete discovery: **July 29, 2013.**
    c. Last date to amend pleadings and add parties: **April 29, 2013.**
    d. Last date to file interim status report: **May 28, 2013.**
    e. Last date to disclose experts pursuant to Fed. R. Civ. P. 26(a)(2): **May 28, 2013.**
    f. Last date to disclose rebuttal experts: **June 27, 2013.**
    g. Last date to file dispositive motions: **August 26, 2013.**
    h. Last date to file joint pretrial order: **September 25, 2013.**  In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after a decision of the dispositive motions.
3. The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.
4. Applications to extend any dates set by this discovery plan and scheduling order shall, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension.  All motions or stipulations to extend discovery shall be received no later than **4:00 p.m., July 8, 2013,** and shall fully comply with the requirements of LR 26-4.

5.     Counsel for Plaintiff shall have until **November 13, 2012,** in which to meet and confer with opposing counsel in an effort to obtain a stipulation to amend the complaint, or, if counsel for Defendant is unwilling to stipulate, to file a motion for leave to amend the complaint.

Dated this 30th day of October, 2012.

_____
Peggy A. Leen
United States Magistrate Judge