UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FLEMMING KRISTENSEN, *et al.*, | |
|     Plaintiffs, | Case No. 2:12-CV-00528-KJD-PAL |
| v. | **ORDER** |
| CREDIT PAYMENT SERVICES INC., | |
|     Defendant. | |

    Presently before the Court is Defendant Credit Payment Services Inc.'s Motion to Dismiss (#12). Plaintiff filed a response in opposition (#14). Defendant also filed Notice of Decision in Similar Case (#19). Also before the Court is Plaintiff's Motion to Amend (#26). Defendant filed a response in opposition (#27) to which Plaintiff replied (#30).

<u>I.  Background</u>

    Plaintiff's complaint alleges that Defendant Credit Payment Services Inc. ("Defendant"), directly or through its agents, caused or directed unsolicited SMS text messages to be sent to thousands of consumers, including Plaintiff without his authorization. Plaintiff alleges that these facts demonstrate that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff's complaint also makes class action allegations, though a motion to certify the class has yet to be filed. Defendant has now moved to dismiss the action, asserting that

Plaintiff has not set forth an adequate jurisdictional basis and that it has been named as a defendant improperly.

## II.  Standard for a Motion to Dismiss

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Iqbal evaluation illustrates a two prong analysis.  First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951.  If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

## III.  Analysis

Defendant argues that Plaintiff has failed to allege the facts necessary to establish diversity or subject-matter jurisdiction.  However, jurisdiction is appropriate, because the Court has jurisdiction over claims that arise under federal law.  See 28 U.S.C. § 1331; Mims v. Arrow Financial Servs., LLC, 132 S.Ct. 740, 753 (2012)(state and federal courts have concurrent jurisdiction over TCPA claims).  Federal law gives rise to the claims for relief asserted by Plaintiff, therefore, federal question jurisdiction exists and the Court need not consider diversity.

1  Further Defendant argues that Plaintiff has not asserted sufficient facts to state a claim against
2  it.  To state a claim for a violation of the TCPA, Plaintiff must allege that a defendant: (1) made text
3  message calls; (2) using any "automatic telephone dialing system;" (3) to a telephone number
4  assigned to cellular telephone service.  See 47 U.S.C. § 227(b)(1)(A)(iii).  Here, Plaintiff has made
5  the necessary factual allegations to state a claim in his complaint.  Here, Plaintiff has alleged that
6  Defendant, or its agents, made text message calls using an automatic telephone dialing system to a
7  cellular telephone number.  Those facts are enough to make a short and plain statement showing that
8  Plaintiff is entitled to relief.  See Twombly, 555 U.S. at 570.
9  Next, Defendant argues that Plaintiff has named the wrong defendant in this action.
10  However, Defendant's argument requires the Court to make factual findings in opposition to the
11  material allegations of the complaint.  A motion to dismiss is the wrong vehicle in which to bring
12  these arguments.  The Court will not convert the motion to dismiss into a motion for summary
13  judgment since Plaintiff has not had the opportunity to conduct discovery.
14  Finally, Defendant's arguments regarding failure to appropriately plead class action
15  allegations are not properly brought in a motion to dismiss.  Challenges to class allegations are
16  properly brought in opposition to a motion for class certification.  See, e.g., Clerkin v. MyLife.com,
17  2011 WL 3809912, *3-4 (N.D. Cal. August 29, 2011).  Therefore, the Court will not consider
18  Defendant's objections to the class in its motion to dismiss.  Defendant's motion to dismiss is
19  denied.
20  IV.  Motion to Amend
21  On November 13, 2012, Plaintiff moved, not in response to the motion to dismiss, to amend
22  his complaint to add additional defendants.  The deadline to amend pleadings and add parties as
23  ordered by the magistrate judge is April 29, 2013 (#24).  Other than reiterating arguments from
24  Defendant's motion to dismiss and asserting that Plaintiff has not acted diligently in seeking leave to
25  amend, Defendant has asserted no grounds for denying the motion to amend which was filed six
26  months before the deadline.

Based on the evidence in the record, the Court cannot find that Plaintiff has failed to act diligently in seeking amendment.  Further, the Court rejects Defendant's arguments that it raised in its motion to dismiss.[1]  Therefore, the Court grants Plaintiff's motion to amend.

V.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (#12) is **DENIED**;

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend (#26) is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiff file its amended complaint within fourteen (14) days of the entry of this order.

DATED this 22nd day of February 2013.

_____
Kent J. Dawson
United States District Judge

---

[1] However, the Court does agree that the addition of the new defendants makes it more difficult for Plaintiff to meet his burden in proving an agency relationship between proposed defendant Click Media LLC d/b/a Net1Promotions LLC, who directly sent the text messages, and Defendant and the other proposed defendants.  See Thomas v. Taco Bell Corp., 879 F. Supp.2d 1079, 1084-86 (C.D. Cal. 2012)(traditional standard of vicarious liability applies to claims arising under 47 U.S.C. § 227(b)(1)(A)(iii)).  Taco Bell, an order issued on a motion for summary judgment after discovery, is distinguishable from the procedural posture of the present action where discovery has only just begun.  Plaintiff properly pled that Defendant, or its agent, made the "call" at issue in this case.  That is enough to survive a Rule 12(b) motion to dismiss.