Chad R. Fears (Nevada Bar No. 6970)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
cfears@swlaw.com
Telephone:  (702) 784-5200
Facsimile:   (702) 784-5252

Russell S. Jones, Jr. (Missouri Bar No. 30814)
(*Pro Hac Vice* Admission Pending)
James M. Humphrey (Missouri Bar No. 50200)
(*Pro Hac Vice* Admission Pending)
POLSINELLI SHUGHART PC
Twelve Wyandotte Plaza
120 W. 12th Street
Kansas City, MO 64105
rjones@polsinelli.com
jhumphrey@polsinelli.com
Telephone:  (816) 421-3355
Facsimile:   (816) 374-0509

Attorneys for Defendant
PIONEER SERVICES

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| FLEMMING KRISTENSEN,<br><br>        Plaintiff,<br><br>v.<br><br>CREDIT PAYMENT SERVICES INC., et al.,<br><br>        Defendants. | Case No. 2:12-CV-00528-KJD (PAL)<br><br>**DEFENDANT PIONEER SERVICES' ANSWER TO PLAINTIFF FLEMMING KRISTENSEN'S FIRST AMENDED CLASS ACTION COMPLAINT** |

Defendant MidCountry Bank (referred to herein as its division "Pioneer Services") (improperly named "Pioneer Financial Services, Inc." in Plaintiff's First Amended Class Action Complaint), by and through its undersigned counsel, hereby responds to Plaintiff Flemming Kristensen's First Amended Class Action Complaint ("Complaint") as follows:

Pioneer Services generally denies the allegations of the Complaint.

## NATURE OF THE CASE[1]

1. In response to the allegations set forth in Paragraph 1 of Plaintiff's Complaint, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations (including in the footnote) and, therefore, denies them.

2. In response to the allegations set forth in Paragraph 2 of Plaintiff's Complaint, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

3. In response to the allegations set forth in Paragraph 3 of Plaintiff's Complaint, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

4. In response to the allegations set forth in Paragraph 4 of Plaintiff's Complaint, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

5. In response to the allegations set forth in Paragraph 5 of Plaintiff's Complaint, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

6. In response to the allegations set forth in Paragraph 6 of Plaintiff's Complaint, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

7. In response to the allegations set forth in Paragraph 7 of Plaintiff's Complaint, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

---

[1] The headings used in Plaintiff's Complaint are set forth in this Answer for the convenience of the reader only. To the extent any of the headings are construed as any form of allegation directed toward Pioneer Services, the allegations are denied.

3242181.2

8. In response to the allegations set forth in Paragraph 8 of Plaintiff's Complaint, Pioneer Services admits only that it has entered into contracts related to communications with existing customers or existing loan applicants, but denies that it does so anonymously. Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the balance of the allegations set forth in Paragraph 8 and, therefore, denies them.

9. In response to the allegations set forth in Paragraph 9 of Plaintiff's Complaint, Pioneer Services denies the characterization that any consumer "takes the bait[.]" Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the balance of the allegations set forth in Paragraph 9 and, therefore, denies them.

10. In response to the allegations set forth in Paragraph 10 of Plaintiff's Complaint, Pioneer Services denies that it has engaged in "this form" of text message advertising by partnering with marketers and advertisers, and further denies that it has consequently caused the transmission of millions of text messages to the cellular telephones of consumers nationwide. Pioneer Services is without knowledge or information sufficient to form a belief as to the truth of falsity of the allegations as to Defendants Credit Payment Services Inc. ("CPS") and Enova International, Inc. ("Enova") and, therefore, denies them.

11. In response to the allegations set forth in Paragraph 11 of Plaintiff's Complaint, Pioneer Services denies that it effectuated unauthorized text message calls or wireless spam. Pioneer Services further denies that it has caused consumers actual harm (or any harm for that matter). Pioneer Services is without knowledge or information sufficient to form a belief as to the truth of falsity of the allegations as to Defendants CPS and Enova and, therefore, denies them.

12. In response to the allegations set forth Paragraph 12 of Plaintiff's Complaint, Pioneer Services denies that it caused any injuries to Plaintiff or any other putative member of the putative class described in Plaintiff's Complaint. Pioneer Services admits that Plaintiff, on behalf of himself and a putative class, has brought suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), but the description of the TCPA states a legal conclusion as to which no affirmance or denial is required.

3

3242181.2

13. In response to the allegations set forth in Paragraph 13 of Plaintiff's Complaint, Pioneer Services denies engaging in wireless spam activities, and further denies that Plaintiff or any member of the putative class is entitled to an injunction, award of statutory damages, or costs and reasonable attorneys' fees.

**PARTIES**

14. In response to the allegations set forth in Paragraph 14 of Plaintiff's Complaint, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

15. In response to the allegations set forth in Paragraph 15 of Plaintiff's Complaint, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

16. In response to the allegations set forth in Paragraph 16 of Plaintiff's Complaint, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

17. In response to the allegations set forth in Paragraph 17 of Plaintiff's Complaint, Pioneer Services denies that it provides payday loans to consumers throughout the nation. Pioneer Services denies that it is a Missouri corporation, but admits that MidCountry Bank is a federal savings bank organized under the laws of the United States of America, and that Pioneer Services is a division within MidCountry Bank. Pioneer Services Further admits that it does business throughout the United States, including in this District.

18. In response to the allegations set forth in Paragraph 18 of Plaintiff's Complaint, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

19. In response to the allegations set forth in Paragraph 19 of Plaintiff's Complaint, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

3242181.2

**JURISDICTION & VENUE**

20. In response to the allegations set forth in Paragraph 20 of Plaintiff's Complaint, Pioneer Services denies the allegations, except admits that the Complaint purports to invoke federal subject-matter jurisdiction pursuant to 28 U.S.C. § 1331. Pioneer Services further states that the jurisdictional allegations set forth in Paragraph 20 state a legal conclusion as to which no affirmance or denial is required.

21. In response to the allegations set forth in Paragraph 21 of Plaintiff's Complaint, Pioneer Services denies the allegations, except admits that the Complaint alleges that this Court has personal jurisdiction over the Defendants. Pioneer Services further expressly denies that it sent wireless spam to consumers throughout the nation. Pioneer Services further states that the personal jurisdiction allegations in Paragraph 21 state a legal conclusion as to which no affirmance or denial is required.

22. In response to the allegations set forth in Paragraph 22 of Plaintiff's Complaint, Pioneer Services denies that it sent wireless spam to anyone, at any time, and therefore denies the allegations set forth in Paragraph 22. Pioneer Services further states that the allegations set forth in Paragraph 22 state a legal conclusion as to which no affirmance or denial is required.

**COMMON ALLEGATIONS OF FACT**

23. In response to the allegations set forth in Paragraph 23 of Plaintiff's Complaint, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

24. In response to the allegations set forth in Paragraph 24 of Plaintiff's Complaint, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

25. In response to the allegations set forth in Paragraph 25 of Plaintiff's Complaint, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

3242181.2

26. In response to the allegations set forth in Paragraph 26 of Plaintiff's Complaint, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

27. In response to the allegations set forth in Paragraph 27 of Plaintiff's Complaint, Pioneers Services admits only that Pioneer Services entered into agreements related to communications with existing customers or existing loan applicants. Pioneer Services denies the balance of the allegations set forth in Paragraph 27, and specifically denies that it entered into any agreements to facilitate the transmission of text messages to advertise for new customers. To the extent the allegations in Paragraph 27 are directed at Defendants other than Pioneer Services, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

28. In response to the allegations set forth in Paragraph 28 of Plaintiff's Complaint, Pioneer Services denies that it contracted with Defendant LeadPile to generate customers for an online payday loan product from throughout the United States, including in this judicial district. To the extent the allegations in Paragraph 28 are directed at Defendants other than Pioneer Services, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

29. To the extent the allegations in Paragraph 29 of Plaintiff's Complaint are directed toward Pioneer Services, Pioneer Services denies them. To the extent the allegations are directed at other Defendants, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

30. To the extent the allegations in Paragraph 30 of Plaintiff's Complaint are directed toward Pioneer Services, Pioneer Services denies them. To the extent the allegations are directed at other Defendants, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

31. To the extent the allegations in Paragraph 31 of Plaintiff's Complaint are directed toward Pioneer Services, Pioneer Services denies them. To the extent the allegations are directed at other Defendants, Pioneer Services is without knowledge or information sufficient to form a belief as

3242181.2

to the truth or falsity of the allegations and, therefore, denies them.

32. To the extent the allegations in Paragraph 32 of Plaintiff's Complaint are directed toward Pioneer Services, Pioneer Services denies them. To the extent the allegations are directed at other Defendants, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

33. To the extent the allegations in Paragraph 33 of Plaintiff's Complaint are directed toward Pioneer Services, Pioneer Services denies them. To the extent the allegations are directed at other Defendants, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

34. In response to the allegations set forth in Paragraph 34 of Plaintiff's Complaint, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

35. In response to the allegations set forth in Paragraph 35 of Plaintiff's Complaint, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

36. To the extent the allegations in Paragraph 36 of Plaintiff's Complaint are directed toward Pioneer Services, Pioneer Services denies them. To the extent the allegations are directed at other Defendants, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

37. To the extent the allegations in Paragraph 37 of Plaintiff's Complaint are directed toward Pioneer Services, Pioneer Services denies them. To the extent the allegations are directed at other Defendants, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

38. To the extent the allegations in Paragraph 38 of Plaintiff's Complaint are directed toward Pioneer Services, Pioneer Services denies them. To the extent the allegations are directed at other Defendants, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

39. In response to the allegations set forth in Paragraph 39 of Plaintiff's Complaint,

3242181.2

Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

## CLASS ACTION ALLEGATIONS

40. In response to the allegations set forth in Paragraph 40 of Plaintiff's Complaint, Pioneer Services denies the allegations, but does admit that the Complaint purports to assert an action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of Plaintiff and a class as defined in Paragraph 40.

41. To the extent the allegations in Paragraph 41 of Plaintiff's Complaint are directed toward Pioneer Services, Pioneer Services denies them. To the extent the allegations are directed at other Defendants, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

42. In response to the allegations set forth in Paragraph 42 of Plaintiff's Complaint, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

43. Pioneer Services denies the allegations set forth in Paragraph 43 of Plaintiff's Complaint.

44. To the extent the allegations in Paragraph 44 of Plaintiff's Complaint are directed toward Pioneer Services, Pioneer Services denies them. To the extent the allegations are directed at other Defendants, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

45. To the extent the allegations in Paragraph 45 of Plaintiff's Complaint are directed toward Pioneer Services, Pioneer Services denies them. To the extent the allegations are directed at other Defendants, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

46. To the extent the allegations in Paragraph 46 of Plaintiff's Complaint are directed toward Pioneer Services, Pioneer Services denies them. To the extent the allegations are directed at other Defendants, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

3242181.2

## FIRST CAUSE OF ACTION
**(Violation of the TCPA, 47 U.S.C. § 227, *et seq.*: On behalf of the Class)**

47.  Pioneer Services incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 46 of Plaintiff's Complaint as if stated herein word for word.

48.  To the extent the allegations in Paragraph 48 of Plaintiff's Complaint are directed toward Pioneer Services, Pioneer Services denies them.  To the extent the allegations are directed at other Defendants, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

49.  To the extent the allegations in Paragraph 49 of Plaintiff's Complaint are directed toward Pioneer Services, Pioneer Services denies them.  To the extent the allegations are directed at other Defendants, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

50.  To the extent the allegations in Paragraph 50 of Plaintiff's Complaint are directed toward Pioneer Services, Pioneer Services denies them.  To the extent the allegations are directed at other Defendants, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

51.  To the extent the allegations in Paragraph 51 of Plaintiff's Complaint are directed toward Pioneer Services, Pioneer Services denies them.  To the extent the allegations are directed at other Defendants, Pioneer Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies them.

Answering the WHEREFORE clause of Plaintiff's First Cause of Action, Pioneer Services denies that Plaintiff is entitled to the stated relief, or any other form of relief, against Pioneer Services.  Pioneer Services further prays that the Court enter judgment in its favor, for its costs incurred and for such other and further relief as the Court deems just and proper.

Pioneer Services denies each and every allegation set forth in Plaintiff's Complaint unless specifically admitted herein.

3242181.2

## **AFFIRMATIVE DEFENSES**

Pioneer Services states the following for its affirmative defenses to Plaintiff's Complaint:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. If Plaintiff sustained any injuries or damage, the fact and extent of which Pioneer Services expressly denies, any such injuries or damages were either entirely, or in part, proximately caused by or contributed to by the fault of others over whom Pioneer Services had no control and is not legally responsible for. The negligence or fault of others must be compared to, and operates to reduce, or operates to completely bar, Plaintiff's alleged right to recovery against Pioneer Services.

3. Plaintiff's claims are barred to the extent Flemming Kristensen or any member of the putative class would be unjustly enriched.

4. To the extent Plaintiff's claims relate to activities protected by the First Amendment to the Constitution of the United States, and under any applicable state constitutions, the claims are barred.

5. Pioneer Services has only sent SMS text messages to persons who have consented to receive them.

6. Plaintiff's Complaint names the wrong party.

7. Plaintiff's Complaint is materially misleading and wrong to the extent it implies that any Defendant is an agent of Pioneer Services.

8. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, and ratification.

9. Plaintiff has failed to join parties indispensable to a full and just adjudication of the claims.

10. Pioneer Services hereby gives notice of its intention to rely upon such other affirmative defenses as may become available or apparent during the course of discovery, and thus reserves the right to amend its Answer to assert such defenses.

3242181.2

WHEREFORE, Defendant Pioneer Services respectfully requests that the Court dismiss Plaintiff's Complaint, award Pioneer Services its costs and expenses incurred herein, and enter such other and further relief as the Court deems just and proper.

Dated: April 5, 2013

Respectfully submitted,

By: /s/ Chad R. Fears
Chad R. Fears (#6970)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200
cfears@swlaw.com

Russell S. Jones, Jr. (*Pro Hac Vice* Admission Pending)
James M. Humphrey (*Pro Hac Vice* Admission Pending)
POLSINELLI SHUGHART PC
120 W. 12th Street, Suite 1700
Kansas City, Missouri 64105
816.421.3355
jhumphrey@polsinelli.com

*Attorneys for Defendant Pioneer Services*

3242181.2

**CERTIFICATE OF SERVICE**

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On April 5, 2013, I caused to be served a true and correct copy of the foregoing **DEFENDANT PIONEER SERVICES' ANSWER TO PLAINTIFF FLEMMING KRISTENSEN'S FIRST AMENDED CLASS ACTION COMPLAINT** upon the following by the method indicated:

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a). A printed transmission record is attached to the file copy of this document(s).

☐ **BY E-MAIL:** by transmitting via e-mail the document(s) listed above to the e-mail addresses set forth below and/or included on the Court's Service List for the above-referenced case.

☐ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below.

☐ **BY OVERNIGHT MAIL:** by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☐ **BY PERSONAL DELIVERY:** by causing personal delivery via messenger service of the document(s) listed above to the person(s) at the address(es) set forth below.

☒ **BY ELECTRONIC SUBMISSION:** submitted to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case.

Chad R. Fears   cfears@swlaw.com, DOCKET_LAS@swlaw.com, jmelnar@swlaw.com

David W. Hutton   saipanlegal@hotmail.com

Evan M. Meyers   emeyers@edelson.com

Jeffrey M. Rosenfeld   jeff@KBInternetLaw.com

John Benedict   john.benedict.esq@gmail.com, brd@dziminskilaw.com, krd@dziminskilaw.com, mark@dziminskilaw.com

John C. Ochoa   jochoa@edelson.com, docket@edelson.com

John H. Gutke   jgutke@foxrothschild.com, kthompson@foxrothschild.com, mmetoyer@foxrothschild.com

Karl S. Kronenberger   karl@KBInternetLaw.com, ecf@KBInternetLaw.com, jeff@KBInternetLaw.com

Martin L. Welsh   mwelsh@lvlaw.com, l.finchio@nevlaw.com

Patricia Lee   plee@hutchlegal.com, dbowen@hutchlegal.com, jdeangelis@hutchlegal.com

3242181.2

1 | Timothy Walton     nevadadistrictcourt@computercounsel.com

2 | Virginia A Sanderson     ginny@KBInternetLaw.com

    */s/ Julia L. Melnar*
    An Employee of Snell & Wilmer L.L.P.

3242181.2

13