1  Timothy J. Walton (State Bar No. 184292)
   (*Pro Hac Vice* Admission Granted)
2  LAW OFFICES OF TIMOTHY WALTON
   9515 Soquel Drive Suite #207
3  Aptos, CA 95003
   Phone: (831) 685-9800
4  Fax: (650) 618-8687

5  David W. Hutton (Tennessee State Bar No. 000292)
   (*Pro Hac Vice* Admission Granted )
6  SCENIC CITY LEGAL GROUP
   4071 South Access Road, Suite 105
7  Chattanooga, Tennessee, 37406
   Phone (423) 475-8338
8
   Martin L. Welsh (Nevada State Bar No. 008720)
9  LAW OFFICE OF HAYES & WELSH
   199 North Arroyo Grande Blvd, Suite 200
10 Henderson, NV 89074
   Phone: (702) 456-0345
11 Fax: (702) 434-3739

12 Attorneys for Defendant
   CREDIT PAYMENT SERVICES INC.

13

14              UNITED STATES DISTRICT COURT

15                  DISTRICT OF NEVADA

16

17 FLEMMING KRISTENSEN,                    Case No. 2:2012-cv-00528

18              Plaintiff,                  **DECLARATION OF TIMOTHY J.
                                            WALTON IN SUPPORT OF DEFENDANT**
19      vs.                                 **CREDIT PAYMENT SERVICES, INC.'S
                                            OPPOSITION TO PLAINTIFF'S MOTION**
20 CREDIT PAYMENT SERVICES INC., *et al*.,  **TO COMPEL**

21                                          Date: August 27, 2013
                Defendants.                 Time: 9:30 a.m.
22                                          Courtroom: 3B
                                            Judge: Hon. Peggy Leen
23

24

25 I, Timothy J. Walton, declare as follows:

26    1.  I am an attorney duly licensed to practice law in the State of California, and before this Court as

27        *pro hac vice*.

28    2.  I am an attorney for Defendant Cerdit Payment Services, Inc. in the above-captioned action.

Case No. 2:2012-cv-00528

DECLARATION OF TIMOTHY J. WALTON IN SUPPORT OF DEFENDANT CREDIT PAYMENT
SERVICES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

3.  I make this declaration based upon personal knowledge.  As to those matters asserted on information and belief, I have such information and do so believe.  If called upon to do so, I could and would testify to the truth of the facts stated in this declaration.

4.  After Plaintiff filed the complaint in the instant action, I spoke to Plaintiff's counsel and tried to make clear that Plaintiff had sued the wrong party. I even shared the results of my investigation which showed that the advertised web site was owned and/or operated by a third party, going by the name Net1 Promotions. I followed this up with a letter on May 3, 2012. A true and correct copy of my letter is attached as Exhibit "A" to this declaration.

5.  I noticed a deposition of Flemming Kristensen for November 8, 2012, in Las Vegas, NV, but neither Plaintiff nor his counsel appeared.

6.  Plaintiff's counsel has never provided me with any evidence of any kind that shows that Credit Payment Services, Inc. is in any way related to the text message advertisement or the advertised web sites of http://www.lend5k.com or http://thesmartcreditsolution.securelinkcorp.com, other than the fact that MyCashNow.com, Inc.'s name appears on the web site at http://thesmartcreditsolution.securelinkcorp.com

7.  I am informed and believe that CPS never gave authorization for the web site at http://thesmartcreditsolution.securelinkcorp.com to refer to it or anyone else by name.

8.  I am informed and believe that CPS underwrite loans for several lenders, but does not itself lend money and has never authorized the use of its name on any web site other than http://www.creditpaymentservices.com, where it makes clear that it does underwriting and customer processing, but does not itself make any loans.

9.  I am informed and believe that CPS does not market using text messaging, has not entered into any contracts allowing others to market on its behalf using text messaging, and should not be a defendant in this action at all. CPS has suffered prejudice by being named as a defendant in this Action without any basis in reality for its potential for culpability.

10. I am informed and believe that MyCashNow.com, Inc. is a third party and that CPS has no written contracts with MyCashNow.com, Inc.

11. I have spent more than 13 hours drafting and filing the opposition to Plaintiff's motion to compel. My time has repeatedly been valued at $400 per hour (*see, e.g.*, *Balsam v. Trancos, Inc.*, San Mateo Superior Court, Case No. CIV471797 (June 25, 2010) (finding that $400 per hour is reasonable for an attorney practicing this area of law in this geographical area)), so Defendant CPS has incurred $ 5,200.00 in responding to Plaintiff's motion to compel.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was signed on August 16, 2013, at Aptos, California.


                         /s/ Timothy Walton
                         Timothy J. Walton

EXHIBIT "A"

## LAW OFFICES OF TIMOTHY WALTON
9515 Soquel Drive Suite #207
Aptos, CA 95003

May 3, 2012

Miles Maguire
Edelson McGuire, LLC
350 North LaSalle, Suite 1300
Chicago, IL 60654

RE: Telephone conversation of May 3, 2012.

Dear Mr. Maguire:

This will confirm that we spoke on the telephone this morning. Credit Payment Services, Inc. accepts the offer you made to David Hutton for a two extension for filing responsive pleadings. The notice of appearance is now on file with the Nevada District Court.

We also discussed the facts of the case, the evidence I have found, and the lack of evidence that you have.

You are now on notice that investigation into public records indicates that Credit Payment Services, Inc. was not the advertiser in the SMS message. Your investigation should have led you to file against net1promotions of Marietta, Georgia, but you insisted that my client must file responsive pleadings in the case and prove that it is not involved in the advertising or any transactions associated with the advertising.

You asserted that unrelated litigation was evidence of my client's acts, but while my client may or may not have made mistakes in other instances, those are irrelevant to the claims made in the instant action.

When I expressed disappointment that you would not hear the results of my factual investigation, you stated that I was "banging my head against a brick wall." Your refusal to consider that the case may not be what you think it is continues to disappoint me, as I would like for practitioners of law to be reasonable and accurate in their pursuit of ultimate justice. I fear that you will not prevail against a true miscreant because you have blinded yourself to reason. But I cannot make you do the right thing.

Please let me know if you change your mind and wish to discuss the facts and evidence in good faith. I can be reached at (831) 685-9800.

Very truly yours,

Timothy J. Walton

Phone: 831-685-9800 * Fax: 650-618-8687 * Web: www.timothywalton.com