**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (admitted *pro hac vice*)
Jeffrey M. Rosenfeld (admitted *pro hac vice*)
Virginia A. Sanderson (admitted *pro hac vice*)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:  (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
ginny@KRInternetLaw.com

**FOX ROTHSCHILD LLP**
John Gutke (NV State Bar No. 10062)
Wells Fargo Tower, Suite 500
3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone:  (702) 262-6899
Facsimile:  (702) 597-5503
jgutke@foxrothschild.com

Attorneys for Defendant Net 1 Promotions, LLC
dba Click Media

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| **FLEMMING KRISTENSEN**, individually and on behalf of a class of similarly situated individuals,<br><br>            Plaintiff,<br><br>     v.<br><br>**CREDIT PAYMENT SERVICES INC.,** a Nevada corporation, f/k/a MYCASHNOW.COM INC., **ENOVA INTERNATIONAL, INC.**, an Illinois corporation, **PIONEER FINANCIAL SERVICES, INC.**, a Missouri corporation, **LEADPILE LLC**, a Delaware limited liability company, and **CLICKMEDIA LLC** d/b/a NET1PROMOTIONS LLC, a Georgia limited liability company,<br><br>            Defendants. | Case No. 2:12-CV-00528-APG (PAL)<br><br>**DEFENDANT NET 1 PROMOTIONS, LLC d/b/a CLICK MEDIA'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |

Case No. 2:12-CV-00528-APG (PAL)         **DEFENDANT CLICK MEDIA'S OPP. TO PLAINTIFF'S MOT. FOR CLASS CERT.**

Defendant Net 1 Promotions, LLC d/b/a Click Media (erroneously named in the complaint as ClickMedia LLC dba Net1Promotions LLC) ("Defendant"), by and through undersigned counsel, hereby opposes Plaintiff Flemming Kristensen's motion for class certification.

While Defendant has joined the other defendants' motion to extend the time to file an opposition to Plaintiff's motion for class certification, [D.E. No. 124], out of an abundance of caution, Defendant submits the following preliminary opposition to Plaintiff's motion. Defendant requests the opportunity to file a supplemental opposition brief after the Court rules on the defendants' request for an extension.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff has alleged that Defendant—or a person acting on behalf of Defendant—sent him two unsolicited text messages. Based on this allegation, Plaintiff has brought a class action against Defendant for violating the Telephone Consumer Protection Act, 47 U.S.C. §227 (the "TCPA"). Plaintiff has now moved the Court to certify the class. Plaintiff's motion fails. Plaintiff has not submitted sufficient evidence to suggest that his lawsuit can be maintained as a class action. To the contrary, Plaintiff's own motion, along with his declarations, reveal that Plaintiff has failed to satisfy nearly every element of Federal Rule 23, as explained below:

- Rule 23(a) requires Plaintiff to demonstrate numerosity through an affirmative evidentiary showing. Here, however, Plaintiff has offered only hearsay evidence about the size of the putative class.
- Rule 23(a) requires Plaintiff to demonstrate commonality and typicality. However, as numerous courts have found, several individualized questions undermine these prerequisites in TCPA claims, including: a) whether different people sent the text messages at issue, b) whether each class member consented to receiving text messages from the sender(s), and c) whether the sender(s) of text messages were agents of Defendant.

Case No. 2:12-CV-00528-APG (PAL)  1  **DEFENDANT CLICK MEDIA'S OPP. TO PLAINTIFF'S MOT. FOR CLASS CERT.**

- Rule 23(a) requires Plaintiff to make an affirmative showing of his adequacy as a class representative. Here, however, other Plaintiff has offered no evidence supporting his adequacy.
- Rule 23(b)(3) requires Plaintiff to demonstrate that a class action is the superior method for adjudicating his claim. However, numerous courts have found that because TCPA claims provide for high statutory damages that dwarf any actual harm, class actions are not appropriate.
- Rule 23(b)(3) requires Plaintiff to make a demanding showing, through an affirmative evidentiary submission, that common issues of fact or law predominate over individual issues. However, as numerous courts have found, in the context of TCPA claims, individual issues predominate, such as whether the recipient of the text consented to receiving it.

Based on all of these deficiencies in Plaintiff's showing, the Court should deny Plaintiff's motion for class certification.

## BACKGROUND

### A. Defendant's Business Model

Defendant is a performance-based marketing company, which matches advertisers with publishers. (Declaration of Jeffrey M. Rosenfeld in Support of Click Media's Opposition to Plaintiff's Motion for Class Certification ¶2 & Ex. A.)[1] Defendant's business model is often referred to as a "publisher network." (Smith Decl. ¶3) As a publisher network, Defendant contracts with publishers to circulate ads on behalf of Defendant's advertiser clients. (Smith Decl. ¶3.) In this context, the term "publisher" refers to a person or business that circulates ads (such as through websites, blogs, or emails) in exchange for commissions for referring sales, leads, and/or traffic to an advertiser's website. (Smith Decl. ¶3) Advertisers use this networked structure because it is not always economical or even feasible for an advertiser to procure and manage

---

[1] Exhibit A to the Rosenfeld Declaration is referred to throughout this opposition as the "Smith Decl."

Case No. 2:12-CV-00528-APG (PAL)　　　2　　　**DEFENDANT CLICK MEDIA'S OPP. TO PLAINTIFF'S MOT. FOR CLASS CERT.**

relationships with the numerous publishers needed to advertise effectively in the online and mobile context. (Smith Decl. ¶4)

Defendant has contracted with numerous publishers to circulate ads on behalf of Defendant's advertiser clients. (Smith Decl. ¶5) However, before a publisher can circulate ads on behalf of Defendant's advertiser clients, the publisher must review and sign Defendant's Online Affiliate Marketing Agreement (the "Marketing Agreement"). (Smith Decl. ¶6 & Ex A.) Among other things, the Marketing Agreement specifically requires the publisher to comply with the TCPA. (Ex. A)

Defendant does not send text messages promoting its own goods or services or the goods or services of third parties. (Smith Decl. ¶7) Thus, Defendant did not send the text message identified in the declaration of Fleming Kristensen. (Smith Decl. ¶8.)

**B. Plaintiff's Allegations**

In his declaration, Plaintiff claims that in December 2012, he received an unsolicited text message. (Declaration of Flemming Kristensen in Support of Plaintiff's Motion for Class Certification [D.E. No. 113-2] ("Kristensen Decl.") *passim.*) Plaintiff claims that he did not consent to receiving the text message. (Krisensen Decl. ¶3.) Based on these facts, Plaintiff has asserted a claim under the TCPA against Defendant and on behalf of himself and a similarly situated class. More specifically, Plaintiff seeks to certify a class of: "All individuals who were sent a text message from telephone numbers '330-564-6316,' '808-989-5389,' and '209-200-0084' from December 5, 2011 through January 11, 2012."

Notwithstanding these few facts contained in the Earle Declaration, Plaintiff has submitted no evidence satisfying the requirements of Rule 23.

- Plaintiff has submitted no evidence that Defendant sent the text messages.
- Plaintiff has submitted no evidence that the sender(s) of the text messages were agents of Defendant.
- Plaintiff has submitted no evidence about the number of senders of the allegedly unlawful text messages.

- Plaintiff has submitted no evidence that any other person received a similar text message under similar circumstances.
- Plaintiff has submitted no evidence, other than pure hearsay, about the number of putative class members.
- Plaintiff has submitted no evidence about how many people who received similar text messages consented to receiving those messages.

### ARGUMENT

The Court should deny Plaintiff's motion for class certification because Plaintiff has failed to satisfy nearly every requirement under Federal Rule 23.  The class action is an exception to the usual rule that litigation should only be conducted by named parties. *See Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013).  To rely on this exception, the party seeking to maintain a class action must affirmatively demonstrate his or her compliance with Rule 23.  *See id.*  Significantly, Rule 23 does not set forth a mere pleading standard.  *See id.*  Rather, a party must be prepared to prove his or her compliance with each of the specific requirements of Rule 23.  *See id.*

First, Rule 23(a) requires the party seeking class certification to demonstrate numerosity, commonality, typicality, and adequacy of representation.  *See Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1191 (2013).  Certification is proper only if the court is satisfied, after a rigorous analysis, that each of these prerequisites has been satisfied.  *See id.*  Moreover, courts must often look beyond the pleadings in analyzing whether Rule 23(a) is satisfied, as the analysis typically involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.  *See Comcast Corp. v. Behrend*, 133 S. Ct. at 1432.

In addition to satisfying the requirements of Rule 23(a), the party seeking certification must also satisfy, through *evidentiary proof*, at least one of the provisions of Rule 23(b).  *See Comcast Corp. v. Behrend*, 133 S. Ct. at 1432.  When the party seeking certification relies on Rule 23(b)(3), the court must find that the questions of fact or law common to class members predominate over questions affecting only individual

1  members, and that a class action is superior to other available methods for fairly and
2  efficiently adjudicating the controversy.  Fed. R. Civ. P. 23(b)(3).  Courts require the
3  same rigorous showing under Rule 23(b)(3) as required under Rule 23(a).  *See id.*  If
4  anything, Rule 23(b)(3)'s predominance requirement is even more demanding than Rule
5  23(a).  *See id.*

6  The party seeking class certification bears the burden of proof on all certification
7  issues.  *See Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 *opinion
8  amended on denial of reh'g,* 273 F.3d 1266 (9th Cir. 2001).  As discussed below, Plaintiff
9  has failed to satisfy nearly every requirement of Rule 23(a) and 23(b)(3).

10  **1.  Plaintiff has only submitted hearsay evidence that the putative class is
11  numerous.**

12  To satisfy Rule 23(a)(1), a party seeking to certify a class must demonstrate the
13  class is so numerous that joinder of all members is impracticable.  Fed. R. Civ. P.
14  23(a)(1); *see Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 648 (C.D. Cal. 1996).  While a
15  finding of numerosity can be based on reasonable inferences, those inferences cannot
16  be conclusory or speculative.  *See id.; Mortimore v. F.D.I.C.*, 197 F.R.D. 432, 436 (W.D.
17  Wash. 2000).

18  Here, Plaintiff has only submitted a hearsay declaration by Plaintiff's law firm,
19  describing the numerosity of the class.  (Declaration of Shawn C. Davis in Support of
20  Plaintiff's Motion for Class Certification [D.E. 113-3] ("Davis Decl.") *passim*).  Davis
21  describes data that he supposedly received from T-Mobile.  However, Plaintiffs did not
22  submit this data with their motion.  While Plaintiff is entitled to reasonable inferences in
23  establishing numerosity, he is not entitled to summarize the only supposed evidence
24  without disclosing that evidence.  Thus, Plaintiff's motion fails as to numerosity.   .

25  **2.  As numerous courts have held, individual questions of fact undercut the
26  commonality requirement for TCPA claims.**

27  Rule 23(a)(2) requires the plaintiff to demonstrate that questions of law or fact are
28  common to the class.  Commonality does not merely refer to the raising of common



Case No. 2:12-CV-00528-APG (PAL)     5     **DEFENDANT CLICK MEDIA'S OPP. TO PLAINTIFF'S MOT. FOR CLASS CERT.**

questions, even if such questions occur in droves; rather, commonality refers to the capacity of a class-wide proceeding to generate common answers that will drive the resolution of the litigation. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Dissimilarities within the proposed class may impede such common answers and weigh heavily against class certification. *See id.* Thus, it is insufficient for plaintiffs merely to assert a string of common questions without demonstrating how resolution of these questions will evidence common injury. *See Bennett v. Hayes Robertson Grp., Inc.*, 880 F. Supp. 2d 1270, 1279 (S.D. Fla. 2012).

In analyzing class claims brought under the TCPA, courts throughout the country have found that individual questions of fact undermine commonality. In relevant part, the TCPA makes it unlawful for a person: a) to make a call, b) without the prior express consent of the called party, c) using an automatic telephone dialing system, d) to any telephone number assigned to a cellular telephone service. 47 U.S.C. §227(b)(1). Where the defendant itself did not make the call at issue, the plaintiff must demonstrate that the maker of the call was an agent of the defendant to establish liability under the TCPA. *See Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012).

Courts have found that commonality does not exist for TCPA claims for two primary reasons. First, if a class were certified for a TCPA claim, courts would have to inquire into whether individual class members consented to the receipt of the calls at issue. Second, courts would have to inquire into who transmitted which call to each individual class member, particularly when an agency theory of liability is at issue. Below is a sampling of these cases:[2]

//

---

[2] The below-referenced cases include state cases, where the state class certification rules parallel Federal Rule 23. Moreover, the below-referenced cases include both: a) cases where certification was denied based on a lack of commonality under Rule 23(a)(2), and b) cases where certification was denied after finding that questions of law or fact common to class members did not predominate over questions affecting only individual members under Rule 23(b)(3). Given the substantial overlap between these two requirements, this brief refers to these cases together in this section. *See Parra v. Bashas', Inc.*, 291 F.R.D. 360, 390 (D. Ariz. 2013).

- *Kenro, Inc. v. Fax Daily, Inc.*, 962 F. Supp. 1162, 1169-70 (S.D. Ind. 1997) (denying motion for class certification for TCPA claim because court would have to conduct individual inquiries into whether class members consented to receive faxes).
- *Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 403 (E.D. Pa. 1995) (denying motion for class certification based on lack of commonality where court would have to analyze transmission of faxes to each class member).
- *Gene And Gene LLC v. BioPay LLC*, 541 F.3d 318, 329 (5th Cir. 2008) (denying class certification for claim under the TCPA where issue of consent could not be established via class-wide proof);
- *Vigus v. S. Illinois Riverboat/Casino Cruises, Inc.*, 274 F.R.D. 229, 237-38 (S.D. Ill. 2011) (denying class certification for claim under TCPA where individualized investigation would be needed to determine whether class members consented to calls).
- *Sadowski v. Med1 Online, LLC*, No. 07 C 2973, 2008 WL 489360, at *3 (N.D. Ill. Feb. 20, 2008) (denying class certification based on lack of commonality in TCPA claim).
- *Livingston v. U.S. Bank, N.A*, 58 P.3d 1088, 1090-91 (Colo. Ct. App. 2002) (denying class certification based on lack of commonality in TCPA claim where individual issues, such as whether each recipient gave prior express consent, predominated over common issues).[3]

---

[3] *See also, Frickco Inc. v. Novi BRS Enterprises, Inc.*, No. 10-10626, 2011 WL 3329480, at *passim (E.D. Mich. Aug. 3, 2011) (denying motion for reconsideration of denial of class certification where individual inquiry of class members' consent would be required to determine liability under TCPA); *Sal's Glass Co., LLC v. Duplicating Methods Co.*, No. HHDCV106016006S, 2013 WL 1407500, *4-5 (Conn. Super. Ct. Mar. 11, 2013) (denying class certification for TCPA claim because claim involved significant individualized questions of law and fact that undermined commonality); *G.M. Sign, Inc. v. Brink's Mfg. Co.*, No. 09 C 5528, 2011 WL 248511, at *8-10 (N.D. Ill. Jan. 24, 2011) (denying certification where plaintiff failed to demonstrate predominance of common questions of fact or law for TCPA claim); *Top Craft, Inc. v. Int'l Collection Servs.*, 258 S.W.3d 488, 491 (Mo. Ct. App. 2008) (reversing trial court's order granting class certification because key

Here, Plaintiff has made no showing that allowing this action to proceed on a class-wide basis would generate common answers to questions of liability under the TCPA. To the contrary, Plaintiff's evidence indicates that the Court would need to conduct individual inquiries into the following key issues: a) who sent each text messages to each putative class member, b) whether each putative class member consented to receiving text messages from Defendant or the sender of the texts, and c) if a class member received a text message "on behalf of Defendants," (FAC ¶40) whether the sender of that text message was acting as Defendant's agent. *See Thomas*, 879 F. Supp. 2d at 1084 (requiring agency relationship for vicarious liability under TCPA).

Because Plaintiff has made no showing of commonality as to these central elements of any TCPA claim, the Court must deny his motion for class certification.

### 3. In the context of a TCPA claim, individual issues make it impossible for any plaintiff to demonstrate typicality.

Under Federal Rule 23(a)(3), a plaintiff must demonstrate that his claims are typical of the claims the class. The typicality test centers on whether other members of the putative class have the same or similar injury, whether the action is based on conduct which is not unique to the named class plaintiff, and whether other class members have been injured by the same course of conduct. *See Hanon v. Dataproducts Corp.*, 976

---

TCPA liability issue included whether call or fax was solicited, and defining class to include "unsolicited" faxes triggered prohibited individualized merit determination); *Blitz v. Xpress Image, Inc.*, No. 05 CVS 679, 2006 WL 2425573, at *6-7 (N.C. Super. Aug. 23, 2006) (denying class certification for TCPA claim where individual inquiry into call recipients' consent was unavoidable); *Carnett's, Inc. v. Hammond*, 610 S.E.2d. 529, *passim* (Ga. 2005) (affirming denial of class certification based on a lack of commonality for TCPA claim); *Kim v. Sussman*, No. 03 CH 07663, 2004 WL 3135348, at *2 (Ill. Cir. Ct. Oct. 19, 2004) (denying motion for class certification because in TCPA context, individual issues of class members' lack of consent predominated); *Kondos v. Lincoln Prop. Co.*, 110 S.W. 3d 716, 721-22 (Tex. App. 2003) (reversing class certification for TCPA claim where individual issues of class members' consent predominated, and class could not be certified despite many common questions of law); *Clean Carton Co. v. 24 Hour Fitness USA, Inc.*, 01CC-002993, 2002 WL 33404982 (Mo. Cir. Ct. Sept. 25, 2002) (denying class certification of TCPA claim because common questions of law or fact did not predominate).

F.2d 497, 508 (9th Cir. 1992). In other words, typicality measures whether a sufficient nexus exists between the claims of the representative plaintiff and those of the class at large. *See Piva v. Xerox Corp.*, 70 F.R.D. 378, 388 (N.D. Cal. 1975). Typicality differs from commonality in that it focuses on the representative plaintiff's individual characteristics in comparison to the proposed class.

As discussed above, lack of commonality based on individual issues of fact (e.g. the class members' consent) make certification inappropriate. Several courts have found that these same individual issues make it impossible for a TCPA plaintiff to demonstrate typicality under Rule 23(a)(3). *See Forman*, 164 F.R.D. at 404 (finding no typicality for TCPA claim where proof of plaintiff's claims would not necessarily prove all of proposed class members' claims); *Kenro, Inc.*, 962 F. Supp. at 1169 (finding no typicality because each putative class member would have to prove lack of consent); *Local Baking Products, Inc. v. Kosher Bagel Munch, Inc.*, 23 A.3d 469, 476 (N.J. App. Div. 2011) (expressing doubts as to whether the plaintiff could satisfy typicality requirement); *Sal's Glass Co., LLC*, 2013 WL 1407500 at *5. (finding that plaintiff had failed to establish typicality for TCPA claim where he failed to define a common class on fundamental issue of liability).

Here, Plaintiff has failed to establish typicality for multiple reasons. First, Plaintiff has not established that his lack of consent to receiving text messages from Defendant would be typical for other class members. Second, Plaintiff has not established that the sender of the text message to him was the same person who sent text messages to other putative class members. Finally, to the extent the senders of the texts differ among the class members, Plaintiff has not established that each sender was an agent of Defendant, as is necessary to impose vicarious liability. Because each of these facts is critical to a TCPA claim, Plaintiff has not adequately demonstrated typicality and his motion should be denied.

//

//

### 4. Plaintiff has offered no evidence of his adequacy to serve as a class representative.

Rule 23(a)(4) requires a plaintiff to demonstrate that he will fairly and adequately protect the interests of the class. The determining factor in the adequacy analysis is the forthrightness and vigor with which the representative plaintiff will assert and defend the interests of the members of the class. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). The adequacy analysis encompasses two separate inquires: a) whether any substantial conflicts of interest exist between the representative and the class; and b) whether the representative will adequately prosecute the action. *See id.* The representative plaintiff bears the burden of establishing his adequacy. *Kamar v. Radio Shack Corp.*, 254 F.R.D. 387, 396 (C.D. Cal. 2008) *aff'd sub nom. Kamar v. RadioShack Corp.*, 375 F. App'x 734 (9th Cir. 2010).

Here, Plaintiff has offered no evidence that he will adequately protect the interests of the other class members. Nor has Plaintiff provided any evidence about potential conflicts. Plaintiff has not described any effort he has undertaken to determine whether a conflict exists. Plaintiff provides no evidence that he understands what his responsibilities might be. Plaintiff does not describe any efforts he has undertaken to educate himself about his responsibilities.

It is Plaintiff's burden to demonstrate that he will be an adequate class representative. Regardless of whether Plaintiff would in fact serve as an adequate representative, Plaintiff has failed to meet his burden of demonstrating his adequacy.

### 5. Courts have routinely found that class actions are not a superior method for adjudicating TCPA claims.

Plaintiff relies on Rule 23(b)(3) in seeking class certification. Among other things, Rule 23(b)(3) requires the plaintiff to establish that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The focus of the superiority analysis is on the relative advantages of a class action suit over other forms of litigation that might be realistically available to the plaintiff. *See Hanlon v. Chrysler Corp.*,

150 F.3d 1011, 1023 (9th Cir. 1998). Specifically, in analyzing superiority, a court must ask whether there is a better method for handling the dispute than through a class action. *See id.*

With respect to TCPA claims, the statutory language and the legislative history demonstrate that a class action is not a superior method for adjudicating claims. Class actions are generally appropriate where individual plaintiffs have small claims, which, in isolation, are too small to warrant recourse to litigation. *See Protectmarriage.Com v. Bowen*, 262 F.R.D. 504, 508-09 (E.D. Cal. 2009). In such instances, the class action device equalizes the plaintiffs' ability to advocate their position. *See Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1192 *opinion amended on denial of reh'g,* 273 F.3d 1266 (9th Cir. 2001). In other words, class actions remedy the incentive problem for plaintiffs who seek only a small recovery. *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 617 (1997) (quoting *Mace v. Van Ru Credit Corp.,* 109 F.3d 338, 344 (1997)).

In contrast to a claim that only allows for a small recovery, the TCPA allows a plaintiff to recover up to $1,500 per call in statutory damages—a sum considerably in excess of any actual damages. *See Local Baking Products, Inc.*, 23 A.3d at 474. In other words, with the TCPA, Congress presented an aggrieved party with a significant incentive to litigate his or her claim without the need to bring a class action. *See id.* Congress expressly struck a balance that was designed to be fair both to the recipient and the transmitter of a call, believing that allowing an individual to file an action in small claims court to redress the nuisance of unsolicited calls and to recover up to $1,500 per call was an adequate incentive to address what is at most a minor intrusion into an individual's daily life. *See Kim v. Sussman*, No. 03 CH 07663, 2004 WL 3135348, at *2 (Ill. Cir. Ct. Oct. 19, 2004). To engraft on this statutory scheme the possibility of private class actions, with potential recoveries in the millions of dollars, would be fundamentally unfair and inconsistent with the nature of the harm that Congress attempted to redress with the TCPA. *See id.* Based on this analysis, several courts have found that class actions are not a superior method for adjudicating TCPA claims. *See, e.g.*, *Forman*, 164

Case No. 2:12-CV-00528-APG (PAL)     11     **DEFENDANT CLICK MEDIA'S OPP. TO PLAINTIFF'S MOT. FOR CLASS CERT.**



1  F.R.D. at 404; *Local Baking Products, Inc.*, 23 A.3d at 474; *Kim*, 2004 WL 3135348, at
2  *2; *Freedman v. Advanced Wireless Cellular Commc'ns, Inc.*, No. SOM-L-611-02, 2005
3  WL 2122304, at *2-3 (N.J. Super. Ct. Law Div. June 24, 2005); *Applestein v. Fairfield
4  Resorts*, No. 09-2007-0004, 2009 WL 5604429, *10-11 (Md. Ct. Spec. App. July 8,
5  2009).

6      The same analysis applies here. Plaintiff seeks "a minimum of $500 in damages
7  for each violation of" the TCPA. Moreover, Plaintiff does not allege—nor could he—that
8  he was damaged by the receipt of the Text Messages. While Congress provided Plaintiff
9  the right to seek up to $1,500 for his receipt of a text message, Congress did not intend
10  to allow Plaintiff to bring a multi-million dollar class action based on what was at most a
11  minor nuisance. Because proceeding with a class action is not a superior method for
12  adjudicating Plaintiff's TCPA claim, the Court should deny Plaintiff's motion for class
13  certification.

14      **6.  Plaintiff has not demonstrated that common questions predominate over
15  questions affecting only individual class members.**

16      In addition to demonstrating superiority, a plaintiff relying on Rule 23(b)(3) must
17  demonstrate that questions of law or fact common to the class members predominate
18  over any questions affecting only individual members. *See In re Wells Fargo Home
19  Mortgage Overtime Pay Litig.*, 571 F.3d 953, 957 (9th Cir. 2009). Where, after
20  adjudication of the class-wide issues, a plaintiff would still need to introduce significant
21  individualized proof or argue a number of individualized legal points to establish most or
22  all of the elements of his individual claims, such claims are not suitable for class
23  certification under Rule 23(b)(3). *See Avilez v. Pinkerton Gov't Servs.*, 286 F.R.D. 450,
24  466 (C.D. Cal. 2012). While the predominance inquiry overlaps with the commonality
25  inquiry of Rule 23(a), the predominance inquiry is "far more demanding," and the plaintiff
26  must satisfy it through an affirmative evidentiary showing.

27      Numerous courts have found that individual issues predominate in TCPA claims,
28  thereby preventing certification under Rule 23(b)(3). *See, e.g., Gene And Gene LLC*,

541 F.3d at 326 (denying certification of TCPA claim based on lack of predominance under Rule 23(b)(3)); *Kenro, Inc.*, 962 F. Supp. at 1169 (same); *Vigus*, 274 F.R.D. at 237-38 (same); *Forman*, 164 F.R.D. at 404 (same); *G.M. Sign, Inc.*, 2011 WL 248511, at *7-9 (same); see also supra Part B.2 at n.2.

As with these cases, Plaintiff has failed to meet his burden of showing that common issues predominate. Specifically, in adjudicating Plaintiff's proposed class action, the Court would need to conduct individual inquiries into the following issues: a) who sent each text message at issue to each putative class member, b) whether each putative class member consented to receiving text messages from Defendant or the sender, and c) if a class member received a text message from a person other than Defendant, whether the sender of that text message was acting as Defendant's agent. *See Thomas*, 879 F. Supp. 2d at 1084.

Plaintiff's case law does not change this analysis. In these cases, the plaintiffs had submitted evidence to the court demonstrating that all of the putative class members had received the calls under the exact same circumstances, where the issue of consent could be resolved on a class-wide basis. *See, e.g.*, *Agne v. Papa John's Int'l*, 286 F.R.D. 559, 567 (W.D. Wash. 2012) (finding that Rule 23(b)'s predominance inquiry satisfied where the question of whether the process of ordering pizza constituted consent to receive future texts could be answered on class-wide basis);

In direct contrast to these cases, Plaintiff has offered no evidence that the putative class members received text messages in the same, uniform manner or as the result of the same, uniform process. Additionally, Plaintiff has offered no evidence about whether the texts at issue were sent by the same person. Plaintiff has offered no evidence that the sender(s) of the texts obtained class members' phone numbers through the same process, or what that process was. Plaintiff has offered no evidence about whether class members withheld their consent to receive texts in the same manner and how Defendant or the sender(s) of the texts disregarded that declination. Finally, Plaintiff has offered no evidence about whether all of the senders of the text messages were agents of



1  Defendant. While in certain circumstances these individual questions could be minimized
2  by a plaintiff's evidentiary showing of uniform facts as to each class member, Plaintiff has
3  made no such showing here.
4      In summary, because individual questions of fact and law predominate over any
5  common questions, Plaintiff has not satisfied his burden under Rule 23(b)(3).

## CONCLUSION

7      For all the reasons set forth above, the Court should deny Plaintiff's motion for
8  class certification.

10  Respectfully submitted,

11  DATED: November 18, 2013    KRONENBERGER ROSENFELD, LLP

13      By:   s/ Jeffrey M. Rosenfeld
14          Jeffrey M. Rosenfeld

15  Attorneys for Defendant Net 1 Promotions, LLC dba Click Media



**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2013, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send notification of such filing to all counsel of record electronically.

                                              KRONENBERGER ROSENFELD, LLP

                                              By:   s/ Jeffrey M. Rosenfeld
                                                               Jeffrey M. Rosenfeld