LAW OFFICES OF JOHN BENEDICT
John Benedict, Esq. (Nevada Bar No. 005581)
2190 E. Pebble Road, Suite 260
Las Vegas, Nevada 89123
Telephone: (702) 333-3770
Facsimile: (702) 361-3685
Email: john.benedict.esq@gmail.com

EDELSON LLC
Ryan D. Andrews (*pro hac vice*)
randrews@edelson.com
John C. Ochoa (*pro hac vice*)
jochoa@edelson.com
David D. Dale (*pro hac vice*)
ddale@edelson.com
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

*Attorneys for Plaintiff Flemming Kristensen*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| FLEMMING KRISTENSEN, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT PAYMENT SERVICES INC., a Nevada corporation, f/k/a MYCASHNOW.COM INC., ENOVA INTERNATIONAL, INC., an Illinois corporation, PIONEER FINANCIAL SERVICES, INC., a Missouri corporation, LEADPILE LLC, a Delaware limited liability company, and CLICKMEDIA LLC d/b/a NET1PROMOTIONS LLC, a Georgia limited liability company,<br><br>Defendants. | Case No. 2:12-CV-00528-APG-PAL<br><br>CLASS ACTION<br><br>**PLAINTIFF'S REPLY TO CLICK MEDIA'S OPPOSITION TO CLASS CERTIFICATION**<br><br>Hon. Andrew P. Gordon<br><br>Magistrate: Hon. Peggy A. Leen |

Defendant Click Media opposes[1] class certification by citing to a handful of cherry-picked decisions where certification was denied in a TCPA class action and by studiously ignoring the evidence Plaintiff presents demonstrating the propriety of the relief he seeks under Rule 23. It is true; class certification decisions in TCPA cases can go both ways. In those instances where certification is denied, however, the decision comes only after the defendants present <u>evidence</u> that some members of the proposed class consented to receive the call or fax at issue, thus forcing individualized inquiry into the proof of that affirmative defense. Plaintiff faces no such obstacle here, as neither Click Media nor any of its co-Defendants have offered even a scintilla of evidence that any proof of consent exists. Instead, Click Media offers up only the *possibility* that consumers consented to these messages, while also trying to shift the focus toward pure merits issues involving vicarious liability, which need not be decided at this stage. Under the present circumstances—and unlike the cases Click Media relies on—class certification is routinely granted and should be here.

## ARGUMENT

### I. The Standards for Class Certification Were Not Changed by Recent Supreme Court Decisions

Click Media, through selective citation to the Supreme Court's recent decision in *Comcast v. Behrend*, ––U.S. ––––, 133 S. Ct. 1426 (2013), argues that certification must be denied because (i) Plaintiff has failed to file with this Court trial-admissible evidence that demonstrates that the requirements of Rule 23 are met; (ii) merits issues of vicarious liability preclude class certification;

---

[1] Click Media is the only Defendant that has chosen to abide by the Local Rules and file a timely opposition to Plaintiff's Motion for Class Certification. Responses to Plaintiff's Motion were due on November 18, 2013. On November 14, 2013, two business days before responses were due, Defendants filed a Joint Motion to Extend Time to File a Response to Plaintiff's Motion For Class Certification. (Dkt. 123.) In it, Defendants claim to need over two months to conduct "class discovery," even though all parties expressly agreed to conduct class discovery between May 21, 2013, and October 31, 2013. (*See* dkt. 93, pgs. 3-4.) On November 19, 2013, Defendants filed a "Reply" to their Motion to Extend Time, in which they claim that the "current due date [for Defendants opposition to Plaintiff's Class Certification Motion] is today, November 18, 2013," and further state that "[o]ut of caution, and to preserve their arguments, Defendants oppose Plaintiff's Motion for Class Certification through this filing." Defendants were never granted an extension of time to respond before the November 18 deadline, and even the "Opposition" that they claim to have lodged on November 19 was late. Failure to timely oppose a motion constitutes consent to the granting of the motion. *Kemp v. Nevada*, No. 3:09-cv-00529 RCJ-RAM, 2010 WL 4974569, at *4 (D. Nev. Nov. 29, 2010).

and (iii) that the *lack* of evidence of its own affirmative defenses prevents certification. Putting aside that Click Media simply ignores the evidence submitted by Plaintiff in support of class certification, it misstates the applicable standards under Rule 23.

The Supreme Court's *Comcast* holding "came from its assumption, uncontested by the parties, that Rule 23(b)(3) requires that damages must be measurable based on a common methodology applicable to the entire class in antitrust cases." *Harris v. ComScore, Inc.*, 292 F.R.D. 579, 589 n.9 (N.D. Ill. 2013). The Courts that have considered the holding "concur that the *Comcast* ruling does not break any new grounds under the Rule 23 analysis." *Munoz v. PHH Corp.*, No. 08-CV-0759-AWI-BAM, 2013 WL 2146925 at *24 (E.D. Cal. May 15, 2013) (collecting cases).[2]

Accordingly, when analyzing whether Plaintiff has met his burden to show that the requirements of Rule 23 are satisfied, "a court is to 'analyze[ ] the allegations of the complaint and the other material before [the court],' *i.e.,* 'material sufficient to form reasonable judgment on each [Rule 23] requirement.'" *Buchanan v. Homeservices Lending LLC.,* No. 11-CV-0922 L MDD, 2013 WL 1788579, at *2 (S.D. Cal. Apr. 25, 2013) (quoting *Blackie v. Barrack,* 524 F.2d 891, 900–01 (9th Cir. 1975) (noting further that a court is to take the substantive allegations in the complaint as true)). In fact, as the Supreme Court recently emphasized in *Amgen Inc. v. Connecticut Retirement Plans and Trust Funds,* "Rule 23(b)(3) requires a showing that *questions common to the class predominate*, not that those questions will be answered, on the merits, in favor of the class." 133 S. Ct. 1184, 1191 (2013) (emphasis in original); *see also In re High-Tech Employee Antitrust Litig.*, 289 F.R.D. 555, 564 (N.D. Cal. 2013).

While this "court's class-certification analysis must be 'rigorous' and may 'entail some overlap with the merits of the plaintiff's underlying claim,' Rule 23 grants courts no license to

---

[2] *Comcast* has even less relevance here given that damages for each member of the proposed class are set by statute, obviating the need for any expert methodology in order to calculate damages. *See Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013) (finding in a TCPA class action that the "loss, and the statutory remedy, are the same for all recipients; the sort of problem that prevented class certification in *Comcast Corp. v. Behrend*, ——U.S. ——, 133 S. Ct. 1426, 185 L.Ed.2d 515 (2013), does not arise.")

engage in free-ranging merits inquiries at the certification stage." *Amgen,* 133 S. Ct. at 1194-95 (internal citations omitted). Thus, "merits questions may be considered to the extent—but only to the extent—that they are relevant to determine whether the Rule 23 prerequisites for class certification are satisfied." *Id*. at 1194–95; *see also Comcast,* 133 S. Ct. 1426. This Court should likewise decline Click Media's request to engage in a free-ranging inquest into the merits here.

## II. The Numerosity Requirement Is Satisfied Because Evidence Shows the Class Contains 98,779 Individuals

Plaintiff's initial burden requires him to "show some evidence of or reasonably estimate the number of class members," *Munoz*, 2013 WL 2146925, at *9. The proposed Class consists of 98,779 individuals who received Defendants' unsolicited text messages, as identified by three T-Mobile call detail records ("T-Mobile Lists") indicating the receipt of such text messages. Selected excerpts of these lists are attached to the Declaration of John C. Ochoa as Exhibit 1. Click Media cannot, and does not challenge the obvious: a class of this magnitude is so numerous that joinder would be impracticable, if not impossible. Nor does Click Media deny that the T-Mobile Lists, which were produced in discovery and have been in its possession for months, are authentic.[3] Instead, Click Media claims that the evidence is hearsay,[4] because Plaintiff did not file the T-Mobile Lists, which consist of thousands of pages of consumers telephone numbers, with the Court via CM/ECF. (Def. Opp. at 5.) This is, of course, absurd.

---

[3]   An objection to the failure to authenticate documents produced in discovery, without a challenge to the authenticity of the documents themselves, provides no basis to exclude the documents. *Salkin v. United Servs. Auto. Ass'n*, 835 F. Supp. 2d 825, 828 (C.D. Cal. 2011) *citing Maljack Prods., Inc. v. GoodTimes Home Video Corp.,* 81 F.3d 881, 889 n.12 (9th Cir. 1996)).

[4]   Through its objections, Click Media asks the Court to apply the same level of evidentiary scrutiny at the class certification stage as it would if this evidence were being offered at trial. However, "[u]nlike evidence presented at a summary judgment stage, evidence presented in support of class certification need not be admissible at trial." *Curtis v. Extra Space Storage, Inc.,* No. C 13-00319 WHA, 2013 WL 6073448, at *5 (N.D. Cal. Nov. 18, 2013); *Amalgamated Transit Union Local 1309 v. Laidlaw Transit Servs., Inc.*, No. 05-CV-1199-IEGCAB, 2010 WL 582134, at *3 n.3 (S.D. Cal. Feb. 11, 2010). Regardless, as discussed *infra*, Plaintiff's evidence meets both standards and is properly considered in support of Plaintiff's Motion.

As set forth by the declaration of Plaintiff's counsel, Plaintiff obtained these lists from T-Mobile in response to two separate subpoenas. (*See* Declaration of John C. Ochoa, Dkt. 113-1 ¶ 10). The production of these lists in response to a subpoena, by itself, is enough to authenticate the evidence. *See In re SK Foods, L.P.*, No. 09-29162-D-11, 2011 WL 10723414, at *29 (Bankr. E.D. Cal. Oct. 11, 2011); *see also Minemyer v. R-Boc Representatives, Inc.*, No. 07–C-1763, 2012 WL 379904, at *2 (N.D. Ill. Feb. 6, 2012) ("the report was produced in response to a subpoena issued several years ago by the plaintiff . . . . That alone is sufficient authentication."). In fact, documents produced in response to discovery requests are typically considered authentic and admitted into evidence. *Sadeh v. Venetian Casino Resort, LLC*, 2:10-CV-02224-KJD, 2012 WL 3065442, at *4 (D. Nev. July 27, 2012).

Not only that, but Plaintiff's "failure" to lodge the approximately 3,700[5] pages of these three lists with the Court does not render this evidence hearsay. Plaintiff provided a summary of the cellular phone numbers appearing on the T-Mobile lists after authenticating those lists, which are in the possession of Click Media and its co-Defendants. Federal Rule of Evidence 1006 allows for summaries of voluminous evidence. *See Assurance Co. of Am. v. Nat'l Fire & Marine Ins. Co.*, No. 09-CV-1182 JCM PAL, 2012 WL 1970017, at *5 (D. Nev. June 1, 2012). This is sufficient to overcome Click Media's claims of hearsay. Finally, Click Media has not even attempted to present anything whatsoever contradicting Plaintiff's evidence regarding the size of the proposed Class,[6] and the Court should conclude that numerosity has been satisfied.

---

[5] Local Rule 10-3 says that exhibits shall not be "unnecessarily voluminous." In fact, if Plaintiff were to lodge the T-Mobile Lists with the Court, it would result in over fourteen, 250-page volumes of exhibits. While Plaintiff believes that in situations like this a summary of the evidence is preferable, he is willing to lodge these documents with the Court (or submit them to the Court on a flash drive), if the Court would like to examine the T-Mobile Lists.

[6] Click Media cannot challenge Plaintiff's evidence with speculation; rather, it must come up with evidence of its own. *See Hester v. Vision Airlines, Inc.*, No. 09-CV-00117-RLH-RJJ, 2009 WL 4893185, at *3 (D. Nev. Dec. 16, 2009) *aff'd*, 687 F.3d 1162 (9th Cir. 2012) ("In light of the evidence brought forth by [plaintiff] and the fact that [defendant] has not provided any evidence in rebuttal, the Court finds [plaintiff] has satisfied the numerosity requirement").

### III. Plaintiff Has Satisfied the Commonality, Typicality, and Predominance Prongs of Rule 23, and Click Media Presents no Evidence to the Contrary

Click Media attacks Plaintiff's satisfaction of Rule 23's commonality, typicality, and predominance requirements through two equally flawed arguments. First, Click Media argues that Plaintiff must prove certain elements of his case-in-chief at the class certification stage; namely, that Plaintiff must prove (1) who sent the text messages to each class member, and (2) whether the sender of the text message was acting as Click Media's agent. (Def. Opp. at 8.) As noted above, this is not the law: Plaintiff is only required to present evidence that common questions exist and that such questions predominate over individual issues. *Amgen*, 133 S. Ct. at 1191 (2013). Plaintiff has done so with evidence adduced in this case.

Click Media's other overarching argument is that individualized issues involving consent to receive the text messages at issue defeats commonality and predominates over individual issues. Click Media's "consent" argument, however, is a hypothetical one—it presents no specific evidence that Plaintiff or anyone else consented to receive the text messages at issue. Hypothetical arguments about consent are insufficient as a matter of law to defeat class certification in the Ninth Circuit. *Meyer v. Portfolio Recovery Assoc.*, LLC, 707 F.3d 1036, 1042 (9th Cir. 2012) *cert. denied*, 133 S. Ct. 2361 (2013). Plaintiff presents evidence that neither the Plaintiff nor Class Members consented to these messages and, regardless, any issues surrounding consent can be determined "in one stroke."

#### A. Click Media's Improper Merits Arguments do Not Affect Class Certification Issues

Defendant argues that in order to satisfy commonality typicality, and predominance, Plaintiff must show that Click Media can be vicariously liable for the text message transmissions in this case, and to do so he must present evidence showing (1) who transmitted the text messages to the class, and (2) Click Media's relationship with the sender of these text messages. This argument makes no sense, as Plaintiff already presented evidence that identifies the transmitter of the text messages as AC Referral Systems LLC, who contracted directly with Click Media. (*See* Dkt. 133-1, ex. C, ¶¶ 3-4; ex. E at 9-10.) The problem with Click Media's argument, and one that pervades its Opposition, is that its entire brief is cut-and-paste from a document filed by Click

Media in other litigation involving its illicit text messaging. *See Earle v. Net 1 Promotions LLC*, No. 2013-cv-00673 (N.D. Ga. 2013), dkt. 10. In fact, Click Media even refers to the Plaintiff in <u>this</u> case as "Earle," not Kristensen. (Def. Opp. pg. 3.)

The more fundamental problem with Click Media's argument is that it is based on an incorrect legal position. Click Media repeatedly cites to *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079 (C.D. Cal. 2012), for the proposition that Plaintiff must prove Click Media's liability through vicarious liability principles to satisfy Rule 23. But at this stage, Plaintiff only needs to present evidence that common questions exist and that they can be answered for the Class as a whole. *See Amgen*, 133 S. Ct. at 1191. In *Amgen*, the Supreme Court made clear that

> Rule 23(b)(3) does not require a plaintiff seeking class certification to prove that each element of [his] claim [is] susceptible to class proof . . . . What the rule does require is that common questions predominate over any questions affecting only individual [class] members.

*Id.* at 1196 (internal quotations and citations omitted). And, as discussed previously, courts should not inquire into the merits of a case unless doing so is necessary to resolve certification questions. *Id.* at 1194-95; *Parra v. Bashas', Inc.*, 291 F.R.D. 360, 368 (D. Ariz. 2013); *Lee v. Stonebridge Life Ins. Co., et al.*, 289 F.R.D. 292, 294 (N.D. Cal. 2013).

Equally important is that several courts have already rejected Click Media's specific arguments regarding Plaintiff's obligation to demonstrate vicarious liability at the class certification stage. *See, e.g., Agne v. Papa John's Intern., Inc.*, 286 F.R.D. 559, 568 (W.D. Wash. 2012) (finding that the issue of a defendant's vicarious liability under the TCPA is a merits question to be resolved later, and that it can be determined based on common proof); *Lee*, 289 F.R.D. at 294 (holding that "the availability of [vicarious liability as] a defense, as a legal or factual matter, does not turn on any issues specific to individual class members," and "to the extent the facts and the law might not support imposing liability for the conduct of [defendants], that determination can be made as to the class as a whole.").

Here, vicarious liability under the TCPA will be determined by examining Defendants' relationships with one another, and their knowledge of, control over, and acceptance of benefits from the text message transmissions. (*See* dkt. 113 at 13-16.) Click Media's liability in this case

will be determined based on (1) the nature of its relationship with text message transmitter AC Referral Systems and (2) its knowledge of the text message transmissions and acceptance of the benefits flowing from those transmissions. (*Id.*)  Defendant's interactions with individual class members do not factor into this analysis, and as such, its liability is a question capable of class-wide resolution.  *See Lee*, 292 F.R.D. at 294-95.

### B. Click Media Presents no Evidence that any Class Member Provided Prior Express Consent to any Defendant, and Plaintiff Presents Common Contentions Well-Suited for Class-Wide Resolution

Click Media's second argument against the commonality, typicality, and predominance prongs of class certification is a well-worn one in TCPA class action litigation—that individualized issues surrounding a defendant's affirmative defense of consent render class treatment ineffective.  But Click Media cannot describe why this argument should be applicable in the instant case.  Rather, Click Media rests its arguments on one page of string citations to cases where class certification has been denied based on individualized issues of consent.  All of these cases, and Click Media's arguments, are distinguishable on two grounds: (1) in those cases, specific evidence was presented showing why consent was an individualized issue, and (2) the plaintiffs in those cases failed to present a theory of how the consent issue was capable of class-wide resolution.  Neither is true here.

The most fundamental flaw with Click Media's argument is that it presents no evidence of its own showing why individual issues of consent defeat commonality or predominance.  "Express consent" is not an element of a plaintiff's *prima facie* TCPA case, but rather is an affirmative defense for which the defendant bears the burden of proof.  *Grant v. Capital Mgmt. Servs., L.P.*, 449 F. App'x 598, 600 n. 1 (9th Cir. 2011); *Connelly v. Hilton Grand Vacations Co., LLC*, No. 12-cv-599 JLS (KSC), 2012 WL 2129364, at *3 (S.D. Cal. June 11, 2012) (collecting authorities).  That the burden regarding prior express consent lies with the defendant at the class certification stage was recently made clear by the Ninth Circuit in *Meyer*, as the Court highlighted the defendant's inability "to show a single instance where express consent was given" to conclude that consent was a common question.  707 F.3d at 1042.

To defeat a TCPA class certification motion based on individual issues of consent, a defendant must "set forth specific evidence showing that a significant percentage of the putative class consented to receiving calls on their cellular phone"—and more to the point—that there is no way to apply "generalized proof" to prove consent. *Jamison v. First Cred. Servs., Inc.*, 290 F.R.D. 92, 107-08 (N.D. Ill. 2013). If a defendant cannot set forth such specific evidence, individual issues of consent cannot predominate. *Meyer,* 707 F.3d at 1042 (rejecting arguments that class members "may have" consented because the defendant could not point to a "single instance" where consent may have been obtained); *Silbaugh v. Viking Magazine Servs.,* 278 F.R.D. 389, 393 (N.D. Ohio 2012); *Agne*, 286 F.R.D. at 567.

Here, Click Media presents no evidence that any of the putative class members consented to receiving the text messages. This should end the inquiry. *Silbaugh,* 278 F.R.D. at 393 (N.D. Ohio 2012) ("having produced no evidence that any individual consented to receive text messages in response to plaintiff's presentation of [] testimony, defendant is unable to realistically argue that individual issues of consent outweigh commonality."); *Agne*, 286 F.R.D. at 567 ("Defendants' speculation that customers may have given their express consent to receive text message advertising is not sufficient to defeat class certification."). Click Media cannot rely on "vague assertions about consent" to defeat commonality and predominance. *Jamison*, 290 F.R.D. at 107.

To show that "common questions" predominate regarding consent, a plaintiff[] must advance a viable theory employing generalized proof to establish liability with respect to the class involved." *Gene And Gene LLC v. BioPay LLC*, 541 F.3d 318, 328 (5th Cir. 2008). Plaintiff accomplished this by presenting evidence that the transmitter of the text messages here, AC Referral Systems: (1) entered into contracts with Click Media to promote payday loans through text messages with URL links that redirected to Defendant Click Media's websites; (2) sent text messages to phone numbers that originated from purchased lists from one of two sources; (3) could not independently verify that consent was provided by consumers to receive the text messages it sent to those numbers; and (4) all text messages were transmitted using the same autodialing technology. (Dkt. 113-1, Ex. C.) As such, the issue of whether prior express consent exists can be determined by common proof—Defendants have no evidence to support their affirmative defense.

1  Even the Court in *Gene And Gene* would find common questions predominate under these facts.
2  In *Gene And Gene*, the defendant at least presented evidence that it personally collected
3  consumers' phone numbers from a variety of sources. 541 F.3d at 328-29. This argument is not
4  available to Defendants here.

5       Even assuming Defendant can come up with some form of consent (which it has not), use
6  of such purchased "dialing lists" for the promotion and marketing of payday loan services through
7  the same dialing system presents common questions capable of class-wide resolution. *See*
8  *Silbaugh*, 278 F.R.D. at 391 (certifying class after testimony that defendant was told that [list
9  brokers] obtained consent, but defendant did not independently verify such consent); *Agne*, 286
10 F.R.D. at 567 (finding commonality satisfied when "all class members were sent substantially
11 similar unsolicited text messages by the same defendants, using the same automatic dialing
12 technology"); *Kavu v. Omnipak Corp.*, 246 F.R.D. 642, 647 (W.D. Wash. 2007) (finding defendant
13 engaged in a "common course of conduct" by obtaining facsimile numbers "in the same way and
14 sending the same broadcast facsimile to all recipients within a short period of time as part of the
15 same effort to generate new business."); *G.M. Sign, Inc. v. Finish Thompson, Inc.*, No. 07-C-5953,
16 2009 WL 2581324, at *4-5 (N.D. Ill. Aug. 20, 2009) (finding commonality and predominance
17 satisfied when the offending fax was sent to "anonymous third party fax lists . . . which
18 [defendant] did not review.").

19      Click Media's arguments concerning commonality, typicality, and predominance are not
20 grounded in any evidentiary basis whatsoever and rely on incorrect standards of law at the class
21 certification stage. Plaintiff, on the other hand, has presented a "common course of conduct" that
22 is capable of resolution on a class-wide basis. As such, commonality, typicality and predominance
23 are satisfied.

24 **IV.    Plaintiff Will Adequately Represent the Interests of the Proposed Class**

25      Click Media does not challenge the adequacy of Plaintiff's counsel to represent the interest
26 of the proposed Class, but instead claims that Plaintiff failed to produce sufficient evidence
27 demonstrating his adequacy as class representative. (Def. Opp. at 10.) However, the actions taken
28 by Plaintiff in furtherance of the interests of the proposed Class in this case are more than

sufficient evidence that he will be an adequate representative, especially as Click Media cannot point to any specific evidence that renders Kristensen inadequate. Adequacy in analogous class actions is typically demonstrated by showing Plaintiff has diligently pursued his claim and where his interest in the relief sought is the same as the proposed class. *See, e.g., CE Design Ltd. v. Cy's Crabhouse N., Inc.*, 259 F.R.D. 135, 142 (N.D. Ill. 2009) (finding plaintiff adequate where he pursued his claim diligently, there were no facts that would indicate that plaintiff's interests do not coincide with the rest of the class, and where pecuniary interest based on TCPA violation ensured his interests were aligned with the class's); *see also Ham v. Swift Transp. Co., Inc.*, 275 F.R.D. 475, 486 (W.D. Tenn. 2011) (adequacy found where class members' injuries were the same as those of the named plaintiffs). Instead, Click Media proffers a handful of blanket objections and claims that Kristensen must again prove a negative by "provid[ing] any evidence about potential conflicts" and "describ[ing] any effort he has undertaken to determine whether a conflict exists." (Def. Opp. at 10.) If Click Media believes Plaintiff Kristensen is subject to a unique defense or his interests are otherwise conflicting with those of the class, it has the burden of taking some discovery and presenting some evidence of the conflict.[7] *See Reliable Money Order, Inc. v. McKnight Sales Co., Inc.*, 281 F.R.D. 327, 334 (E.D. Wis. 2012), *aff'd,* 704 F.3d 489 (7th Cir. 2013) (adequacy met where plaintiff's claims aligned with the Class and defendant proffered no evidence indicating he was subject to any unique defenses).

Here, Plaintiff Kristensen has adequately demonstrated his interest in and dedication to pursuing this litigation, as evidenced by his assistance in investigating his and the Class's claims thus far, including his Declaration in support of this Motion. (*See* Dkt. 113-2; *see also In re Nortel Networks Corp. ERISA Litig.*, No. 03-MD-01537, 2009 WL 3294827, at *12 (M.D. Tenn. Sept. 2, 2009) ("a plaintiff need not demonstrate extensive knowledge about the legal or factual details of their cause of action . . . [r]ather, the key inquiry is whether the named Plaintiff is indifferent, and

---

[7] Nor will blanket and unsubstantiated objections to adequacy suffice to render Kristensen inadequate. *See O'Connor v. Diversified Consultants, Inc.,* No. 11-CV-1722 RWS, 2012 WL 4336204, at *1 (E.D. Mo. Sept. 21, 2012) (adequacy met where defendant's challenge lacked any specificity and failed to cite "any United States Supreme Court case or any United States Court of Appeals [case]" in support of its general contention against adequacy).

whether his lack of involvement may injure the absent class members."). Finally, where the Court has found commonality and typicality satisfied, adequacy naturally follows. *See Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010) (citing *Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 157 n. 13, 102 S. Ct. 2364 (1982) and noting that commonality and typicality concerns are intertwined with and support a representative's adequacy).

**V.     This Class Action Is Superior to 98,779 Individual Suits for $500**

Click Media argues that this Court should follow two state court cases[8] that concluded a class action was not superior to scores of consumers bringing individual TCPA suits, worth at most $500-$1500. (Def. Opp. at 11.) Referencing these two cases, Click Media claims that Congress did not intend TCPA suits to be brought as class actions because the available statutory damages provide adequate incentive for individual suits, and further that allowing a class action would be "unfair" to defendants who commit multiple violations because the potential damages are disproportionate to the actual damages sustained by the members of the proposed class. (*Id.* at 11-12.) This argument has zero merit.

This same superiority argument has been expressly rejected by the Ninth Circuit in review of class certification decision under FACTA:

> Congress expressly created a statutory damages scheme that intended to compensate individuals for actual or potential damages resulting from FACTA violations, without requiring individuals to prove actual harm. . . . But the plain text of the statute makes absolutely clear that, in Congress' judgment, the $100 to $1000 range *is* proportionate and appropriately compensates the consumer. That proportionality does not change as more plaintiffs seek relief; indeed, the size of [the defendant's] potential liability expands at exactly the same rate as the class size.

*Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 719 (9th Cir. 2010). This reasoning easily transfers to TCPA class actions.[9]

---

[8]     The Illinois circuit court case, *Kim v. Sussman*, is not binding here, nor is it precedent in Illinois. *Delgado v. Bd. of Election Comm'rs of City of Chicago*, 224 Ill. 2d 481, 488 (2007) ("Under Illinois law, the decisions of circuit courts have no precedential value.").

[9]     As the Supreme Court recently noted, the vast majority of TCPA suits brought in federal courts are class actions. *See Mims v. Arrow Fin. Servs.,* ⸺ U.S. ⸺, 132 S. Ct. 740, 753 (2012).

Click Media's lack-of-superiority argument has been rejected in the context of a TCPA class action by nearly every federal and state court to consider the issue as well.  The court in *Kavu v. Omnipak Corp.* rejected a challenge to superiority in a TCPA case finding that

> [d]efendant's argument, however, is actually a challenge to the statutory amount of damages, set by Congress, rather than to the best method of adjudicating this case. If the claims were adjudicated individually, defendant would owe the same amount of damages. Rather, it is hoping that if no class is certified, it will avoid damages for the vast majority of its violations. The Court will not decline to certify a class on that basis. Furthermore, the class size is a direct result of defendant's large number of violations, for which it should not be rewarded.

246 F.R.D. at 650; *see also A & L Indus., Inc. v. P. Cipollini, Inc.,* No. CIV.A. 12-07598 SRC, 2013 WL 5503303 (D. N.J. Oct. 2, 2013) (rejecting challenge to superiority in TCPA case finding that "if each proposed class member pressed his claim, a single class action would clearly be superior to thousands of individual actions. . . . If the proposed class members would otherwise abandon their claim [because, for instance, a $500 recovery is not sufficiently large to justify bringing suit, even in small claims court], then a class action is superior because it provides actual adjudication.") (internal citations omitted) (collecting cases); *Critchfield Physical Therapy v. Taranto Grp., Inc.,* 293 Kan. 285, 300-01, 263 P.3d 767, 780 (2011) (rejecting argument in TCPA case "that over 100,000 individual small claims actions would be superior to a single class action."); *Sparkle Hill, Inc. v. Interstate Mat Corp.*, No. CIV.A. 11-10271-RWZ, 2012 WL 6589258, at *4 (D. Mass. Dec. 18, 2012) (same).

Because of the limited amount of statutory damages relative to the cost of litigating the claims here, most individuals would be unable (or unlikely) to bring their own lawsuits, and a class action is the superior method for adjudicating this controversy.

## CONCLUSION

For the reasons stated above, Plaintiff Flemming Kristensen respectfully requests that this Court enter an Order granting Plaintiff's Motion for Class Certification in its entirety and for such other and further relief that this Court deems reasonable and just.

| | |
|---|---|
| Dated: December 2, 2013 | Respectfully submitted, |
| | FLEMMING KRISTENSEN, individually and on behalf of a class of similarly situated individuals |
| | By: /s/ John C. Ochoa |
| | One of Plaintiff's Attorneys |

LAW OFFICES OF JOHN BENEDICT
John Benedict, Esq.
Nevada Bar No. 005581
2190 E. Pebble Road, Suite 260
Las Vegas, Nevada 89123
Telephone: (702) 333-3770
Facsimile: (702) 361-3685
john.benedict.esq@gmail.com

EDELSON LLC
Ryan D. Andrews (admitted *pro hac vice*)
randrews@edelson.com
John C. Ochoa (admitted *pro hac vice*)
jochoa@edelson.com
David D. Dale (admitted *pro hac vice*)
ddale@edelson.com
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

*Counsel for Plaintiff*
*FLEMMING KRISTENSEN*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2013, I electronically filed the foregoing *Plaintiff's Reply in Support of Class Certification* with the Clerk of the Court using the CM/ECF system. Notice of this filing is sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated:  December 2, 2013            By:      /s/  John C. Ochoa
                                             John C. Ochoa