Steven Martin Aaron, Esq. (MO Bar No. 41653)
*Admitted pro hac vice*
Gregory T. Wolf, Esq. (MO Bar No. 43717)
*Admitted pro hac vice*
Dentons US LLP
4520 Main Street, 11th Floor
Kansas City, MO 64111-7700
Telephone:  (816) 460-2400
Facsimile:   (816) 531-7545

Martin L. Welsh, Esq.
Nevada State Bar No. 8720
LAW OFFICE OF HAYES & WELSH
199 North Arroyo Grande Blvd., Suite 200
Henderson, Nevada 89074
Telephone:  (702) 434-3444
Facsimile:   (702) 434-3729
*Attorneys for Defendant*
*CREDIT PAYMENT SERVICES, INC.*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FLEMMING KRISTENSEN,<br><br>                          Plaintiff,<br><br>vs.<br><br>CREDIT PAYMENT SERVICES, INC., et al.,<br><br>                          Defendants. | Case No. 2:12-cv-00528-APG-(PAL)<br><br>**FIRST AMENDED STIPULATED PROTECTIVE ORDER** |

The Parties, through their respective counsel of record, hereby stipulate to entry of the following proposed First Amended Protective Order:

1.     <u>PURPOSES AND LIMITATIONS</u>

Disclosures and discovery activity in this action may involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order").  The Parties acknowledge that this Order does not confer blanket protections on all

disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

    2.    <u>DEFINITIONS</u>

    2.1    <u>Attorneys' Eyes Only Information or Items</u>: information that qualifies for protection under Federal Rule of Civil Procedure 26(c) and is of such a type or classification that a party believes the mere disclosure of the information would cause substantial competitive harm.   All documents and information so designated and all copies thereof (collectively, "Attorneys' Eyes Only Information") shall be treated as highly confidential and shall not be disclosed except as provided in the Order.

    2.2    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3    <u>"CONFIDENTIAL" Information or Items</u>:  information that qualifies for protection under Federal Rule of Civil Procedure 26(c) including trade secrets, know-how, proprietary data, marketing information, contracts, financial information, security information, surveillance information and/or similar commercially sensitive business information or data which the designating party in good faith believes in fact is confidential or that unprotected disclosures might result in economic or competitive injury, and which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials or devices. This includes compilations of publicly available discovery materials, which would not be known publicly in a compiled form. "CONFIDENTIAL" Information or Items also includes highly personal or sensitive facts and personal identity information to the extent such facts and information are not a matter of public record or in the public domain.

    2.4    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.6     <u>Disclosure or Discovery Material</u>: all information or items, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8     <u>House Counsel</u>: attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10     <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that party.

2.11     <u>Party</u>: any Party to this action, including all of its officers and directors.

2.12     <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13     <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14     <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.15   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   <u>DESIGNATING PROTECTED MATERIAL</u>

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to

limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations of confidentiality are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions when and if such sanctions are merited under controlling law.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party  affix the legend "CONFIDENTIAL" or  "ATTORNEYS' EYES ONLY" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection may be deemed "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the discretion of the Producing Party. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the

Producing Party must affix the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material.

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony; or, before the close of the deposition, hearing, or other proceeding, the Designating Party may invoke on the record a right to identify protected testimony within 21 days of receiving a transcript of the deposition, hearing, or other proceeding. During the deposition, hearing, or other proceeding and before the designation, all of testimony shall be deemed "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. However, no Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, even when the failure to so designate was inadvertent and where the material is subsequently designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of

confidentiality at any time. A Party or Non-Party shall not be obligated to challenge the propriety of a designation of confidentiality at the time made, and failure to do so shall not preclude a subsequent challenge thereto at any time during the course of this litigation.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without Court intervention, the Challenging Party shall file and serve a motion to remove confidentiality within 21 days of the Parties' meet and confer, in the event it is unsuccessful. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous motions, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the moving Party to sanctions when and if such sanctions are merited under controlling law. All Parties shall continue to afford the

material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. This Order does not affect or limit the Designating Party's right or ability to handle its own Protected Materials in whatever manner it chooses in connection with use in its business or otherwise, subject only to the potential waiver of any Confidentiality designations.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)      Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the Court reporter and may not be disclosed to anyone except as permitted under this Order;

(g)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)      An individual named Plaintiff, with disclosure only to the extent reasonably necessary for the named Plaintiff's participation in the case as determined in good faith by Plaintiff's counsel, provided the named Plaintiff has signed the "Acknowledgement and Agreement to Be Bound"  (Exhibit A); and

(i)      Other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered.

7.3      <u>Disclosure of "ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may only disclose  information or items designated "ATTORNEYS EYES ONLY" to:

(a)      Attorneys (including staff and other law firm personnel) representing the Parties in this litigation;

(b)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     the Court and its personnel;

(d)     Court reporters and their staff present in their official capacity any at hearing, deposition, or other proceeding in the litigation and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the Court reporter and may not be disclosed to anyone except as permitted under this Order;

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(g)     Other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered.

8.      <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party or a Designating Party in this action to disobey a lawful directive from another court.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection  with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections  from the Court.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), the Parties agree that the inadvertent disclosure of material, information, or communication covered by the attorney-client privilege, work product doctrine, or other valid privilege or immunity is not, by itself, a waiver of any potential protection in this or any other Federal or State proceeding. However, nothing herein restricts the right of the Receiving Party to challenge the Producing Party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

12.   <u>MISCELLANEOUS</u>

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person or entity to seek its modification by the Court in the future.

12.2   <u>No Greater Protection of Specific Documents</u>.  No Party or Non-Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the Party or Non-Party moves for an order providing such special protection.

12.3   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Order.

12.4   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the

public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 10-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

13.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in Section 4 above, upon the written request of the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

IT IS SO STIPULATED.

IT IS SO ORDERED this 29th day
of January, 2014.

Peggy A. Leen
United States Magistrate Judge

1

2 Dated:  January 27, 2014

3 DENTONS US LLP                                    LAW OFFICES OF JOHN BENEDICT

4 By: /s/ Steven Martin Aaron                    By: /s/ John Benedict, Esq.

5     Steven Martin Aaron, Esq.                     John Benedict, Esq., NV# 5581
      MO Bar No. 41653                              2190 E. Pebble Road, Suite 260
6     Admitted pro hac vice                         Las Vegas, Nevada 89123
      Gregory T. Wolf, Esq.                         Telephone:  (702) 333-3770
7     MO Bar No. 43717                              Facsimile:  (702) 361-3685
      Admitted pro hac vice                         John.benedict.esq@gmail.com
8     4520 Main Street, 11th Floor
      Kansas City, MO 64111-7700
9     Telephone:(816) 460-2400
      Facsimile: (816) 531-7545
10    steven.aaron@dentons.com
      gregory.wolf@dentons.com
11

12                                                  EDELSON LLC

13 LAW OFFICE OF HAYES & WELSH

     By: /s/ David Justin Dale
14 By: /s/ Martin L. Welsh                          David Justin Dale, Esq.
                                                    admitted pro hac vice
15    Martin L. Welsh, Esq., NV #8720               Evan M. Myers, Esq.,
      199 North Arroyo Grande Blvd., Ste. 200       admitted pro hac vice
16    Henderson, Nevada 89074                       John C. Ochoa, Esq.,
      Telephone:(702) 434-3444                      admitted pro hac vice
17    Facsimile: (702) 434-3729                     350 North LaSalle Street, Suite 1300
      mwelsh@lvlaw.com                              Chicago, Illinois 60654
18                                                  Telephone: 312-589-6370
      Attorneys for Defendant                       Facsimile:  312-589-6378
19    Credit Payment Services, Inc.                 ddale@edelson.com
                                                    jochoa@edelson.com
20                                                  emeyers@edelson.com

21                                                  Attorneys for Plaintiff

22

23

24

25

26

27

28

1

POLSINELLI PC
By:  /s/ Russell S. Jones, Jr.

2
    Russell S. Jones, Jr.
    *Admitted pro hac vice*

3
    James M. Humphrey, IV
    *Admitted pro hac vice*

4
    900 W. 48th Place, Suite 900

5
    Kansas City, MO 64112
    Telephone:  816-753-1000

6
    Facsimile:  816-753-1536\
    rjones@polsinelli.com

7
    jhumphrey@polsinelli.com

8

SNELL & WILMER, L.L.P.
By:  /s/ Chad R. Fears

9
    Chad R. Fears, NV #6970

10
    3883 Howard Hughes Parkway
    Las Vegas, Nevada 89169

11
    Telephone:  702-784-5200
    Facsimile:  702-784-5252

12
    cfears@swlaw.com

13

*Attorneys for Defendant Pioneer*

14
*Financial Services, Inc.*

15

16

MCGUIRE WOODS LLP
By:  /s/ Brian O'Meara

17
    Brian O'Meara, IL #6275625

18
    77 West Wacker Drive, Suite 4100
    Chicago, IL 60601-1818

19
    Telephone:  312-849-8100
    Facsimile:  312-920-6132

20
    bomeara@mcguirewoods.com

21

LEWIS ROCA ROTHGERBER LLP
By:  /s/ Dan R. Waite

22
    Dan R. Waite, NV #4078

23
    3993 Howard Hughes Parkway, Ste. 600
    Las Vegas, NV 89169

24
    Telephone:  702-949-8200
    Facsimile:  702-949-8398

25
    dwaite@lrlaw.com

26

*Attorneys for Defendant Enova*

27
*International, Inc.*

28

HUSCH BLACKWELL LLP
By:  /s/ Ryan W. Mitchem
    Ryan W. Mitchem, TN #022196
    Michael K. Alston, TN #013697
    Kathryn Ann Reilly, CO #37331
    736 Georgia Avenue, Suite 300
    Chattanooga, Tennessee 37402
    Telephone:  423-266-5500
    Facsimile:  423-266-5499
    Ryan.mitchem@huschblackwell.com
    Michael.alston@huschblackwell.com
    Kathryn.reilly@huschblackwell.com

HUTCHISON & STEFFEN
By:  /s/ Patricia Lee
    Patricia Lee, NV #8287
    Joseph R. Ganley, NV #5643
    Telia U. Williams, NV #9359
    Peccole Professional Park
    10080 West Alta Drive, Suite 200
    Las Vegas, NV 89145
    Telephone:  702-385-2500
    Facsimile:  702-385-2086
    plee@hutchlegal.com

*Attorneys for Defendant LeadPile LLC*

KRONENBERGER BURGOYNE, LLP
By:  /s/ Karl S. Kronenberger
    Karl S. Kronenberger
    *Admitted pro hac vice*
    Jeffrey M. Rosenfeld
    *Admitted pro hac vice*
    150 Post Street, San Francisco, CA 94108
    Telephone:  415-955-1155
    Facsimile:  415-955-1158
    jeff@KBInternetLaw.com
    karl@KBInternetLaw.com

FOX ROTHSCHILD LLP
By:  /s/ John H. Gutke
    John H. Gutke, NV # 10062
    3800 Howard Hughes Parkway, Ste. 500
    Las Vegas, NV 89169
    Telephone:  702-262-6899
    Facsimile:  702-597-5503
    jgutke@foxrothschild.com

*Attorneys for Defendant Click Media*
*LLC d/b/a Net1Promotions LLC*

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the First Amended Stipulated Protective Order ("Protective Order") that was issued by the United States District Court for the District of Nevada on _____ [date] in the case of *Kristensen v. Credit Payment Services, Inc.*, Case No. 2:12-CV-00528-KJD (PAL). I agree to comply with and to be bound by all the terms of the Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____


Signature: _____

81704300

17