DAN R. WAITE
Nevada Bar No.4078
LEWIS ROCA ROTHGERBER, LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398
Email: dwaite@lrrlaw.com

*Attorney for Defendant CNU Online Holdings, LLC, incorrectly sued as Enova International, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| FLEMMING KRISTENSEN, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT PAYMENT SERVICES INC., a Nevada corporation, f/k/a MYCASHNOW.COM INC., ENOVA INTERNATIONAL, INC., an Illinois corporation, PIONEER FINANCIAL SERVICES, INC., a Missouri corporation, LEADPILE LLC, a Delaware limited liability company, and CLICKMEDIA LLC d/b/a NET1PROMOTIONS LLC, a Georgia limited liability company,<br><br>Defendants. | Case No. 2:12-CV-00528-KJD (PAL)<br><br>**DEFENDANTS' SECOND JOINT MOTION TO EXTEND THE DEADLINES FOR DISCOVERY, DISPOSITIVE MOTIONS, AND PROPOSED JOINT PRETRIAL ORDER**<br><br><br><br>Judge:  Hon. Andrew P. Gordon<br><br>Magistrate:  Hon. Peggy A. Leen |

COME NOW Defendants CNU Online Holdings, LLC, incorrectly sued as Enova International, Inc. ("CNU"), Credit Payment Services, Inc. ("CPS"), Pioneer Services ("Pioneer"), and LeadPile LLC ("LeadPile") (collectively, "Defendants"), by and through their respective counsel, and hereby submit their Second Joint Motion to Extend the Deadlines for Discovery, Dispositive Motions, and Proposed Joint Pretrial Order.  In support of this Motion, Defendants

1

state as follows:

1.      This Court entered a Stipulated Discovery Plan and Scheduling Order on July 23, 2013 ("the Scheduling Order") (Doc. 93).

2.      Plaintiff filed his Motion to Certify Class on October 31, 2013 ("Motion to Certify") (Doc. 113).  This Court ruled on the Motion to Certify on March 26, 2014 (Doc. 164).

3.      Defendants filed a Joint Motion to Extend Certain Deadlines (Doc. 166), which was granted on April 4, 2014 (Doc. 167) and certain deadlines were extended, including the discovery deadline to May 26, 2014, the dispositive motion deadline to July 24, 2014, and the proposed joint pretrial order deadline to August 22, 2014.

4.      To date, the parties are still responding to discovery, producing documents, and taking depositions.

5.      With regard to written discovery, the document review and production is ongoing.  Indeed, Plaintiff propounded additional written discovery upon Defendants as recently as March 31, 2014.  Specifically, Plaintiff propounded his second set of interrogatories on CPS, Pioneer, and CNU; his third set of interrogatories on LeadPile; his second set of document requests on CPS, Pioneer, LeadPile, and CNU; and his first set of requests to admit on CPS, Pioneer, LeadPile, and CNU.  CPS, Pioneer and CNU timely responded and objected to Plaintiff's discovery, but the document review continues.  LeadPile obtained an extension to respond to Plaintiff's discovery to May 21, 2014.  Further, on April 11, 2014, Plaintiff issued subpoenas to various Defendants, their employees, and shareholders.  The parties are in the process of responding to the subpoenas.

6.      With regard to oral discovery, Defendants took Plaintiff's deposition, but Defendants are seeking to re-depose Plaintiff in light of documents that Plaintiff produced after his deposition.  Further, to date, Plaintiff still needs to depose certain Defendants.  While the parties

2

are diligently attempting to schedule Defendants' depositions, the ongoing document production and scheduling issues will necessarily require some depositions to take place after May 26, 2014, which is the current discovery deadline.  Accordingly, Defendants request an additional 60 days to complete discovery, up to and including July 25, 2014.

7.     Further, Defendants request an extension of the dispositive motion deadline to 15 days after the close of the opt-out period.  Defendants also request an extension of the proposed joint pretrial order deadline to 45 days after the close of the opt-out period.  Defendants believe that extending these deadlines is appropriate to avoid one-way intervention.  The authorities support these extensions.

8.     In *Schwarzchild v. Tse*, the Ninth Circuit stated: "[D]istrict courts generally do not grant summary judgment on the merits of a class action until the class has been properly certified and notified.  The purpose of Rule 23(c)(2) is to ensure that the plaintiff class receives notice of the action well *before* the merits of the case are adjudicated." *Schwartzchild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995) (emphasis in original).   Citing *Schwarzchild*, the Southern District of California held that it would not rule on a plaintiff's motion for summary judgment until the notice was given and period for class members to exclude themselves had expired.  *Gomez v. Rossi Concrete Inc.*, No. 08cv1442 BTM (CAB), 2011 WL 666888, at *1 (S.D. Cal. Feb. 17, 2011).  That court agreed that "postponing the determination of Plaintiffs' motion for summary judgment until after class members have been given notice and an opportunity to opt-out is necessary to avoid the problem of 'one-way intervention' – whereby a potential class member could await the outcome of a determination on the merits before deciding whether to join the class." *Id*.  The *Gomez* court added that "[a]bsent extraordinary circumstances, it is appropriate to postpone ruling on a plaintiff's motion for summary judgment until after class definition issues are settled, notice has been given, and the period for class members to exclude themselves has

expired, in order to protect the defendant from 'absent class members . . . opting in or out depending upon the outcome on the merits.'" *Id.*

9. Cases outside the Ninth Circuit also support the requested extensions. *See Hyland v. HomeServices of Am., Inc.*, No. 3:05-CV-612-R, 2011 WL 6400637, at *3 (W.D. Ky. Dec. 21, 2011) ("Class members must be given the opportunity to opt-out of the class before any adverse summary judgment and trial . . . All of this must, of course, occur before the Court rules on any motion for summary judgment."); *see also In re Farmers Ins. Co., Inc. FCRA Litig.*, No. CIV-03-158-F, MDL 1564, 2006 WL 1042499, at *2 (W.D. Ok. Apr. 13, 2006) ("Moreover, notice is to be sent before the merits of the case are adjudicated. Indeed, without notice, the court lacks jurisdiction over the absent class members. Thus, unless absent class members are given an opportunity to opt out of the class, any summary judgment in favor of defendant would only be binding on the named plaintiffs.") (citations omitted).

10. Finally, Wright & Miller states: "[t]hus, notice must be sent long before the merits of the case are adjudicated." CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, Federal Practice and Procedure § 1788 (3d ed. 2014).

11. Accordingly, Defendants request extensions of the dispositive motion and proposed joint pretrial order deadlines.

12. CNU's counsel has conferred with ClickMedia's counsel regarding the proposed extension and ClickMedia has no objection to the extensions.

13. CNU's counsel has conferred with Plaintiff's counsel regarding the proposed extension and Plaintiff's counsel advised that Plaintiff opposes this motion and will file an opposition.

4

14.     The extension requested is not the result of any undue delay, bad faith or dilatory motive. Good cause exists and the request is not submitted for any improper purpose. No party will be prejudiced by this extension.

WHEREFORE, Defendants, CNU Online Holdings, LLC, incorrectly sued as Enova International, Inc., Credit Payment Services, Inc., Pioneer Financial Services, Inc., and LeadPile LLC respectfully request that this Court grant this motion and extend the deadlines as follows:

a.     Discovery deadline is extended to July 25, 2014.

b.     Dispositive motion deadline is extended to 15 days after the close of the opt-out period.

c.     Proposed joint pretrial order deadline is extended to 45 days after the close of the opt-out period.

Defendants also request that the Court enter whatever further relief this Court deems just and appropriate.

Dated: May 5, 2014

LEWIS ROCA ROTHGERBER LLP

By: /s/ Dan R. Waite
Dan R. Waite
Nevada Bar No.4078
LEWIS ROCA ROTHGERBER, LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398
Email: dwaite@lrrlaw.com

MCGUIREWOODS LLP

By: /s/ Brian P. O'Meara
Brian P. O'Meara
*Pro Hac* Vice IL Bar No. 6275624
77 West Wacker Drive Suite 4100
Chicago, IL 60601-1818
Telephone: 312-849-8100
Facsimile: 312-920-6132
Email: bomeara@mcguirewoods.com

1

2
    ***Attorneys for Defendant CNU Online Holdings,***
    ***LLC, incorrectly sued as Enova International, Inc***.

3
    DENTONS US LLP

4
    By:  /s/Steven Martin Aaron, Esq.

5
    STEVEN MARTIN AARON
    *Pro Hac Vice* MO Bar # 41653

6
    Gregory T. Wolf, Esq.
    *Pro ice* MO Bar #43717

7
    4520 Main Street, 11th Floor
    Kansas City, MO 64111-7100

8

9
    LAW OFFICE OF HAYES & WELSH

10
    By: /s/ Martin L. Welsh

11
    Martin L. Welsh, Esq.
    Nevada State Bar No. 8720

12
    199 North Arroyo Grande Blvd., Suite 200
    Henderson, Nevada 89074

13

14
    ***Attorneys for Defendant***
    ***Credit Payment Services, Inc.***

15
    POLSINELLI PC

16
    By: /s/ Russell S. Jones, Jr.

17
    Russell S. Jones, Jr. *Pro hac vice*
    James M. Humphrey, IV *Pro hac vice*

18
    900 W. 48th Place, Suite 900

19
    Kansas City, MO 64112

20
    SNELL & WILMER, L.L.P.

21
    By: /s/ Chad R. Fears, Esq.

22
    Chad R. Fears, Esq., Nevada Bar No. 6970
    3883 Howard Hughes Parkway, Suite 1100

23
    Las Vegas, NV 89169

24
    ***Attorneys for Defendant Pioneer Services***

25
    HUSCH BLACKWELL LLP

26
    By: /s/ Ryan W. Mitchem

27
    Ryan W. Mitchem, TN #022196
    Michael K. Alston, TN #013697

28
    736 Georgia Avenue, Suite 300

Chattanooga, Tennessee 37402

HUTCHISON & STEFFEN
Patricia Lee, Nevada Bar No. 8287
Joseph R. Ganley, Nevada Bar No. 5643
Telia U. Williams, Nevada Bar No. 9359
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145

***Attorneys for Defendant LeadPile LLC***

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to FRCP 5(b), I hereby certify that on May 6, 2014, I caused the foregoing

DEFENDANTS' SECOND JOINT MOTION TO EXTEND THE DEADLINE FOR

DISCVOERY, DISPOSITIVE MOTIONS, AND JOINT PROPOSED PRETRIAL ORDER be

served on all counsel of record through the Court's CM/ECF system.

/s/ Brian P. O'Meara
An Attorney for Defendants

56855271_1