UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FLEMMING KRISTENSEN,<br><br>　　　　　　　　　　　　　Plaintiff,<br>v.<br>CREDIT PAYMENT SERVICES, INC., et al.,<br><br>　　　　　　　　　　　　　Defendants. | Case No. 2:12-cv-00528-APG-PAL<br><br>**ORDER**<br><br>(Mtn to Seal – Dkt. #186) |

　　　　This matter is before the court on Defendants Credit Payment Services, Inc.'s, Pioneer Services', LeadPile LLC's, and Enova International, Inc.'s Motion for Leave to File Documents Under Seal Pursuant to Civil L.R. 10-5 (Dkt. #186) filed May 28, 2014. The court has considered the Motion.

　　　　Defendants seek an order, pursuant to Local Rule of Civil Practice 10-5, allowing them to file Exhibit 3 to the Declaration of Gregory T. Wolf in Support of Defendants' Reply to Second Joint Motion to Extend the Deadlines for Discovery, Dispositive Motions, and Proposed Joint Pretrial Order (Dkt. #187-1) filed May 28, 2014. Exhibit 3 consists of the deposition transcript of Plaintiff Flemming Kristensen. Defendants assert this transcript was designated confidential under the Protective Order (Dkt. #32) and Amended Protective Order (Dkt. #145) entered by the court in this case because it contains confidential and proprietary business information.

　　　　As an initial matter, Local Rule 10-5(b) requires that a party should file confidential documents under seal along with a contemporaneous motion to seal. Defendants have not filed Exhibit 3 to the Wolf Declaration under seal, and the court to evaluate it. Additionally, Defendants' reliance on the Protective Order and Amended Protective Order is misplaced. The Protective Order and the Amended Protective Order provide that their purpose is to facilitate discovery exchanges. *See* Protective Order (Dkt. #32) at ¶ 1; Amended Protective Order (Dkt.

#145) at ¶ 1. The parties did not show, and the court did not find, that any specific documents were secret or confidential. At the hearing on the motion to compel on May 29, 2014 counsel for Plaintiff indicated he did not believe the entire transcript was entitled to be sealed, and did not request that the portion cited by Defendant be sealed.

The Ninth Circuit has held that there is a strong presumption of access to judicial records. *See Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006). The court carved out an exception to this presumption of access for materials attached to non-dispositive motions where the movant makes a particularized showing of good cause under Rule 26(c) of the Federal Rules of Civil Procedure that rebuts the public's right of access. *See Foltz v. State Farm Mut. Ins. Co.,* 331 F.3d 1122, 1135, 1138 (9th Cir. 2003); *Phillips v. Gen. Motors Corp.,* 307 F.3d 1206, 1213 (9th Cir. 2002). The parties have not made such a showing.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Leave to File Under Seal (Dkt. #186) is DENIED.

Dated this 4th day of June, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE