DAN R. WAITE
Nevada Bar No. 4078
LEWIS ROCA ROTHGERBER, LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398
Email: dwaite@lrrlaw.com

*Attorney for Defendant CNU Online Holdings, LLC, incorrectly sued as Enova International, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FLEMMING KRISTENSEN, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT PAYMENT SERVICES INC., a Nevada corporation, f/k/a MYCASHNOW.COM INC., ENOVA INTERNATIONAL, INC., an Illinois corporation, PIONEER FINANCIAL SERVICES, INC., a Missouri corporation, LEADPILE LLC, a Delaware limited liability company, and CLICKMEDIA LLC d/b/a NET1PROMOTIONS LLC, a Georgia limited liability company,<br><br>Defendants. | Case No. 2:12-CV-00528-KJD (PAL)<br><br>**DEFENDANT CNU ONLINE HOLDINGS, LLC'S, INCORRECTLY SUED AS ENOVA INTERNATIONAL, INC., RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**<br><br>Judge: Hon. Andrew P. Gordon<br><br>Magistrate: Hon. Peggy A. Leen |

Defendant, CNU Online Holdings, LLC, incorrectly sued as Enova International, Inc. ("CNU"), by and through its counsel, for its Response to Plaintiff's Motion to Compel, states as follows:

1

## **INTRODUCTION**

CNU was dragged into this lawsuit late in the game. Indeed, Plaintiff waited almost a year after the filing of the original complaint to file his amended complaint naming "Enova International, Inc." (CNU) as a defendant.[1] Since that time, Plaintiff has conducted extensive discovery. While Plaintiff has engaged in a scorched earth discovery strategy, nothing has turned up connecting CNU and the text message identified in the complaint. In fact, witnesses who have been deposed in this case (including Plaintiff) have been unable to demonstrate that Enova, CNU, or any affiliated company had any involvement with the relevant text message. That issue, and the extensive costs CNU has been forced to incur, will be addressed at an appropriate time in the future. For now, however, CNU addresses Plaintiff's discovery motion. And while CNU remains baffled as to why it was named as a defendant in this case, CNU recognizes that it is a party to this litigation and takes its discovery obligations seriously.

There are two parts to Plaintiff's Motion to Compel. First, Plaintiff demands that CNU produce documents immediately. Plaintiff makes this demand even though discovery has been extended and CNU has consistently kept Plaintiff apprised of the ongoing document search. Second, Plaintiff demands that CNU amend answers to interrogatories. However, the specific interrogatories referenced in Plaintiff's Motion to Compel have either already been answered or are extremely overbroad and seek information that has nothing to do with the text message at issue.

In short, Plaintiff's Motion to Compel is premature, seeks information that is overbroad, and fails to recognize that CNU had no knowledge of the text message that forms the basis of Plaintiff's complaint. Accordingly, Plaintiff's Motion to Compel should be denied.

---

[1] Plaintiff incorrectly states that he "instituted this action against Defendant Enova International, Inc. on March 29, 2012 . . . ." *See* Plaintiff's Motion to Compel, p. 1:3-4. Contrary to Plaintiff's assertion, however, the amended complaint naming Enova as a defendant was not filed until almost a year later on March 8, 2013 (Dkt. No. 35).

# ARGUMENT

**I.  CNU has been diligently searching for documents and Plaintiff's demand for "immediate" document production is premature.**

Despite Plaintiff's attempts to overreach in discovery, CNU has worked diligently to search for relevant documents and has kept Plaintiff informed of CNU's progress. When it appeared that CNU's document search would not be completed by the discovery cutoff, CNU promptly filed a motion to extend discovery by 60 days for the purpose of completing its document search and presenting a witness for deposition. That motion was granted and discovery has been extended. CNU still believes that the document search and deposition will be completed within the current discovery period.

> *a.  The document search has been more arduous due to a computer system conversion and because Plaintiff attempted to impose extremely broad search terms.*

While CNU did not provide Plaintiff with a firm date for the completion of its document search, CNU kept Plaintiff informed of the progress of the document search. Simply put, CNU did not want to provide an arbitrary date to Plaintiff just for the sake of providing a date. Instead, CNU chose to be candid with Plaintiff and explained that the search would require a significant amount of time due to a computer system conversion. CNU's counsel explained to Plaintiff's counsel that "[p]re-December 2011 emails are housed with the parent company, Cash America. They have an old archiving system that cannot run the searches requested. Even simplified searches can take months. Accordingly, Cash America is in the process of moving to a new archiving system. It will take 10-12 weeks for that system to be functional. Once the emails are in that system, they can run the requested searches." Exhibit A hereto, Email from CNU's Counsel to Plaintiff's Counsel. Once it was determined that the system conversion would take longer than expected, CNU's counsel advised Plaintiff's counsel that "it is unlikely that December 31 is realistic [for the system conversion]." *See* Exhibit N to Plaintiff's Motion to Compel. What is clear is that CNU has remained in consistent communication with Plaintiff's counsel, which is

3

1 evidenced by Exhibits H through W to Plaintiff's Motion to Compel.

2 Further, while Plaintiff has accused CNU of "delay", Plaintiff delayed filing his amended
3 complaint for almost a year. Plaintiff then served improper discovery requests upon CNU that
4 were, *inter alia*, overbroad and unduly burdensome. Indeed, Plaintiff unilaterally concocted an
5 extensive list of search terms and incorporated them in the discovery requests. Plaintiff never
6 consulted with CNU before foisting these search terms upon CNU. Instead, Plaintiff waited until
7 CNU objected and finally conceded that the search terms were overbroad and unduly burdensome.
8 CNU's well-founded objections are documented by the fact Plaintiff agreed to modify the search
9 terms.

10 Finally, CNU requested an extension of discovery to complete the document search and
11 present a witness for deposition. CNU intends to complete its document search, provide
12 additional relevant documents, if any, and present a witness for deposition within the current
13 discovery timeframe. Accordingly, Plaintiff's demand for "immediate" production should be
14 denied.

15 ***b.   The universe of relevant documents is small.***

16 CNU also explained to Plaintiff that to the extent CNU has any relevant documents, the
17 production would be small in light of the fact that CNU did not even know about the text message
18 at issue. For example, CNU's counsel advised Plaintiff's counsel that CNU "would be producing
19 responsive documents, ***if any***, on a rolling basis." *See* Exhibit H to Plaintiff's Motion to Compel
20 (emphasis added).   CNU's lack of connection to the relevant text message is corroborated by
21 deposition testimony, documents produced by other entities, and Defendants' expert report.
22 Specifically, CNU is unaware of any deposition testimony or document that has been produced by
23 any party or third party showing that CNU had any knowledge of the text message. Nevertheless,
24 CNU has expended countless hours and significant resources engaging in a lengthy document
25 search. As expected, and as explained to Plaintiff's counsel, CNU's document search has yielded
26 virtually no relevant documents. Yet Plaintiff tries to create an adverse inference by the fact that
27 CNU has produced a small number of documents. The lack of relevant documents, however,
28

4

further demonstrates that CNU should never have been named as a defendant in this case. Indeed, the documents that CNU has already produced are arguably irrelevant, but CNU has produced the documents in an abundance of caution.

**II.    The Interrogatories identified in Plaintiff's motion to compel have either already been answered or are overbroad.**

Plaintiff's Motion to Compel should be denied because: (a) CNU has already provided information responsive to Interrogatory No. 5; and (b) Interrogatory No. 6 seeks information well-beyond the text message at issue.

> *a.  In response to Interrogatory No. 5 CNU has already identified a witness who can testify on behalf of CNU regarding CNU's relationship with LeadPile, LLC and/or Click Media.*

CNU does not believe that there is a dispute regarding Interrogatory No. 5. CNU has repeatedly advised Plaintiff that CNU had no involvement with the text message at issue. Accordingly, there are no CNU employees who have knowledge of the "Text Message identified in the Complaint." But Plaintiff goes well-beyond this inquiry and demands that Enova "identify all employees or agents of Enova who have knowledge of *any* SMS Messages . . . sent by or on behalf of Enova, LeadPile, LLC, and/or Click Media during the relevant Time Period." *See* Interrogatory No. 5 (emphasis added). While this request is clearly overbroad, CNU has already identified Megan Staton who can testify regarding CNU's relationship with lead providers and knowledge of text messaging. CNU has always been willing to produce Ms. Staton for a deposition and will do so before the discovery closure date. Indeed, CNU's counsel advised Plaintiff's counsel that "Megan Staton (who was previously identified) generally has knowledge of SMS messages and can be made available for deposition." *See* Exhibit V to Plaintiff's Motion to Compel. Accordingly, there is no reason for CNU to amend its answer to Interrogatory No. 5.

> *b.  Interrogatory No. 6 seeks information well-beyond the text message at issue.*

Plaintiff also requests that CNU amend its answer to Interrogatory No. 6. CNU has already produced documents concerning the lead providers named as defendants in this lawsuit.

But to the extent Interrogatory No. 6 seeks information relating to CNU's other vendors, then it goes too far. This case is about a single text message campaign of which CNU had no knowledge. Nothing produced in discovery to date refutes this fact. Interrogatory No. 6 improperly attempts to expand the scope of this case to unrelated entities and activities. Indeed, while Plaintiff has attempted to bury CNU in discovery, Plaintiff has failed to make any connection between CNU and the relevant text message. Accordingly, CNU should not be required to amend its answer to Interrogatory No. 6.

## CONCLUSION

WHEREFORE, CNU respectfully requests that this Court deny Plaintiff's Motion to Compel in its entirety and enter whatever further relief this Court deems just and appropriate.

Dated: June 23, 2014

    LEWIS ROCA ROTHGERBER LLP

    By: /s/ Dan R. Waite
    Dan R. Waite
    Nevada Bar No.4078
    LEWIS ROCA ROTHGERBER, LLP
    3993 Howard Hughes Parkway, Suite 600
    Las Vegas, NV 89169
    Telephone: (702) 949-8200
    Facsimile: (702) 949-8398
    Email: dwaite@lrrlaw.com

    MCGUIREWOODS LLP

    By: /s/ Brian P. O'Meara
    Brian P. O'Meara
    *Pro Hac* Vice IL Bar No. 6275624
    77 West Wacker Drive Suite 4100
    Chicago, IL 60601-1818
    Telephone: 312-849-8100
    Facsimile: 312-920-6132
    Email: bomeara@mcguirewoods.com

    ***Attorneys for Defendant CNU Online Holdings, LLC, incorrectly sued as Enova International, Inc***.

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I hereby certify that on June 23, 2014, I caused the foregoing DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL be served on all counsel of record through the Court's CM/ECF system.

/s/ Dan R. Waite
An Attorney for Defendant

57723274_1