John Benedict, Esq.
LAW OFFICES OF JOHN BENEDICT
Nevada Bar No. 005581
2190 E. Pebble Road, Suite 260
Las Vegas, Nevada 89123
Telephone: (702) 333-3770
Facsimile: (702) 361-3685

Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Ryan D. Andrews (Admitted *Pro Hac Vice*)
randrews@edelson.com
John C. Ochoa (Admitted *Pro Hac Vice*)
jochoa@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff Flemming Kristensen*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| FLEMMING KRISTENSEN, individually and on behalf of a class of similarly situated individuals, | Case No. 2:12-CV-00528-APG-(PAL) |
| | CLASS ACTION |
| Plaintiff, | Judge: Hon. Andrew P. Gordon |
| v. | Magistrate: Hon. Peggy Leen |
| CREDIT PAYMENT SERVIECS INC., a Nevada corporation, f/k/a MY CASHNOW.COM INC., ENOVA INTERNATIONAL, INC., an Illinois corporation, PIONEER FINANCIAL SERVICES, INC., a Missouri corporation, LEADPILE LLC, a Delaware limited liability company, and CLICKMEDIA LLC d/b/a NET1PROMOTIONS LLC, a Georgia limited liability company, | **PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO COMPEL DEFENDANT ENOVA INTERNATIONAL, INC. TO PRODUCE DOCUMENTS AND AMENDED ANSWERS TO INTERROGATORIES** |
| Defendants. | |

## INTRODUCTION

Enova's Response attempts to distract this Court by repeatedly claiming that there is "no evidence" Enova did anything wrong in this case, and that this, incredibly, is somehow reason for it not to be compelled to produce relevant evidence it agreed to produce. Not only is this argument wrong,[1] it is laughable. The bottom line is that Enova <u>agreed</u> to produce documents responsive to search terms negotiated between Plaintiff and Enova back in September of 2013. This never happened. Instead, Enova has only provided excuses and proclamations of its innocence. All that Plaintiff asks is that Enova be ordered to finally produce the documents Plaintiff requested and that Enova has been promising for the last nine months. Enova's excuses as to why it shouldn't be compelled to produce documents are nonsensical and unsupported by the record.

As to Plaintiff's Interrogatory Nos. 5 & 6, Enova's attempts to explain its overbreath and relevance objections fall short. Enova's knowledge concerning text message marketing is a central issue towards establishing its vicarious liability for the text message transmissions here. The Federal Communications Commission, and this Court's March 26 Order certifying a class, held that a defendant's knowledge of text message marketing (or its willful ignorance), are relevant inquiries in the vicarious liability analysis. Enova provides no caselaw to support its contrary position, and does not even attempt to explain why the substantial authority presented by Plaintiff in his Motion is wrong. This Court should overrule Enova's objections and compel Enova to respond to these Interrogatories.

**A.   Enova Must Be Compelled to Produce Documents by a Date Certain**

Enova argues that it need not be compelled to produce documents because 1) it has updated Plaintiff about the status of its document search, 2) Plaintiff delayed in filing his Amended Complaint, and 3) that Plaintiff's search terms were overbroad. (Def. Mot. at 3-4.) All three arguments are without merit.

---

[1] Of course, there is substantial evidence in the record that Enova was involved in the text message marketing campaign alleged in Plaintiff's Complaint. Enova had direct contracts with both co-Defendants LeadPile and Net1Promotions LLC d/b/a Click Media for the purchase of interested borrowers (or "leads"), and further, Enova purchased thousands of such leads generated from the same website that appeared in the text message at issue in this case. (*See* Dkt. 113-1, ¶ 7 & Ex. F.)

First, Enova's "updates" about its nonproduction of documents do not excuse its failure to produce documents. As detailed in Plaintiff's Motion, Enova continually changed timelines for production, offered to produce documents on a "rolling basis" (but never did), and has no explanation why documents created post-2011 could not be produced over the last 8 months. Enova's claims about expending "countless hours and significant resources" are unsupported by affidavit, as they must be when claiming burden as a reason for nonproduction of documents. *See Jackson v. Montgomery Ward & Co., Inc.*, 173 F.R.D. 524, 528-29 (D. Nev. 1997). Its claims of burden are also belied by the fact that after such efforts, it has not produced any documents and cannot give a straight answer as to when the production will take place. This is why Plaintiff requires an Order setting a date certain that Enova will produce documents.

Second, Enova attempts to excuse its nearly one-year delay in producing documents by claiming that Plaintiff "delayed" in naming Enova as a Defendant in this case. Not only is this argument misleading,[2] but it also makes no sense. Enova has been a defendant in this case since April 26, 2013, and discovery has been open for over one year. Enova does not explain why these facts excuse its nonproduction of documents for almost one year after Plaintiff issued his initial document requests in May of 2013.

Third, Enova complains that Plaintiff "foisted" search terms upon it, and that they were "overbroad and unduly burdensome." To be clear, Enova does not make an overbreath or burden argument about the search terms that it agreed to use to search for and produce documents, and that are the subject of Plaintiff's Motion. Nor could it. Plaintiff and Enova held numerous meet-and-confers to tailor the search terms and assuage Enova's "overbreath" and "burden" concerns. The search terms that Plaintiff and Enova agreed to are narrowly tailored to obtain relevant documents in this case and largely mirror the terms this Court compelled co-defendant Credit Payment

---

[2] Plaintiff filed this action on March 29, 2012. (Dkt. 1.) Seven months later, on November 13, 2012, Plaintiff filed a motion for leave to amend his complaint and add additional Defendants, including Enova, based on discovery obtained. (Dkt. 26.) The Court did not rule on this Motion until February 22, 2013. (Dkt. 33.)

-3-

Services, Inc. to utilize when it ordered CPS to produce documents. As such Enova's exhortations that Plaintiff's original discovery requests were "overbroad" have no bearing to this Motion.[3]

**B.    Enova's Claim that the Number of Relevant Documents Is "Small" Does Not Excuse its Nonproduction of Documents**

Enova has been telling Plaintiff for months (and now the Court) that its document production will be "small." But this just raises the question: Why hasn't Enova produced the documents already? Enova's claim about a "small" universe of documents is purposefully vague about whether: 1) it actually searched for documents based on the search terms it agreed to; 2) it has compiled documents containing those search terms; and 3) how many documents actually exist. Enova instead uses its vague assertions about a "small" universe of documents to argue that it shouldn't be a Defendant in this lawsuit at all. If Enova really is "innocent" in this case (as it claims), it should complete its document production to prove it, rather than claiming it shouldn't be compelled to produce documents because it cannot be liable.

**C.    Enova Should Also Be Compelled to Amend its Answers to Plaintiff's Interrogatories**

Enova's explanations as to why it shouldn't be compelled to respond to Plaintiff's Interrogatory Nos. 5 & 6 center around overbreath and relevance objections. But Enova fails to support its objections with facts or law, and fails to rebut the legal basis Plaintiff presents in his Motion (and in his meet-and-confer letter to Enova) entitling him to this information. Enova should be compelled to provide answers to Plaintiff's Interrogatories.

Plaintiff's Interrogatory No. 5 asks Enova to:

> Identify all employees or agents of Enova who have knowledge of any SMS Messages, Including the Text Message identified in Plaintiff's Complaint, sent by or on behalf of Enova, LeadPile LLC, and/or Click Media during the Relevant Time Period.

Enova claims that this request is overbroad. But it is incumbent on Enova to explain why its overbreath objection to this Interrogatory should be sustained. *See Koninklijke Philips Electronics N.V. v. KXD Tech., Inc.,* 2:05CV01532RLH-GWF, 2007 WL 631950 (D. Nev. Feb. 26, 2007) ("the

---

[3] Plaintiff believes his initial requests were all proper, but agreed to meet-and-confer with Enova in the spirit of cooperativeness to attempt to ease Enova's discovery burden. Plaintiff's cooperation, however, has not been reciprocated by Enova, who still has not produced the discovery it agreed to.

-4-

Pl's Reply in Support of His Mot. to Compel Enova                No. 2:12-cv-00528-APG-(PAL)

objecting party must specifically detail the reasons why each request is irrelevant.") Enova does not even attempt to explain its objection, except to state in a conclusory fashion that "the request is clearly overbroad." (Def. Opp. at 5.) Plaintiff, on the other hand, outlined in his Motion why Enova's knowledge of text message marketing is relevant to ratification and other vicarious liability theories. (*See* Mot. at 4, 10.) Enova's failure to explain its objection or rebut Plaintiff's showing of relevance is grounds for this Court to overrule Enova's objection.

Enova's other excuses as to why it shouldn't have to respond to the Interrogatory fall flat. First, Enova relies on the undeclared representations of its counsel that it "had no involvement with the text message at issue" to justify its refusal to respond to Plaintiff's discovery. This argument warrants little discussion—if all a party had to do to avoid discovery is claim that "we didn't do it," then there would be no need for federal rules of discovery (or litigation, for that matter). Second, Enova claims that it has identified "Megan Staton" as a witness who can testify about its relationship with lead providers and knowledge of text messaging. But this response doesn't answer the Interrogatory as posed, which asks for Enova to identify all employees who have knowledge of SMS Messaging conducted on its behalf, or by its co-defendants, during the relevant time period. In fact, Enova's identification of Ms. Staton is not even responsive to the Interrogatory, as it only claims that she "generally has knowledge of SMS Messages." Enova must be ordered to conduct a reasonable inquiry and respond to the Interrogatory actually posed by Plaintiff.

Plaintiff's Interrogatory No. 6 asks Enova to:

> Identify any and all entities and/or persons with whom Enova has or had a contract or agreement (whether written or verbal) to create, design, or transmit SMS Messages, including the Text Message identified in Plaintiff's Complaint, during the Relevant Time Period.

Enova argues that this Interrogatory is "overbroad" because this case is about "a single text message campaign" and that "nothing produced in discovery refutes this fact." (Def. Opp. at 6.) Enova fails to acknowledge, however, that its liability for the text message campaign will be determined by federal common law agency principles, which the FCC has explained are broad, and which this Court wholesale adopted in its March 26 Order certifying a class.

Under these principles, Enova's knowledge of all its vendors' use of text message marketing is relevant to whether Enova "knew or should have known" that TCPA violations were occurring in this case, as well as how Enova reacted to its vendor's use of text message marketing. *See In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of California, Illinois, N. Carolina, & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (TCPA) Rules*, 28 F.C.C.R. 6574, ¶ 46 (2013). Both inquiries are relevant to Enova's liability, and at least one other Court has compelled analogous information in TCPA litigation. *See In re Monitronics Int'l, Inc.,* No. 5:11-cv-90, 2014 WL 316476, at *5 (N.D.W. Va. Jan. 28, 2014). Enova should be ordered to do likewise and answer Plaintiff's Interrogatory as posed.

**CONCLUSION**

For the reasons set forth above, as well as in Plaintiff's Motion to Compel Enova to Produce Documents and Amended Answers to Interrogatories, Plaintiff respectfully requests an Order:

1. Requiring Enova to produce all documents containing the search terms agreed to by the Parties (and listed on page 7 of Plaintiff's Motion to Compel Enova) within 14 days;
2. Overruling Enova's objections to Plaintiff's Interrogatory Nos. 5 & 6;
3. Requiring Enova to conduct a reasonable inquiry and provide responses to Interrogatory Nos. 5 & 6 as posed;
4. Awarding Plaintiff reasonable costs and attorneys fees incurred in pursuing this Motion under Fed. R. Civ. P. 37(a)(5)(A); and
5. Awarding any such further relief that this Court deems appropriate.

Respectfully submitted,

**FLEMMING KRISTENSEN**, individually and behalf of a Class of similarly situated individuals

Dated: June 30, 2014

By:/s/  John C. Ochoa
One of Plaintiff's Attorneys

John Benedict, Esq.

LAW OFFICES OF JOHN BENEDICT
Nevada Bar No. 005581
2190 E. Pebble Road, Suite 260
Las Vegas, Nevada 89123
Telephone: (702) 333-3770
Facsimile: (702) 361-3685
john.benedict.esq@gmail.com

Rafey Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Ryan D. Andrews (Admitted *Pro Hac Vice*)
randrews@edelson.com
John C. Ochoa (Admitted *Pro Hac Vice*)
jochoa@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff Flemming Kristensen*

-7-

**CERTIFICATE OF SERVICE**

I, John C. Ochoa, hereby certify that on June 30, 2014, I electronically filed the foregoing *Plaintiff's Reply in Support of Motion to Compel Defendant Enova International, Inc. to Produce Documents and Amended Answers to Interrogatories* with the Clerk of the Court using the CM/ECF system. Notice of this filing is sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated: June 30, 2014             /s/  John C. Ochoa
                                 John C. Ochoa