Steven Martin Aaron, Esq. (MO Bar No. 41653)
*Admitted Pro Hac Vice*
Gregory T. Wolf, Esq. (MO Bar No. 43717)
*Admitted Pro Hac Vice*
DENTONS US LLP
4520 Main Street, 11th Floor
Kansas City, MO 64111-7700
Telephone: (816) 460-2400
Facsimile:   (816) 531-7545
steven.aaron@dentons.com
gregory.wolf@dentons.com

Martin L. Welsh, Esq.
Nevada State Bar No. 8720
LAW OFFICE OF HAYES & WELSH
199 North Arroyo Grande Blvd., Suite 200
Henderson, Nevada 89074
Telephone: (702) 434-3444
Facsimile:   (702) 434-3729
mwelsh@lvlaw.com

*Attorneys for Defendant*
*CREDIT PAYMENT SERVICES, INC.*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| FLEMMING KRISTENSEN, individually, and on behalf of a class of similarly situated individuals,<br><br>                              Plaintiff,<br><br>v.<br><br>CREDIT PAYMENT SERVICES, INC.,<br>a Nevada corporation,<br>f/k/a MYCASHNOW.COM INC.,<br>ENOVA INTERNATIONAL, INC.,<br>an Illinois corporation,<br>PIONEER FINANCIAL SERVICES, INC.,<br>a Missouri corporation,<br>LEADPILE LLC,<br>a Delaware limited liability company, and<br>CLICKMEDIA, LLC d/b/a NET1PROMOTIONS<br>LLC, a Georgia limited liability company,<br><br>                              Defendants. | Case No. 2:12-CV-00528-APG (PAL)<br><br>**CREDIT PAYMENT SERVICES, INC.'S REPLY TO MOTION FOR LEAVE TO AMEND ITS ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT** |

1

82472602\V-1

CPS submits this Reply brief in further support of its Motion for Leave to Amend its Answer to the First Amended Class Action Complaint.  CPS seeks leave to amend its Answer to Plaintiff's First Amended Complaint to conform its pleading with the evidence discovered over the course of this litigation.  Further, CPS seeks to amend its Answer to ensure that its Answer is consistent with its discovery responses.   Plaintiff opposes CPS' Motion for no other reason than it believes CPS should have sought the amendment earlier.   Plaintiff ignores the fact that CPS sought this amendment before the close of discovery, and immediately after CPS served discovery responses that demonstrated the discrepancy between its Answer and its discovery responses.  CPS believes its Amended Answer will benefit all parties in this litigation, and will provide clarity and efficiency as this suit progresses.

**I.     CPS has demonstrated good cause pursuant to Rule 16 for the requested amendment.**

Plaintiff is correct in asserting that after the date to file amended pleadings has passed, a party requesting leave to amend its answer must demonstrate that good cause exists for the requested amendment.     *See* Fed. Rule Civ. P. 16.  The good cause standard precludes modification of a Court's scheduling order unless the schedule cannot "be met despite the diligence of the party seeking the extension." *Id.* Advisory Committee Note.

In this case, CPS diligently continued to investigate Plaintiff's claims as this case progressed.   In responding to Plaintiff's discovery, CPS realized that its earlier response to Paragraph 11 of the First Amended Complaint may have been unclear.  In it, CPS denied it caused harm to consumers by effectuating unauthorized text messages.  CPS intended this answer to convey that it did not send unauthorized text messages, therefore it could not cause consumers harm through such text messages.  This may not have been clear from the answer as stated, however, therefore CPS sought leave to amend to clarify that it did not send any unauthorized text messages, therefore it could not have caused harm by sending such messages.  CPS also seeks to add an affirmative defense reflecting its belief that because all members opted-in to receive such text messages, it cannot be liable in this action.  This is consistent with CPS' discovery responses served after it answered the First Amended Complaint.  This is also consistent with deposition

82472602\V-1

1   testimony provided after CPS answered the First Amended Complaint.  For example, in collecting
2   documents to respond to Plaintiff's requests for production, CPS discovered that while it did send
3   text messages to consumers, it only sent such messages to customers who opted in to receive such
4   messages.  CPS therefore sought to amend its Answer to clarify its position on this point, and to
5   ensure that its answer matched the discovery responses it had served.

6       Good cause exists to grant the requested amendment to ensure that CPS' pleadings
7   conform to the evidence discovered and CPS' discovery responses.

8       **II.    Leave to Amend Should be Granted Pursuant to Rule 15.**

9       If good cause is shown under Rule 16, then the Court must consider whether an
10  amendment is proper under Rule 15.  *See, e.g., King Taco Restaurant, Inc. v. King Taco Exp., Inc.,*
11  No. 2:08-cv-00281, 2008 WL 7487135  (D. Nev. Oc. 28, 2008).  When considering whether to
12  grant leave to amend under Rule 15, the Court considers five factors: (1) bad faith; (2) undue
13  delay; (3) prejudice to opposing party; (4) futility of amendment; and (5) whether the party has
14  previously amended its pleading.  *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir. 1990).
15  Prejudice is the most important factor to consider.  *Zenith Radio Corp. v. Hzeltine Res. Inc.,* 401
16  U.S. 321, 330-331 (1971).  Absent prejudice, or a strong showing under any of the other factors, a
17  presumption exists in favor of granting leave to Amend. *Eminence Capital, LLC, v. Aspeon, Inc.,*
18  316 F.3d 1048, 1052 (9th Cir . 2003).  *See also* Fed. R. Civ. P. 15(a)(2) (courts "should freely give
19  leave [to amend] when justice so requires.");  *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("leave
20  sought should, as the rules require, be 'freely given'").

21      Each of these factors weighs in favor of granting an amendment in this case.

22      CPS has not previously sought to amend its Answer, nor has it delayed in seeking the
23  proposed amendment. CPS requested leave to file its amended answer shortly after the Court
24  certified the class action in this case and before discovery has closed[1].  In fact, CPS has sought

25  _____

26  [1] Plaintiff incorrectly alleges CPS' request for leave to amend its answer should be denied
    because discovery has closed in this case.  This representation is incorrect. The discovery
27  deadline in this matter was extended to July 25 by Court Order.   (Doc. 190, Minutes of
    Proceedings held on May 29, 2014).  Discovery not only continues but Plaintiff has recently
28  asked Defendants to each produce multiple corporate witnesses for depositions in July.  *See*
    **Exhibit 1**.

1    leave to amend before Plaintiff has deposed any witness affiliated with CPS.  Additionally, this

2    case is so far from the dispositive motion deadline that one has not yet been set.  Plaintiff makes

3    much of the fact that this case has been pending for over a year (a delay that is not due to CPS).

4    This length of pendency, however, is no reason for denial of CPS' request for leave to amend.

5    Quite the opposite, the amount of time that has expired since CPS filed its Answer to the First

6    Amended Complaint justifies its requested amendment.  This length of time has allowed CPS to

7    thoroughly investigate the issues in this suit, and that investigation has lead to it uncovering

8    evidence that supports its requested amendment.

9         Even if Plaintiff is correct that CPS waited too long to seek its amendment, delay by itself

10   is insufficient ground to deny a motion to amend.  *DCD Prog., Ltd. v. Leighton,* 833 F.2d 183, 186

11   (9th Cir. 1987).

12        Furthermore, CPS does not propose this amendment in bad faith.  CPS' requested

13   amendment is the result of CPS' review of discovery documents and pleadings produced before

14   CPS' counsel appeared in this matter, and CPS' counsel's good faith investigation into this matter.

15   For example, after CPS completed its most recent round of discovery, it realized that its answers

16   to that discovery did not comport with the Answer filed at the start of this litigation, before

17   investigation and discovery had began.

18        Also, CPS' requested amendment does not result in unfair surprise or prejudice to Plaintiff.

19   First, and foremost, this amendment does not necessitate any additional discovery; nor does it

20   require Plaintiff to reissue discovery or redepose any witness. CPS has already addressed these

21   issues in its responses to Plaintiff's discovery requests, therefore it does not render any responses

22   moot.  Furthermore, Plaintiff has not yet deposed any CPS witness, therefore there is no argument

23   that this amended Answer necessitates an additional deposition in order to inquire regarding its

24   new responses.  As discovery has not closed, Plaintiff has had ample opportunity to delve into

25   these issues through discovery.  For example, Plaintiff recently asked to conduct two depositions

26   of CPS representatives.  If Plaintiff has any questions regarding the proposed amendment, Plaintiff

27   may inquire regarding the pleading at these two depositions.

28

82472602\V-1

In addition, no other party to this action has opposed the requested amendment. Because no party will incur prejudice as a result of this amendment, CPS' request for leave should be granted. *See, e.g., King Taco Restaurant, Inc. v. King Taco Exp., Inc.,* No. 2:08-cv-00281, 2008 WL 7487135 (D. Nev. Oc. 28, 2008) (granting request for leave to amend answer out of time, in part, because Plaintiff would not suffer any prejudice as a result of the amendment).

Leave to amend would not be futile, as the evidence already supports the amendment. *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988) (proposed amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid defense). Furthermore, Plaintiff's arguments regarding the futility of CPS' seventh affirmative defense regarding consent and/or opting-in to receive text messages is nothing more than a dispute regarding semantics. Plaintiff agrees that Courts recognize that whether a consumer consents to receive, or opted-in to receive, a text message is an affirmative defense to TCPA liability. *See, e.g, Grant v. Capital Mgmt. Servs., L.P.,* 449 Fed. App'x 598, 600 n1 (9th Cir. 2011). Plaintiff's dispute regarding CPS' wording of this dispute does not provide a basis to deny CPS' requested amendment pursuant to Federal Rule of Civil Procedure 15.

### III.   Conclusion

CPS seeks to amend its Answer to clarify certain of those facts and to ensure its pleadings conform with the facts as discovered in this matter. The requested amendment is not the result of any undue delay, bad faith or dilatory motive. Good cause exists and the request is not submitted for any improper purpose. No party will be prejudiced by the filing of CPS' first amended answer.

WHEREFORE, Defendant Credit Payment Services, Inc., respectfully request this Court grant leave to Defendant Credit Payment Services, Inc. to file its First Amended Answer to First Amended Class Action Complaint, and for such other and further relief as the Court deems necessary, proper and just.

82472602\V-1

1    DATED:  June 30, 2014                    DENTONS US LLP

2                                                     _____/s/ Steven Martin Aaron_____
                                                      Steven Martin Aaron, Esq.
3                                                     (*pro hac* vice) MO Bar # 41653
                                                      Gregory T. Wolf, Esq.
4                                                     (*pro hac vice*) MO Bar #43717
                                                      4520 Main Street, 11th Floor
5                                                     Kansas City, MO 64111-7100

6

7                                                     LAW OFFICE OF HAYES & WELSH

8                                                     _____*/s/ Martin L. Welsh*_____
9                                                     Martin L. Welsh, Esq.
                                                      Nevada State Bar No. 8720
10                                                    199 North Arroyo Grande Blvd., Suite 200
                                                      Henderson, Nevada 89074
11                                                    ***Attorneys for Defendant***
                                                      ***Credit Payment Services, Inc.***
12

13   IT IS SO ORDERED

14
     Dated: _____
15

16                                                    _____
17                                                    UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28

82472602\V-1

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to FRCP 5(b), I certify that on June 30, 2014, I caused the above and foregoing document entitled CREDIT PAYMENT SERVICES, INC.'S REPLY TO MOTION FOR LEAVE TO AMEND ITS ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT to be served on all counsel of record through the Court's CM/ECF system.


_____ /s/ *Steven Martin Aaron*_____
An Attorney for Defendants

82472602\V-1