1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7
8
9
10
11

FLEMMING KRISTENSEN,

                                          Plaintiff,

        v.

CREDIT PAYMENT SERVICES, INC., et al.,

                                          Defendants.

Case No. 2:12-cv-00528-APG-PAL

ORDER

(Mot. To Compel – Dkt. #189)

12    The court conducted a hearing on Plaintiff's Motion to Compel Defendant Enova

13 International, Inc. to Produce Documents and Amend Answers to Interrogatories (Dkt. #189) on

14 July 1, 2014.  John Ochoa appeared on behalf of the Plaintiff.  Chad Fears, Dan Waite, Martin

15 Welsh, Ryan Mitchem, Brian O'Meara, and Robert Spake appeared on behalf of the Defendants.

16 The court has considered the Motion, Defendants Response (Dkt. #201), Plaintiff's Reply (Dkt.

17 #205) and the arguments of counsel at the hearing.

18                                      **BACKGROUND**

19    This dispute involves requests for production of documents and interrogatories served

20 May 31, 2013.  Discovery responses were served after multiple extensions were given on July

21 26, 2013.  The parties agreed to a set of search terms to search for and retrieve electronically

22 stored information ("ESI") on September 4, 2013.  Defendant Enova advised counsel for the

23 Plaintiff that ESI created before December 2011, was stored on a separate operating system

24 housed with the parent company, Cash America.  Counsel for Defendant represented that it was

25 an old archiving system that could not run the searches requested, and that Cash America was in

26 the process of moving to another archiving system and that it would take ten to twelve weeks for

27 the system to be functional.  Counsel for Enova expected to begin producing responsive ESI

28 documents on a rolling basis by the end of December 2013.

The motion to compel was filed May 28, 2014, when Enova had still not produced any responsive documents or indicated when responsive documents prior to December 2011, would be produced.  Plaintiff also seeks to compel Enova to provide amended answers to Interrogatory Nos. 5 and 6, also served May 31, 2013.

During oral argument the court inquired of counsel for Enova whether the computer conversion process had been completed, and if so, when, as its response to the motion to compel did not provide this information.  Counsel for Enova, Brian O'Meara, represented to the court that he had communicated with his client the day before and was advised that the conversion process was abandoned in late-March 2014 as infeasible.  A consultant retained by the parent company was unable to complete the process.  As a result, the company "ran the entire system" to manually retrieve documents based on the agreed-upon search terms for the period January 1, 2010 forward.  This produced 64,000 pages of documents which are being manually reviewed by a contract attorney and in-house counsel for relevant responsive documents.  The Defendant committed to producing documents from this first batch within fourteen days.  However, with respect to 2009 documents, Enova believed it would take an additional sixty days to run the system to retrieve documents using the agreed-upon key words and review them for relevant and responsive documents.

## DISCUSSION

The motion to compel does not seek to compel responses to any specific requests for production.  The motion does, however, address boilerplate objections to the requests.  During oral argument, it became apparent that the parties have a dispute concerning the scope of the Defendant's production of responsive ESI.  Plaintiff took the position that some of its discovery requests require the production of all documents culled as a result of the key word search.  Counsel for Enova disputes this, and indicates that it only agreed to produce relevant documents responsive to Plaintiff's specific requests.

The court has reviewed the Defendant's response to the requests for production of documents which contain two pages of general objections followed by responses and objections to virtually every request.  The boilerplate objections do not preserve any objections and make it

impossible to determine whether Enova has merely objected "for the record" and has either produced all responsive documents or certified under penalty of Rule 26(g) that is has no responsive documents.  The objections are overruled.  The court will require Enova to serve supplemental responses to the requests for production which make it clear whether it has any responsive documents and if so, whether it has withheld any responsive documents on the basis of privilege or on any other grounds.  Any withheld documents shall be listed on a privileged document log that fully complies with Rule 26(b)(5).

Enova has also asserted boilerplate objections to Interrogatory Nos. 5 and 6 which are overruled and stricken.  The court will compel Enova to provide full and complete answers to Interrogatory Nos. 5 and 6, without objection.

Finally, counsel for Enova alerted the court that an Order (Dkt. #202) granting a motion to withdraw entered June 26, 2014, erroneously indicated that the dispositive motion deadline is July 24, 2014.  Although the court's Scheduling Order (Dkt. #167) established a July 24, 2014 dispositive motion deadline, that deadline has been extended by stipulation and order to fifteen days after the deadline for class members to opt out.  The parties are in the process of preparing a notice plan for the district judge's consideration, and expect a 56-day opt-out period.

Having reviewed and considered the moving and responsive papers and the arguments of counsel,

**IT IS ORDERED** that:

1.    Plaintiff's Motion to Compel is **GRANTED**, and Enova shall have until **July 15, 2014,** in which to serve amended responses to Plaintiff's requests for production of documents and amended answers to Interrogatory Nos. 5 and 6.

2.    Enova shall have until **July 15, 2014**, in which to produce documents responsive to Plaintiff's discovery requests for the time period of January 1, 2010, through the date of the complaint.

3.    Counsel for the parties shall meet and confer concerning production of responsive ESI prior to January 1, 2010.

4.     A hearing is scheduled for **August 5, 2014, at 9:30 a.m.**  At the hearing the court will address the Defendant's compliance with this order, and any disputes concerning the adequacy of the responses compelled by this order including the parties' proposals concerning 2009 responsive ESI.

5.     Counsel for the parties shall submit a stipulation and proposed order memorializing the remaining deadlines once the notice plan has been approved by the district judge.

DATED this 1st day of July,  2014.


PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE