UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FLEMMING KRISTENSEN,<br><br>         Plaintiff,<br><br>v.<br><br>CREDIT PAYMENT SERVICES, INC., et al.,<br><br>         Defendants. | Case No. 2:12-cv-00528-APG-PAL<br><br>ORDER<br><br>(Mtn to Seal – Dkt. #213) |

   This matter is before the court on Defendant Credit Payment Services, Inc.'s ("CPS") Motion for Leave to File Documents Under Seal Pursuant to Civil LR 10-5 (Dkt. #213) filed July 21, 2014. The court has considered the Motion.

   CPS seeks an order pursuant to Local Rule of Civil Practice 10-5(b) allowing it to file Exhibits 2 and 6 to its Opposition (Dkt. #214) to Plaintiff Flemming Kristensen's Motion to Compel (Dkt. #199) under seal. Exhibit 2 is the Expert Declaration of Lisa C. Snow, which was designated "Attorney's Eyes Only" pursuant to the Protective Orders (Dkt. ##32, 145) entered by the court to facilitate discovery exchanges in this case. Exhibit 6 is deposition transcript excerpts from the deposition of James Gee, which was designated confidential under the Protective Orders. CPS contends good cause exists to file the exhibits under seal because they contain "confidential and proprietary business information" and because the documents were designated confidential/attorney's eyes only under the Protective Orders.

   As an initial matter, CPS has not complied with LR 10-5 in filing this Motion to Seal. Although the Motion indicates CPS would file the exhibits under seal contemporaneously with the Motion to Seal, it has not. Accordingly, the court cannot properly evaluate the documents. LR 10-5 requires CPS to electronically file its Opposition, including all exhibits, under seal along with a contemporaneous motion to seal.

Further, Additionally, CPS's reliance on the Protective Orders is misplaced. The Protective Orders provide that their purpose is to facilitate discovery exchanges. *See* Protective Order (Dkt. #32) at ¶ 1; Amended Protective Order (Dkt. #145) at ¶ 1. The parties did not show, and the court did not find, that any specific documents were secret or confidential.

Additionally, CPS's conclusory statement that the exhibits contain "confidential and proprietary business information" is insufficient to meet its burden of making a *particularized* showing of good cause for each item they seek to file under seal. *See Kamakana v. City and County of Honolulu,* 447 F.3d 1172 (9th Cir. 2006). CPS must make the required particularized showing for each document it seeks to seal by showing that "specific prejudice or harm will result." *See, e.g., San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not satisfy the Rule 26(c) test." *Foltz v. State Farm Mut. Auto Ins. Co.,* 331 F.3d 1122, 1130 (9th Cir. 2003) (citing *Beckman Ind., Inc. v. Internat'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992)). CPS not asserted or shown specific harm or prejudice that will result from disclosure of any particular document it seeks to seal.

Accordingly,

**IT IS ORDERED:**

1. CPS's Motion to Seal (Dkt. #213) is DENIED WITHOUT PREJUDICE.
2. CPS shall file the exhibits requested to be sealed in this motion, under seal in compliance with LR 10-5(b).
3. CPS shall have until **August 6, 2014,** in which to file a Memorandum of Points and Authorities and any supporting declaration or affidavit to make a particularized showing of good cause why Exhibits 2 and 6 should remain under seal.

Dated this 23rd day of July, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE