UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FLEMMING KRISTENSEN, | Case No. 2:12-cv-00528-APG-PAL |
| Plaintiff, | ORDER |
| v. | (Mtn to Seal – Dkt. #213) |
| CREDIT PAYMENT SERVICES, INC., et al., | |
| Defendants. | |

This matter is before the court on Defendant Credit Payment Services, Inc.'s ("CPS") Response to Court Order Denying Motion to Seal (Dkt. #224) filed August 6, 2014. The court has considered the Response.

On July 21, 2014, CPS filed a Motion to Seal (Dkt. #213), seeking leave pursuant to Local Rule of Civil Practice 10-5(b), to file Exhibits 2 and 6 to its Opposition (Dkt. #214) to Plaintiff Flemming Kristensen's Motion to Compel (Dkt. #199) under seal. Exhibit 2 is the Expert Declaration of Lisa C. Snow, which was designated "Attorney's Eyes Only" pursuant to the Protective Orders (Dkt. ##32, 145) entered by the court to facilitate discovery exchanges in this case. Exhibit 6 is deposition transcript excerpts from the deposition of James Gee, which was designated confidential under the Protective Orders. CPS did not specify which party designated these materials as confidential in its Motion to Seal. In an Order (Dkt. #217) entered July 25, 2014, the court denied CPS's Motion to Seal without prejudice because CPS failed to make a particularized showing of good cause for sealing the exhibits as required by the Ninth Circuit. The court allowed CPS to submit points and authorities to support its request to file the exhibits under seal.

CPS complied and filed the Response, which clarifies that Exhibit 2 was designated confidential by Defendant LeadPile, and Exhibit 6 was designated confidential by Plaintiff

1. Flemming Kristensen pursuant to the terms of the Protective Orders (Dkt. ##32, 145). As set forth in the court's previous Order, CPS's reliance on the Protective Orders is misplaced. The Protective Orders provide that their purpose is to facilitate discovery exchanges. *See* Protective Order (Dkt. #32) at ¶ 1; Amended Protective Order (Dkt. #145) at ¶ 1. The parties did not show, and the court did not find, that any specific documents were secret or confidential. The court appreciates that the Motion to Seal and the Response were filed to comply with CPS's obligation to treat documents designated by other parties as confidential, but a statement that other parties have designated these materials as confidential does not establish good cause for sealing the documents attached to a non-dispositive filing as required by the Ninth Circuit in *Kamakana v. City and County of Honolulu,* 447 F.3d 1172 (9th Cir. 2006).

Accordingly,

**IT IS ORDERED:**

1. Defendant LeadPile shall have until **August 26, 2014,** in which to file a Memorandum of Points and Authorities and any supporting declaration or affidavit to make a particularized showing of good cause why Exhibit 2, the Declaration of Lisa Snow, should remain under seal.

2. Plaintiff Flemming Kristensen shall have until **September 5, 2014,** in which to file a Memorandum of Points and Authorities and any supporting declaration or affidavit to make a particularized showing of good cause why Exhibit 6, excerpts from transcripts from the deposition of James Gee, should remain under seal.

3. The Exhibits (Dkt. ##218-1 and 218-2) shall remain under seal until August 26, 2014. If Defendant LeadPile fails to timely comply with this Order, the Clerk of Court is directed to unseal Exhibit 2 (Dkt. #218-1) to make it available on the public docket. If Plaintiff fails to timely comply with this Order, the Clerk of Court is directed to unseal Exhibit 6 (Dkt. #218-2) to make it available on the public docket.

Dated this 22nd day of August, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE