John Benedict, Esq.
LAW OFFICES OF JOHN BENEDICT
Nevada Bar No. 005581
2190 E. Pebble Road, Suite 260
Las Vegas, Nevada 89123
Telephone: (702) 333-3770
Facsimile: (702) 361-3685

Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Ryan D. Andrews (Admitted *Pro Hac Vice*)
randrews@edelson.com
John C. Ochoa (Admitted *Pro Hac Vice*)
jochoa@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff Flemming Kristensen and the Class*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| FLEMMING KRISTENSEN, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT PAYMENT SERVIECS INC., a Nevada corporation, f/k/a MY CASHNOW.COM INC., ENOVA INTERNATIONAL, INC., an Illinois corporation, PIONEER FINANCIAL SERVICES, INC., a Missouri corporation, LEADPILE LLC, a Delaware limited liability company, and CLICKMEDIA LLC d/b/a NET1PROMOTIONS LLC, a Georgia limited liability company,<br><br>Defendants. | Case No. 2:12-CV-00528-APG-(PAL)<br><br>CLASS ACTION<br><br>Judge: Hon. Andrew P. Gordon<br><br>Magistrate: Hon. Peggy Leen<br><br>**PLAINTIFF'S MOTION TO SET/RESET THE DISPOSITIVE MOTION DEADLINE** |

Plaintiff Flemming Kristensen and the certified Class, by and through their undersigned counsel files this *Motion to Set/Reset the Dispositive Motion Deadline.*

Respectfully submitted,

FLEMMING KRISTENSEN, individually and behalf of a Class of similarly situated individuals

Dated: October 23, 2014

By:   /s/  John C. Ochoa
One of Plaintiff's Attorneys

John Benedict, Esq.
LAW OFFICES OF JOHN BENEDICT
Nevada Bar No. 005581
2190 E. Pebble Road, Suite 260
Las Vegas, Nevada 89123
Telephone: (702) 333-3770
Facsimile: (702) 361-3685
john.benedict.esq@gmail.com

Ryan D. Andrews (Admitted *Pro Hac Vice*)
randrews@edelson.com
Rafey Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
John C. Ochoa (Admitted *Pro Hac Vice*)
jochoa@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff Flemming Kristensen*

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Flemming Kristensen respectfully requests the Court to set a dispositive motion deadline that takes the Parties pending and ongoing discovery disputes into account.  This motion is brought in good faith and is supported by good cause.  First, despite that the Court directed the Parties to submit a proposed order setting the remaining deadlines (which would include the dispositive motion deadline), Defendants have refused to do so.  Second, Plaintiff is currently awaiting a decision on his Motion to Compel Defendant Credit Payment Services, Inc. ("CPS") to produce documents and amended discovery responses, which, as that motion explained, are highly relevant to the merits of this case (and by extension, his forthcoming cross-motion for summary judgment). (Dkt. 199.)  Third, on October 21, 2014, Defendant Enova International, Inc. ("Enova") supplemented its discovery responses with an additional 6,000 pages of documents that Plaintiff must now review and analyze.  Further, Enova has not even confirmed whether its production is in fact complete.

Accordingly, Plaintiff requests that the Court sets the dispositive motion deadline for a date forty-five (45) days after it has ruled on the pending motion to compel against CPS so that Plaintiff is not forced engage in dispositive motion practice until <u>after</u> all relevant evidence has been produced. In support of this Motion, Plaintiff states as follows:

**I.     This Court's July 1, 2014 Order Directed the Parties to Submit a Proposed Order Setting Remaining Deadlines, but Defendants Have Refused to Comply**

1.     On July 1, 2014, this Court entered an Order directing the Parties to submit a stipulation and proposed order memorializing the remaining deadlines in this case. (Dkt. 208.)[1]

---

[1] The Court had previously set the dispositive Motion deadline as July 24, 2014 by Order. (Dkt. 167.)  But on May 5, 2014, Defendants submitted a "Joint Motion" (to which Plaintiff did not join) requesting, *inter alia*, an extension of the discovery schedule, and that the dispositive motion deadline be set for a time 15 days after the opt-out period in this case expired.  On May 29, 2014, the Court entered a minute order granting Defendant's Motion to extend the discovery deadline "for the purposes outlined in the motion . . . and not for all purposes." (Dkt. 190.)  The Court did not formally set remaining dispositive motion deadlines in this Order, but the Defendants are proceeding as if the Court had.  In the Court's later Order dated July 1, 2014, it directed the Parties to submit a proposed Order setting remaining deadlines after the Court approved Plaintiff's Notice Plan. (Dkt. 208.)

2. Plaintiff attempted to obtain Defendants' stipulation to set the dispositive motion deadline at a time after the Court ruled on his outstanding motion to compel Defendant CPS. (Declaration of John C. Ochoa ("Ochoa Decl.") ¶¶ 2, 4.)

3. Defendant CPS refused to stipulate to setting the dispositive motion deadline in this way, claiming that none of Plaintiff's discovery requests were "relevant" to the issues in this case—suggesting that Plaintiff should file his dispositive motion before the resolution of his Motion to Compel against CPS. (*Id.* ¶ 3.)

4. The remaining Defendants would also not agree to stipulate (*id.* ¶ 4), and believe that the dispositive Motion deadline is October 24, 2014 (which is 15 days after the opt-out period for class members in this case closed), despite any order actually setting the deadline.

**II.  Certain Defendants Have Not Complied with Their Discovery Obligations**

5. Good cause exists to set the dispositive motion deadline for a time after the Court rules on Plaintiff's pending motion to compel against CPS, because CPS (as well as co-defendant Enova) have not complied with their discovery obligations, and it would be unfair, inefficient, and contrary to controlling authority to force Plaintiff to file his dispositive motion before Defendants have complied with their discovery obligations. As set forth below, Plaintiff has acted diligently in seeking this discovery, and the delays are the result of Defendants' resistance to discovery, and not Plaintiff's lack of diligence.

**A.  Enova Has Not Completed Its Document Production**

6. Plaintiff filed a motion to compel Defendant Enova on May 28, 2014, asking that this Court Order Enova to produce documents. On July 1, 2014, this Court granted Plaintiff's Motion, struck Enova's objections to discovery, and directed Defendant to produce documents and amend its discovery responses by July 15, 2014. (Dkt. 208.)

7. On July 15, 2014, Enova produced amended responses to Plaintiff's discovery requests, and also produced approximately 50 pages of documents. Because Plaintiff was still unable to determine whether Enova was withholding documents, he initiated further meet-and-confers, and raised the issue with the Court at the August 7, 2014 hearing. (Ochoa Decl. ¶ 5; dkt. 225.)

1  8. After multiple meet-and-confers, and another subsequent amendment to Defendant's discovery responses, Plaintiff was able to convince Defendant Enova to produce additional documents relating to its relationship with co-defendants LeadPile LLC and Click Media without resorting to more motion practice. (Ochoa Decl. ¶¶ 5-6.) On October 21, 2014—just two days prior to this filing and only three days before the supposed dispositive motion deadline—Enova produced approximately 6,000 pages worth of documents. (*Id.* ¶ 7.) Enova still has not confirmed whether its production is complete. (*Id.* ¶ 8.)

### B. Plaintiff's Motion to Compel CPS Remains Pending

9. On June 19, 2014, Plaintiff filed a Motion to Compel Defendant CPS to produce documents and provide meaningful discovery responses to Plaintiff's second sets of discovery requests, which sought documents and information related to several theories of vicarious liability in this case that were endorsed by this Court when it granted Plaintiff's Motion for Class Certification. (Dkt. 199.)

10. In response, CPS attempted to amend some, but not all, of its responses to the discovery requests that Plaintiff moved to compel. As outlined in Plaintiff's Reply in support of his Motion to Compel, many of CPS's attempted "amendments" still failed to comply with its discovery obligations, and CPS ignored other requests altogether. (*See* dkt. 222.)

11. In addition, as the Court noted at oral argument on the motion, CPS also failed to provide verifications to any of its Interrogatory responses, meaning that this evidence (to the extent CPS provided meaningful responses) is inadmissible in summary judgment proceedings. *Guffey v. A.W. Chesterton Co.*, MDL 875, 2012 WL 5395035 (E.D. Pa. Aug. 28, 2012) (citing Fed. R. Civ. P. 56(c)(1)(A), Fed. R. Civ. P. 33(b)(3) and Fed. R. Evid. 801(c)).

12. Although counsel for CPS represented to the Court at oral argument on Plaintiff's Motion to Compel CPS on August 7, 2014 that "when I get back to my office, we will have a certification on the interrogatories signed and provided to the plaintiff," and that person would be

prepared to be deposed, CPS still, inexplicably, has not provided the verification to Plaintiff as it promised the Court it would.  (Ochoa Decl. ¶ 9.)[2]

13. Once Plaintiff receives meaningful responses to his discovery requests on CPS, he will be in a position to file a fulsome motion for summary judgment that addresses all outstanding issues in this case.

**III. The Dispositive Motion Deadline Should Be Set for a Time After All Defendants Have Complied with their Outstanding Discovery Obligations**

14. As set forth above, Plaintiff has been diligent in attempting to obtain the outstanding discovery from Enova and CPS, and has resorted to numerous meet-and-confers and motion practice to obtain this information.

15. Without receiving and being given the opportunity to analyze the outstanding discovery from Enova, Plaintiff cannot prepare a summary judgment brief that will address the liability of all Defendants in this case.

16. Similarly, the Court's ruling on Plaintiff's Motion to Compel CPS may result in the production of additional evidence by CPS (not to mention that CPS still has not verified its Interrogatory responses) relevant to the vicarious liability issues in this case.

17. Summary judgment briefing is "disfavored where relevant evidence remains to be discovered." *Haney v. Nelson*, 476 F. App'x 147 (9th Cir. 2012).

18. In situations such as this where discovery remains outstanding, courts do not hesitate to grant motions extending dispositive motion deadlines. *See Knight v. Lowry*, 3:CV-10-2168, 2013 WL 5739085, at *2 (M.D. Pa. Oct. 22, 2013); *see also Steadfast Ins. Co. v. Dobbas*, CIV.S-05-0632FCDJFM, 2007 WL 715655, at *2-3 (E.D. Cal. Mar. 8, 2007) (vacating prior deadline for dispositive motion over defendant's objection because evidence that is the subject of a pending motion to compel "may be relevant to the claims brought by Plaintiffs.").

---

[2] As detailed in Plaintiff's briefing on his Motion to Compel, and as raised at oral argument on Plaintiff's Motion, CPS provided vague, evasive answers to Plaintiff's discovery that bears on vicarious liability issues endorsed by the District Court in this case, vaguely referred Plaintiff to "documents already produced," and appeared to have conducted an insufficient "reasonable inquiry" before providing its responses.

-4-

Plaintiff's Motion to Set/Reset the Dispositive Motion Deadline        No. 2:12-cv-00528-APG-(PAL)

19. Furthermore, parties are normally only allowed to file one summary judgment brief absent leave of the Court, and successive summary judgment motions are "disfavored" by courts. *Luster v. Schomig*, 2:04-CV-00281-LRH, 2010 WL 4539525, at *1 (D. Nev. Nov. 2, 2010); *Boise Tower Associates, LLC v. Washington Capital Joint Master Trust*, CV 03-141-S-MHW, 2007 WL 1035158 (D. Idaho Apr. 2, 2007) *aff'd,* 321 F. App'x 694 (9th Cir. 2009).

20. Because courts in this Circuit allow only one summary judgment brief (to prevent "piecemeal" summary judgment briefing), and because addressing the liability of all the Defendants in this case in one brief with all the relevant evidence available would be the most efficient use of the parties' and the Court's time and resources, Plaintiff requests that the dispositive Motion deadline be set for a time 45 days after the Court has issued a ruling on Plaintiff's pending Motion to Compel CPS.

21. Plaintiff's Proposed Deadline will not prejudice Defendants in this case, who are still free to file their dispositive motions at any time they choose. Further, no trial date has been set yet, so setting the dispositive motion deadline in the way requested in this Motion will not delay proceedings.

22. Plaintiff brings this motion in good faith and not for reasons of delay—Plaintiff intends on moving for summary judgment promptly after receiving a ruling on his Motion to Compel Defendant CPS, and will take further steps to ensure that CPS and Enova comply with their discovery obligations including, if necessary, seeking further relief from this Court.

**WHEREFORE,** Plaintiff respectfully requests that this Court re-set the dispositive motion deadlines for a time forty-five (45) days after a ruling on Plaintiff's Motion to Compel Defendant CPS, or such other time that the Court deems reasonable and just.

Respectfully submitted,

**FLEMMING KRISTENSEN**, individually and behalf of a Class of similarly situated individuals

Dated: October 23, 2014

By: /s/ John C. Ochoa
One of Plaintiff's Attorneys

1
2    John Benedict, Esq.
     LAW OFFICES OF JOHN BENEDICT
3    Nevada Bar No. 005581
     2190 E. Pebble Road, Suite 260
4    Las Vegas, Nevada 89123
     Telephone: (702) 333-3770
5    Facsimile: (702) 361-3685
     john.benedict.esq@gmail.com
6
     Rafey Balabanian (Admitted *Pro Hac Vice*)
7    rbalabanian@edelson.com
     Ryan D. Andrews (Admitted *Pro Hac Vice*)
8    randrews@edelson.com
     John C. Ochoa (Admitted *Pro Hac Vice*)
9    jochoa@edelson.com
     EDELSON PC
10   350 North LaSalle Street, Suite 1300
     Chicago, Illinois 60654
11   Tel: 312.589.6370
     Fax: 312.589.6378
12
     *Attorneys for Plaintiff Flemming Kristensen*
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

    I, John C. Ochoa, hereby certify that on October 23, 2014, I electronically filed the foregoing *Plaintiff's Motion Set/Reset Dispositive Motion Deadlines* with the Clerk of the Court using the CM/ECF system. Notice of this filing is sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


Dated: October 23, 2014　　　　　　　　　　　/s/  John C. Ochoa
　　　　　　　　　　　　　　　　　　　　　　　John C. Ochoa