Steven Martin Aaron, Esq. (MO Bar No. 41653)
*Admitted Pro Hac Vice*
Gregory T. Wolf, Esq. (MO Bar No. 43717)
*Admitted Pro Hac Vice*
DENTONS US LLP
4520 Main Street, 11th Floor
Kansas City, MO 64111-7700
Telephone:  (816) 460-2400
Facsimile:   (816) 531-7545
steven.aaron@dentons.com
gregory.wolf@dentons.com

Martin L. Welsh, Esq.
Nevada State Bar No. 8720
LAW OFFICE OF HAYES & WELSH
199 North Arroyo Grande Blvd., Suite 200
Henderson, Nevada 89074
Telephone:  (702) 434-3444
Facsimile:   (702) 434-3729
mwelsh@lvlaw.com

*Attorneys for Defendant*
*CREDIT PAYMENT SERVICES, INC.*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FLEMMING KRISTENSEN, individually, and on behalf of a class of similarly situated individuals,<br><br>                              Plaintiff,<br>v.<br><br>CREDIT PAYMENT SERVICES, INC., a Nevada corporation, f/k/a MYCASHNOW.COM INC., ENOVA INTERNATIONAL, INC., an Illinois corporation, PIONEER FINANCIAL SERVICES, INC., a Missouri corporation, LEADPILE LLC, a Delaware limited liability company, and CLICKMEDIA, LLC d/b/a NET1PROMOTIONS LLC, a Georgia limited liability company,<br><br>                              Defendants. | Case No. 2:12-CV-00528-APG (PAL)<br><br>DEFENDANT CREDIT PAYMENT SERVICES, INC.'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL L.R. 10-5 |

1

83265286\V-1

COMES NOW Defendant Credit Payment Services, Inc. ("CPS"), by and through its counsel, pursuant to Civil Local Rule 10-5, and hereby submits this Motion for leave to file certain documents under seal in connection with Defendant Credit Payment Service, Inc.'s Motion for Summary Judgment and Memorandum in Support (the "Motion"). Further, Defendant states as follows:

1. A Stipulated Protective Order was entered in this case on January 11, 2013. (Dkt. 32), to provide guidelines regarding the exchange of confidential information between the Plaintiff and all Defendants (the "Parties"). A First Amended Stipulated Protective Order was entered in this case on January 30, 2014 (Doc. 145) to add provisions for highly confidential information exchanged between the Parties (together, Doc 32 and Doc 145 are hereafter referred to as (the "Protective Order").

2. Defendant also seeks to file under seal pursuant to Civil L.R. 10-5, Exhibit 5 to the Opposition, further described as deposition transcript excerpts containing testimony of Michael Ferry, taken January 10, 2014 in this litigation. This deposition transcript was designated as Confidential pursuant to the Protective Order, and as such, this document is requested to be filed under seal.

3. Defendant also seeks to file under seal pursuant to Civil L.R. 10-5, Exhibit 6 to the Opposition, further described as deposition transcript excerpts containing testimony of James Gee, taken January 23, 2014 in this litigation. This deposition transcript was designated as Confidential pursuant to the Protective Order, and as such, this document is requested to be filed under seal.

4. Defendant also seeks to file under seal pursuant to Civil L.R. 10-5, Exhibit 7 to the Opposition, further described as Deposition Exhibit 9, a June 28, 2011 Publishing Agreement between Click Media and AC Referral. This document was by produced by Defendant Click Media in this litigation, and was designated as Confidential pursuant to the Protective Order, and as such, this document is requested to be filed under seal.

5. Defendant also seeks to file under seal pursuant to Civil L.R. 10-5, Exhibit 11 to the Opposition, further described as deposition transcript excerpts containing testimony of Planitiff Flemming Kristensen, taken January 21, 2014 in this litigation. This deposition transcript

1  was designated as Confidential pursuant to the Protective Order, and as such, this document is
2  requested to be filed under seal.

3        6.     Defendant seeks to file under seal pursuant to Civil L.R. 10-5, Exhibit 14 to the
4  Opposition, further described as the Expert Declaration of Lisa C. Snow.  This document was
5  designated "Attorneys' Eyes Only" because it contains confidential business and customer
6  information of the Defendants in this action.

7        7.     The documents in paragraphs 2 through 6 above have been designated as
8  "Confidential" and "Attorneys Eyes Only" pursuant to the Protective Order because they contain
9  confidential and proprietary business information. The Protective Order contemplates that
10 confidential, proprietary, or private information may be disclosed during the course of discovery,
11 and that the Parties shall follow the procedures set forth in Civil Local Rule 10-5 for filing
12 confidential documents under seal.

13       8.     Paragraph 12.4 of the agreed-to Protective Order provides:

> […] [A] Party may not file in the public record in this action any Protected Material.  A party that seeks to file under seal any Protected Material must comply with Civil Local Rule 10-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

(Dkt. 145, emphasis added).

      9.     Protected Material is defined by the Protective Order to include any "Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." (Dkt. 145, ¶ 2.14).

      10.    Pursuant to Paragraphs 12.4 and 2.14 of the Protective Order, CPS moved to file Exhibits 5, 6, 7, 11, and 14 filed in support the Motion.

      11.    As the non-designating party, CPS is not in a position to remove the confidential and/or AEO designations from Exhibits 5, 6, 7, 11 and 14.

      12.    If the Court desires that Exhibits 5, 6, 7, 11, and 14 should be available to the public, CPS has no objection.  CPS filed its Motion to Seal in an abundance of caution to ensure it complied with the Protective Order.

83265286\V-1

13. Good cause exists for allowing Defendant to file the above-referenced exhibits under seal in order to avoid disclosure of confidential or proprietary business information; because the subject documents have been designated as "Confidential" and "Attorneys Eyes Only" pursuant to the Protective Order entered into by the Parties; and because the documents were produced or generated during discovery subject to the same Protective Order.

14. Pursuant to Local Rule 10-5 and the District of Nevada's ECF Filing Procedures, contemporaneously with the filing of this Motion, Defendant will file the exhibits referenced in paragraphs 2 through 6 above under seal and will serve a paper copy on all parties, in addition to delivering a paper copy to this Court.

WHEREFORE, Defendant respectfully requests that this Court enter an Order granting Defendants' Motion for Leave to File Document Under Seal.

DATED:  October 24, 2014         DENTONS US LLP

        /s/ Gregory T. Wolf
Steven Martin Aaron, Esq.
(*Pro hac* vice) MO Bar # 41653
Gregory T. Wolf, Esq.
(*Pro hac vice*) MO Bar #43717
4520 Main Street, 11th Floor
Kansas City, MO 64111-7100

LAW OFFICE OF HAYES & WELSH

        /s/ Martin L. Welsh
Martin L. Welsh, Esq.
Nevada State Bar No. 8720
199 North Arroyo Grande Blvd., Suite 200
Henderson, Nevada 89074

***Attorneys for Defendant***
***Credit Payment Services, Inc.***

IT IS SO ORDERED

Dated: _____

_____
UNITED STATES DISTRICT JUDGE

83265286\V-1

4

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that on October 24, 2014, I caused the above and foregoing document entitled MOTION FOR LEAVE TO FILE CERTAIN DOCUMENTS UNDER SEAL to be served on all counsel of record through the Court's CM/ECF system.

                                                      */s/ Gregory T. Wolf*
                                                 An Attorney for Defendants

83265286\V-1