UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FLEMMING KRISTENSEN,<br><br>                               Plaintiff,<br><br>v.<br><br>CREDIT PAYMENT SERVICES, INC., et al.,<br><br>                               Defendants. | Case No. 2:12-cv-00528-APG-PAL<br><br>ORDER<br><br>(Mtn to Seal – Dkt. #245) |

This matter is before the court on Defendant LeadPile LLC's Motion for Leave to File Documents Under Seal (Dkt. #245). No response to the Motion was filed, and the time for filing one has now run. The court has considered the Motion.

LeadPile seeks an order pursuant to LR 10-5(b) for leave to file the following documents that were designated confidential or attorney's eyes only pursuant to the terms of the Protective Orders (Dkt. ##32, 145) under seal:

- Exhibit A to the Declaration of K. Chris Colling in Support of LeadPile's Motion for Terminating Sanctions (Dkt. #241), which contains deposition transcript excerpts from the deposition of James Gee, taken January 23, 2014. LeadPile represents the deposition transcript was designated confidential under the Protective Orders.
- Exhibit B to the Collins Declaration, which contains deposition transcript excerpts from the deposition of Michael Ferry, taken January 10, 2014. LeadPile represents the deposition transcript was designated confidential under the Protective Orders.
- Exhibit C to the Collins Declaration, which contains email correspondence between AC Referral, 360 Date Management, and ClickMedia, dated April 2, 2014. LeadPile represents the correspondence was designated confidential under the Protective Orders.

- Exhibit D to the Collins Declaration, which contains deposition transcript excerpts from the deposition of Plaintiff Flemming Kristensen, taken January 21, 2014. LeadPile represents the deposition transcript was designated confidential under the Protective Orders.
- Exhibit E to the Collins Declaration, which contains Edelson's Client Retainer Agreement/Engagement Letter with Plaintiff, dated February 9, 2012. LeadPile represents this document was designated confidential under the Protective Orders.
- Exhibit F to the Collins Declaration, which contains Plaintiff's purchase order receipt for the purchase of a new hard drive, dated February 17, 2012. LeadPile represents the purchase order was designated confidential under the Protective Orders.

As an initial matter, LeadPile's reliance on the Protective Orders is misplaced. The Protective Orders provide that their purpose is to facilitate discovery exchanges. *See* Protective Orders (Dkt. ##32, 145). The parties did not show, and the court did not find, that any specific documents were secret or confidential. In addition, LeadPile's conclusory assertion that the exhibits contain "confidential or proprietary business information or private, personal information" is insufficient to meet its burden of making a particularized showing of good cause for each item it seeks to file under seal. *See generally Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172 (9th Cir. 2006). A movant must make the required particularized showing for each document it seeks to seal by showing that "specific prejudice or harm will result." *See, e.g., San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not satisfy the Rule 26(c) test." *Foltz v. State Farm Mut. Auto Ins. Co.,* 331 F.3d 1122, 1130 (9th Cir. 2003) (citing *Beckman Ind., Inc. v. Internat'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992)). The court appreciates that LeadPile filed the Motion to Seal to comply with its obligations under the Protective Orders, but it has not asserted or shown any specific harm or prejudice that will result from disclosure of any particular document it seeks to seal.

Accordingly,

/ / /

**IT IS ORDERED:**

1. LeadPile LLC's Motion to Seal (Dkt. #245) is DENIED WITHOUT PREJUDICE.

2. The party/parties who designated the documents attached as Exhibits A-F to the Collins Declaration shall have until **November 26, 2014,** to file a Memorandum of Points and Authorities and any supporting declaration or affidavit to make a particularized showing of good cause why these individual Exhibits should remain under seal.

3. Exhibits A-F shall remain under seal until **November 26, 2014.** If any party who designated a particular document as confidential under the Protective Order fails to timely comply with this order, the Clerk of Court is directed to unseal that Exhibit and make it available on the public docket.

Dated this 12th day of November, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE