UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FLEMMING KRISTENSEN,<br><br>                              Plaintiff,<br><br>v.<br><br>CREDIT PAYMENT SERVICES, INC., et al.,<br><br>                              Defendants. | Case No. 2:12-cv-00528-APG-PAL<br><br>ORDER |

This matter is before the court on Defendant LeadPile LLC's Response to the Court's Order Dated August 22, 2014, Requesting Points and Authorities Setting Forth Good Cause for Keeping the Declaration of Lisa Snow Under Seal (Dkt. #230) and Plaintiff Flemming Kristensen's Memorandum of Points and Authorities in Response to the Court's August 22, 2014, Order Regarding Filing Exhibit 6 Under Seal (Dkt. #231).  The court has considered the Response and the Memorandum of Points and Authorities.

On July 21, 2014, Defendant Credit Payment Services, Inc. ("CPS") filed a Motion to Seal (Dkt. #213), seeking leave pursuant to LR 10-5(b) to file Exhibits 2 and 6 to its Opposition (Dkt. #214) to Plaintiff's Motion to Compel (Dkt. #199) under seal.  Exhibit 2 is the Expert Declaration of Lisa C. Snow, which was designated "Attorney's Eyes Only" pursuant to the Protective Order (Dkt. ##32, 145) entered by the court to facilitate discovery exchanges in this case.  Exhibit 6 are deposition transcript excerpts from the deposition of James Gee, which was designated "Confidential" under the Protective Orders.

The court entered an Order (Dkt. #217) denying the Motion to Seal without prejudice because CPS failed to make a particularized showing of good cause for sealing the Exhibits.  The court allowed CPS to file points and authorities to support its request.  CPS filed a Response

(Dkt. #224) indicating that LeadPile designated Exhibit 2 as "Attorney's Eyes Only," and Plaintiff designated Exhibit 6 as confidential, and it only filed the Motion to Seal to comply with its obligations under the Protective Orders.

In an Order (Dkt. #229) entered August 22, 2014, the court directed LeadPile and Plaintiff to file points and authorities establishing particularized good cause for keeping their respective documents under seal. Both parties complied.

**I.      Exhibit 2: Expert Declaration of Lisa C. Snow (Dkt. #230).**

LeadPile represents that it is unnecessary to keep the entire Snow Declaration under seal, and only Exhibit 4 thereto should remain under seal because it contains personal identifier information of non-party consumers. Specifically, Exhibit 4 contains ninety-three pages of consumer telephone numbers that received text messages from telephone numbers 330-564-6316, 808-989-5389, and 209-200-0084. The court finds that LeadPile has stated good cause to seal the personal identifiers of non-party consumers. *See, e.g., Ruffin v. Dir. Nev. Dept. of Corr.*, 2009 WL 1294423 at *3 (D. Nev. May 4, 2009) (finding a compelling need existed to protect an individual's personal identifying information from improper use by public disclosure that outweighed the public's interest in open access to court records). LeadPile requests permission to file a redacted version of the Snow Declaration, with only Exhibit 4 to the Declaration to be filed under seal. The Ninth Circuit has recognized that filing documents in the public record, while redacting identifying information (i.e., names, addresses, telephone numbers, and social security numbers) about third parties, is preferable to filing an entire document under seal. *See, e.g., Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1137 (9th Cir. 2003). Accordingly, LeadPile's request to file a redacted version of the Snow Declaration in the public record along with an unredacted version of Exhibit 4 to Snow Declaration under seal will be granted.

**II.     Exhibit 6: Deposition Transcript Excepts from Deposition of James Gee (Dkt. #231).**

With respect to Exhibit 6, Plaintiff represents that it did not designate any portion of Exhibit 6, or any of the deposition transcripts of James Gee at all, as confidential, and he does

/ / /

1 | not believe it should be so designated. Plaintiff asserts that Exhibit 6 need not remain under seal
2 | and should be made available on the public docket.

Having reviewed and considered the matter,

**IT IS ORDERED:**

1. Defendant LeadPile LLC shall file a redacted version of the Expert Declaration of Lisa C. Snow on the public docket, redacting Exhibit 4, which contains personal identifiers of non-parties, no later than **November 26, 2014**.
2. Defendant LeadPile LLC shall file an unredacted version of the Expert Declaration of Lisa C. Snow under seal no later than **November 26, 2014.**
3. The Clerk of Court shall unseal Exhibit 6 to CPS' Response to the Motion to Compel, which was separately filed under seal, and shall link it to the Response (Dkt. #214). *See* Exhibit 6 (Dkt. #218-2).

Dated this 12th day of November, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE