Ryan W. Mitchem (TN #022196)
Michael K. Alston (TN #013697)
K. Chris Collins (TN #029109)
HUSCH BLACKWELL LLP
736 Georgia Avenue, Suite 300
Chattanooga, Tennessee 37402
Telephone: (423) 755-2663

Patricia Lee (NV #8287)
Joseph R. Ganley (NV #5643)
HUTCHISON & STEFFEN
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
Telephone: (702) 385-2500
Facsimile: (702) 385-2086

*Attorneys for Defendant LeadPile LLC*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| FLEMMING KRISTENSEN, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT PAYMENT SERVICES, INC., a Nevada corporation, f/k/a MYCASHNOW.COM INC., ENOVA INTERNATIONAL, INC., an Illinois corporation, PIONEER FINANCIAL SERVICES, INC., a Missouri corporation, LEADPILE LLC, a Delaware limited liability company, and CLICKMEDIA, LLC d/b/a NET1PROMOTIONS LLC, a Georgia limited liability company,<br><br>Defendants. | Case No. 2:12-CV-00528-APG (PAL)<br><br>JURY DEMANDED<br><br>**AMENDMENT AND SUPPLEMENT TO LEADPILE'S MOTION FOR TERMINATING SANCTIONS OR, ALTERNATIVELY, EVIDENTIARY SANCTIONS FOR INTENTIONAL SPOLIATION OF EVIDENCE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: Hon. Andrew P. Gordon<br><br>Magistrate: Hon. Peggy A. Leen |

Defendant LeadPile LLC ("LeadPile"), by and through its counsel, submits this Amendment and Supplement (the "Amendment and Supplement") to LeadPile's Motion for Terminating Sanctions or, Alternatively, Evidentiary Sanctions for Intentional Spoliation of Evidence; Memorandum of Points and Authorities (Dkt. 241) (the "Motion").[1] Attached hereto as Exhibit 1 is the Supplemental Declaration of K. Chris Collins ("Collins Supp. Decl."). Attached hereto as Exhibit 2 is a revised version of LeadPile's Motion, as amended and supplemented by this Amendment and Supplement and LeadPile's Notice of Errata of LeadPile's Motion for Terminating Sanctions or, Alternatively, Evidentiary Sanctions for Intentional Spoliation of Evidence; Memorandum of Points and Authorities, and Declaration of K. Chris Collins, filed concurrently herewith.

## INTRODUCTION

Twelve days after LeadPile filed its Motion, Plaintiff, instead of responding timely to the Motion, sent a Rule 11 Motion to counsel. Plaintiff indicated as much in his Request for Extension to Respond to the Motion (Dkt. 252).[2] Plaintiff's threatened Rule 11 Motion addressed four alleged violations of Rule 11 by LeadPile. Upon review, LeadPile has determined that, in terms of Rule 11 sanctions, Plaintiff's proposed motion is meritless.

---

[1] At the time of filing of this Amendment and Supplement to the Motion, CPS, Inc. has formally joined the Motion and Pioneer Financial Services, Inc. has referenced the Motion and the arguments contained therein in its Motion for Summary Judgment.

[2] As Plaintiff cited the 21-day "safe harbor" period in his Request for Extension as a basis for extending the date of the hearing, it should be noted that LeadPile views Plaintiff's proposed Rule 11 Motion as baseless and has no intention of withdrawing the Motion. The only issue LeadPile views as having merit is addressed in this Amendment and Supplement. Further, because the proposed Rule 11 motion specifically references LeadPile's claims pertaining to Pioneer's correspondence with Plaintiff, LeadPile has again conferred with counsel for Defendant Pioneer Financial Services, Inc. ("Pioneer") regarding those claims, just as it did prior to filing its original Motion, and was able to reconfirmed the veracity of the claims Plaintiff questions.

However, one issue raised by Plaintiff did provide LeadPile with notice of an inadvertent misstatement of fact contained in its Motion.

LeadPile's Motion stated that Plaintiff received the text message on his second iPhone and that he destroyed relevant evidence from his third iPhone shortly after he received it back from counsel. [LeadPile's Motion, Dkt. 241, Page 9, Lines 11-14; P. 12, fn. 3.] While it is correct that Plaintiff received the text message on his second iPhone, it is incorrect that it was his third iPhone that he cleared of all relevant ESI. Indeed, it would appear that the more accurate statement is even worse for Plaintiff. The truth of the matter is that it was the second iPhone – the iPhone on which the text message was received – that Plaintiff cleared of relevant ESI. Further, Plaintiff did not clear the relevant ESI from that iPhone after he got it back from counsel. He did so before sending it to counsel. Since then, Edelson has maintained possession of the device and "preserved" what evidence remains, which consists solely of the text messages Plaintiff claims are unlawful.

Ultimately, the issue regarding Plaintiff's destruction of relevant evidence contained on his iPhone is raised in six total lines of LeadPile's 30-page Motion, and as noted above, the correction of LeadPile's misstatement actually bolsters LeadPile's position as to Plaintiff's spoliation. Nevertheless, the duty of candor requires that LeadPile correct this misstatement. Accordingly, LeadPile now files this Amendment and Supplement to the Motion and states as follows:

### AMENDMENT AND SUPPLEMENT

1. Subsection (I)(D) of the Motion is hereby amended to read as follows:

**D. The Timing of Plaintiff's Destruction of Evidence Raises Several Questions**

Within the first few weeks after retaining Edelson as counsel, and only about a month prior to initiating his class action lawsuit, Plaintiff replaced and destroyed his computer's hard drive. See Collins Decl., Ex. E, Edelson Engagement Letter dated February 9, 2012 (indicating that Plaintiff retained Edelson as counsel on February 9, 2012); Collins Decl., Ex. F, Purchase Order for New Hard Drive dated February 17, 2012 (indicating that Plaintiff placed an order for his new hard drive requesting overnight delivery 8 days after signing Edelson's engagement letter). Moreover, Plaintiff's destruction of his hard drive is hardly the only manner in which Plaintiff destroyed or otherwise failed to preserve potentially relevant ESI.

Plaintiff also wiped all relevant data from the iPhone on which the text message was received. Collins Supp. Decl., Ex. A, Excerpts from Plaintiff's Deposition, 48:21-24, 49:1-2, 181:1-20; see also Collins Supp. Decl., Ex. A, Excerpts from Plaintiff's Deposition, 149:20-24, 150:1-24, 151:1-17 (providing background evidence as to which of Plaintiff's three iPhones received the text message and Plaintiff's subsequent clearing of all data other than allegedly unlawful text messages he received). At the same time, Plaintiff made sure to preserve every allegedly unlawful text message that iPhone had received. Collins Supp. Decl., Ex. A, Excerpts from Plaintiff's Deposition, 48:21-24, 49:1-18. This occurred just before Plaintiff sent his iPhone to his counsel for "preservation" of evidence. Collins Supp. Decl., Ex. A, Excerpts from Plaintiff's Deposition, 48:21-24, 49:1-2, 181:1-13. Additionally, Plaintiff knowingly permitted his email accounts to continue to routinely delete emails, including marketing emails that may have provided additional insight into the manner of Plaintiff's consent, by knowingly failing to turn off the autodelete function. Collins Decl., Ex. D, Excerpts from Plaintiff's Deposition, 147:1-25, 148:1-23.

2. Footnote 3 on Page 12 of the Motion is amended to read as follows:

Notwithstanding the absurdity of Plaintiff's assertions regarding the relevance of other ESI, Plaintiff admits that the ESI from his cellphone is relevant. However, due to Plaintiff having cleared that cellphone of all relevant evidence, other than the allegedly unlawful text messages Plaintiff had an interest in preserving, that relevant ESI is completely unavailable to Defendants.

## CONCLUSION

The changes reflected herein relate solely to the issue of which iPhone Plaintiff cleared of all relevant ESI and the timing of that destruction. That issue does not form the basis for LeadPile's Motion. Indeed, while supportive of the overall theme of Plaintiff's intentional destruction of relevant ESI, it is referenced in only six total lines of LeadPile's original 30-page Motion. Further, as noted above, the correction of LeadPile's misstatement with regards to that issue actually bolsters LeadPile's position as to Plaintiff's spoliation. LeadPile will not be withdrawing its Motion. The record is clear. Plaintiff intentionally destroyed relevant ESI contained on multiple devices. Those actions warrant case-dispositive sanctions, and LeadPile requests the Court impose the same and dismiss Plaintiff's claims with prejudice. However, should the Court choose to impose a lesser sanction, LeadPile requests the Court, at a minimum, to enter an Order (a) precluding Plaintiff from contesting the issue of his consent; and (b) granting an adverse inference instruction to the jury that the jury may infer that the evidence Plaintiff destroyed would have been harmful to his position on the issue of consent.

Lastly, regardless of which sanction the Court ultimately chooses to impose, LeadPile also requests the Court levy monetary sanctions against Plaintiff to (1) compensate LeadPile for the expense it has incurred in pursuing this motion, including its attorney fees, and (2) deter

against similar future conduct that is aimed at, or otherwise results in, the willful misuse of the judicial system and frivolous exhaustion of a court's time and resources.

HUSCH BLACKWELL LLP

DATED: November 14, 2014     By:   *s/K. Chris Collins*
                                    Ryan W. Mitchem (TN #022196)
                                    Michael K. Alston (TN #013697)
                                    K. Chris Collins (TN #029109)
                                    736 Georgia Avenue, Suite 300
                                    Chattanooga, Tennessee 37402

                                    Patricia Lee (NV #8287)
                                    Joseph R. Ganley (NV #5643)
                                    Peccole Professional Park
                                    10080 West Alta Drive, Suite 200
                                    Las Vegas, Nevada 89145

                                    *Attorneys for Defendant LeadPile LLC*

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that on this 14th day of November, 2014, I caused the above and foregoing document entitled **AMENDMENT AND SUPPLEMENT TO LEADPILE'S MOTION FOR TERMINATING SANCTIONS OR, ALTERNATIVELY, EVIDENTIARY SANCTIONS FOR INTENTIONAL SPOLIATION OF EVIDENCE; MEMORANDUM OF POINTS AND AUTHORITIES** to be served as follows:

Pursuant to Fed. R. Civ. P. 5(b) and Section IV of District of Nevada Electronic Filing Procedures, to be served **via electronic service**; or to all attorneys of record according to the Court's CM/ECF system.

*s/K. Chris Collins*