1

2

3

4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

* * *

7

FLEMMING KRISTENSEN,

8

Plaintiff,

9

v.

10

CREDIT PAYMENT SERVICES, INC., et al.,

11

Defendants.

12

Case No. 2:12-cv-00528-APG-PAL

ORDER

(Mtn to Seal – Dkt. #258)

13      This matter is before the court on Defendant LeadPile LLC's Motion for Leave to File

14 Documents Under Seal (Dkt. #258) filed November 14, 2014.  The court has considered the

15 Motion.

16      Defendant LeadPile seeks an order pursuant to Local Rule of Civil Practice 10-5(b), to

17 file Exhibit 1 to its Errata (Dkt. #257) to its Motion for Discovery Sanctions (Dkt. #241) under

18 seal.  Exhibit 1 contains excerpted portions of the deposition transcript of Michael Ferry/360

19 Data Management, taken January 10, 2014, which was designated confidential pursuant to the

20 Protective Orders (Dkt. ##32, 145) entered by the court to facilitate discovery exchanges in this

21 case.  LeadPile asserts that compelling reasons exist to file these transcript pages under seal to

22 "avoid disclosure of confidential or proprietary business information or private, personal

23 information" and because these pages were designated confidential under the Protective Order.

24      As an initial matter, LeadPile has not complied with LR 10-5 in filing the Motion to Seal

25 because it has not filed the excerpted deposition transcript pages under seal, and as a result, the

26 court cannot properly evaluate the documents.[1]  Additionally, as the court has explained in

27

28

---

[1] LeadPile may have inadvertently attached the pages to its unsealed Motion to Seal (Dkt. #258).  If that is the case, counsel for LeadPile should call the Clerk of Court and ask that Exhibit 1 to the Motion to Seal be sealed until the court can evaluate the propriety of the request to seal.

several previous Orders, LeadPile's reliance on the Protective Orders is misplaced.  *See, e.g.,* Orders (Dkt. ##217, 229, 255).  The Protective Orders provide that their purpose is to facilitate discovery exchanges.  *See* Protective Order (Dkt. #32) at ¶ 1; Amended Protective Order (Dkt. #145) at ¶ 1.  In entering the Protective Orders, the parties did not show, and the court did not find, that any specific documents were secret or confidential.   Furthermore, LeadPile's conclusory assertion that the Exhibit contains "confidential business information and/or personal information" is insufficient to meet its burden of making a particularized showing of good cause for each excerpted page it seeks to file under seal.  LeadPile must make the particularized showing for each document it seeks to seal by showing that "specific prejudice or harm will result."  *See, e.g., San Jose Mercury News, Inc. v. U.S. Dist. Ct.,* 187 F.3d 1096, 1103 (9th Cir. 1999).  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not satisfy the Rule 26(c) test."  *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1130 (9th Cir. 2003 (citing *Beckman Ind., Inc. v. Internat'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992)).  LeadPile has not asserted or shown specific harm or prejudice that will result from disclosure of any particular document it seeks to seal.

The court appreciates that the Motion to Seal was filed to comply with LeadPile's obligation to treat documents designated by other parties as confidential, but a statement that other parties have designated these materials as confidential does not establish good cause for sealing the documents attached to a non-dispositive filing as required by the Ninth Circuit in *Kamakana v. City and County of Honolulu,* 447 F.3d 1172 (9th Cir. 2006).

Accordingly,

**IT IS ORDERED:**

1. Defendant LeadPile's Motion to Seal (Dkt. #258) is DENIED WITHOUT PREJUDICE.

2. Defendant LeadPile shall file the excerpted pages it seeks to seal under seal or shall request the Clerk seal Exhibit 1 to the Motion to Seal (Dkt. #258) if those are the excerpted deposition transcript pages at issue.

/ / /

/ / /

3.   The party/parties who designated the excerpted pages attached as Exhibit 1 to LeadPile's

Errata (Dkt. #257) shall have until **December 2, 2014,** to file a memorandum of points

and authorities setting forth good cause why these pages should remain under seal.

Dated this 18th day of November, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE