UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FLEMMING KRISTENSEN, | Case No. 2:12-cv-00528-APG-PAL |
| Plaintiff, | ORDER |
| v. | (Mtn to Seal – Dkt. #260) |
| CREDIT PAYMENT SERVICES, INC., et al., | |
| Defendants. | |

This matter is before the court on Defendant LeadPile LLC's Motion for Leave to File Documents Under Seal (Dkt. #260) filed November 14, 2014.  The court has considered the Motion.

Defendant LeadPile seeks an order pursuant to Local Rule of Civil Practice 10-5(b), to file Exhibit A to the Supplemental Declaration of K. Chris Collins (Dkt. #259) to its Motion for Discovery Sanctions (Dkt. #241) under seal.  Exhibit A contains excerpted portions of the deposition transcript of Plaintiff Flemming Kristensen, taken January 21, 2014, which was designated confidential pursuant to the Protective Orders (Dkt. ##32, 145) entered by the court to facilitate discovery exchanges in this case.  LeadPile asserts that compelling reasons exist to file these transcript pages under seal to "avoid disclosure of confidential or proprietary business information or private, personal information" and because these pages were designated confidential under the Protective Orders.

As the court has explained in several previous Orders, LeadPile's reliance on the Protective Orders is misplaced.  *See, e.g.,* Orders (Dkt. ##217, 229, 255).  The Protective Orders provide that their purpose is to facilitate discovery exchanges.  *See* Protective Order (Dkt. #32) at ¶ 1; Amended Protective Order (Dkt. #145) at ¶ 1.  In entering the Protective Orders, the parties

did not show, and the court did not find, that any specific documents were secret or confidential. Furthermore, LeadPile's conclusory assertion that the Exhibit contains "confidential business information and/or personal information" is insufficient to meet its burden of making a particularized showing of good cause for each excerpted page it seeks to file under seal. LeadPile must make the particularized showing for each document it seeks to seal by showing that "specific prejudice or harm will result." *See, e.g., San Jose Mercury News, Inc. v. U.S. Dist. Ct.,* 187 F.3d 1096, 1103 (9th Cir. 1999). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not satisfy the Rule 26(c) test." *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1130 (9th Cir. 2003 (citing *Beckman Ind., Inc. v. Internat'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992)). LeadPile has not asserted or shown specific harm or prejudice that will result from disclosure of any particular document it seeks to seal.

The court appreciates that the Motion to Seal was filed to comply with LeadPile's obligation to treat documents designated by other parties as confidential, but a statement that other parties have designated these materials as confidential does not establish good cause for sealing the documents attached to a non-dispositive filing as required by the Ninth Circuit in *Kamakana v. City and County of Honolulu,* 447 F.3d 1172 (9th Cir. 2006).

Accordingly,

**IT IS ORDERED:**

1.  Defendant LeadPile's Motion to Seal (Dkt. #260) is DENIED WITHOUT PREJUDICE.

2.  The party/parties who designated the excerpted pages attached as Exhibit A to the Supplemental Declaration of K. Chris Collins (Dkt. #259) shall have until **December 2, 2014,** to file a memorandum of points and authorities setting forth good cause why these pages should remain under seal.

3.  Exhibit A to the Supplemental Declaration of K. Chris Collins (Dkt. #260-1) shall remain under seal until December 2, 2014. If the designating party fails to timely comply with

/ / /

/ / /

/ / /

- 2 -

this Order, the Clerk of Court is directed to unseal Exhibit A (Dkt. #260-1) to make it available on the public docket.

Dated this 18th day of November, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE