Chad R. Fears (Nevada Bar No. 6970)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
cfears@swlaw.com
Telephone: (702) 784-5200
Facsimile: (702) 784-5252

Russell S. Jones, Jr. (*Pro Hac Vice*)
James M. Humphrey, IV (*Pro Hac Vice*)
Robert V. Spake, Jr. (*Pro Hac Vice*)
POLSINELLI PC
900 W. 48th Place, Suite 900
Kansas City, MO 64112
rjones@polsinelli.com
jhumphrey@polsinelli.com
rspake@polsinelli.com
Telephone: (816) 753-1000
Facsimile: (816) 753-1536

*Attorneys for Defendant Pioneer Services*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FLEMMING KRISTENSEN,<br><br>        Plaintiff,<br><br>v.<br><br>CREDIT PAYMENT SERVICES INC., *et al.*,<br><br>        Defendants. | Case No. 2:12-CV-00528-APG (PAL)<br><br>**DEFENDANT PIONEER SERVICES' REPLY IN SUPPORT OF ITS <u>FIRST</u> FED. R. CIV. P. 56 MOTION: MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM FOR RELIEF** |

Defendant MidCountry Bank (referred to herein as its division "Pioneer Services" (improperly named "Pioneer Financial Services, Inc." in Plaintiff's First Amended Class Action Complaint)) files this reply in support of its First Federal Rule of Civil Procedure Rule 56 Motion: Motion for Summary Judgment on Plaintiff's Claim for Relief.

**Pioneer Services' Reply in Support of Its Motion for Summary Judgment**　　　　　　　　　　Case No. 12-cv-00528-APG (PAL)

**INTRODUCTION**

Pioneer Services has stressed from the beginning of this litigation that it had nothing to do with the complained-of text message campaign. Since then, the parties have vigorously litigated this case. But cutting through all the noise, one thing is, and has remained at all times, true – plaintiff cannot establish any direct or vicarious liability as to Pioneer Services.

Nowhere is this more clear than in plaintiff's responses to Pioneer Services' motion for summary judgment. Instead of filing a specific response to Pioneer Services' motion setting forth significantly probative facts establishing Pioneer Services' direct or vicarious liability, plaintiff filed three separate consolidated or joint responses as to all defendants – *none* of which set forth a single specific fact that demonstrates a genuine issue of material fact regarding direct or vicarious liability theories against Pioneer Services. Moreover, plaintiff's attempt to treat all defendants in unison in a hope that some "joint" argument may stick against Pioneer Services is a ploy to gloss over his collective lack of evidence as to Pioneer Services.

First, plaintiff filed a partial consolidated response to Pioneer Services' motion for summary judgment that explicitly did not address the issue of Pioneer Services' liability. Second, plaintiff filed a Rule 56(d) request for a continuance to obtain discovery from *other defendants*. But plaintiff did not identify any additional fact(s) that that would prevent granting Pioneer Services' motion for summary judgment. Third, plaintiff filed a motion to strike certain exhibits, including two deposition transcripts Pioneer Services cited regarding the issue of consent. Thus, again that motion in no way affects plaintiff's ability to establish Pioneer Services' liability. Because plaintiff did not (and cannot) establish any theory of liability as to Pioneer Services, this reply memorandum is tailored to this uncontroverted and case dispositive issue. The time to dismiss this case in its entirety as to Pioneer Services is now.[1]

---

[1] This memorandum does not address (i) plaintiff's failure to sufficiently establish two essential elements of his claim: use of an automatic telephone dialing system ("ATDS") and consent; nor does it discuss (ii) unrelated discovery issues. Neither of those issues distract from

**Pioneer Services' Reply in Support of Its Motion for Summary Judgment**　　　　　　　　　　Case No. 12-cv-00528-APG (PAL)

2

## ARGUMENT

"'Summary judgment allows courts to avoid unnecessary trials where no material factual dispute exists.'" *Bd. of Trs. of the Constr. Indus. & Laborers Health & Welfare Trust, et al. v. Collins*, 2013 WL 5974897, at *2 (D. Nev. Nov. 8, 2013) (quoting *Trs. of Constr. Indus. & Laborers Health & Welfare Trust v. B. Witt Concrete Cutting, Inc.*, 685 F. Supp. 2d 1158, 1160 (D. Nev. 2010)). "'Summary judgment is not a disfavored procedural shortcut, but rather an integral part of the federal rules as a whole.'" *Collins*, 2013 WL 5974897, at *2 (quoting *B. Witt Concrete Cutting*, 685 F. Supp. 2d at 1160).

"To avoid summary judgment, the nonmoving party 'may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing there exists a genuine issue for trial.'" *Collins*, 2013 WL 5974897, at *2 (quoting *B. Witt Concrete Cutting*, 685 F. Supp. 2d at 1160). "The evidence must be 'significantly probative,' and cannot be 'merely colorable.'" *Collins*, 2013 WL 5974897, at *2 (quoting *Kennedy v. Carriage Cemetery Servs., Inc.*, 727 F. Supp. 2d 925, 929 (D. Nev. 2010)). "Moreover, '[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.'" *Collins*, 2013 WL 5974897, at *2 (quoting L.R. 7-2(d)); *see also* Fed. R. Civ. P. 56(e) ("If a party" "fails to properly address another party's assertion of fact," "the court may:" "consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it.").

---

the single, uncontroverted reality that plaintiff has not (and cannot) establish any theory of liability as to Pioneer Services. Whether an ATDS was used is squarely before the Court, and the issue of plaintiff's consent to receive the text message will likely be resolved on LeadPile's motion for terminating sanctions. And all pending discovery disputes are unrelated to the case dispositive issue of plaintiff's inability to establish a direct or vicarious liability theory against Pioneer Services.

**Pioneer Services' Reply in Support of Its Motion for Summary Judgment**   Case No. 12-cv-00528-APG (PAL)

3

None of plaintiff's filings respond to Pioneer Services' motion for summary judgment on the issue of direct or vicarious liability.  First, plaintiff's partial consolidated response to Pioneer Services' motion for summary judgment explicitly did not address Pioneer Services' liability. Second, as discussed more fully in Pioneer Services' response to plaintiff's request for a continuance, plaintiff has not shown why additional discovery from *other* defendants will allow plaintiff to rebut *Pioneer Services'* motion.  As far as Pioneer Services is concerned, these unrelated disputes are sideshows that in no way affect plaintiff's ability to oppose Pioneer Services' motion for summary judgment.  Third, plaintiff's motion to strike certain exhibits has no bearing on Pioneer Services' liability.  Effectively, Pioneer Services' motion for summary judgment regarding plaintiff's failure to establish direct or vicarious liability is unopposed.  For the *uncontested* reasons stated in that motion, Pioneer Services is entitled to judgment as a matter of law.

### A. Because It Is Undisputed that AC Referral, and Not Pioneer Services, Physically Sent the Text Messages, Pioneer Services Is Not Directly Liable Under the TCPA.

In plaintiff's partial consolidated response to Pioneer Services' motion for summary judgment, plaintiff again concedes (as he must) that "it is undisputed that AC Referral sent [the] text messages to [the] consumers' cell phones."[2]  Pl's Part. Resp. to Defs.' Mots. for Summary Judgment (Dkt. No. 266) at 6.  Because direct liability under the TCPA only applies to the actual sender of the text message or, stated another way, the party that physically initiated the text message (*see Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012), *aff'd* 2014 WL 2959160 (9th Cir. July 2, 2014)), Pioneer Services is not directly liable as a matter of law. Consequently, any direct liability theory plaintiff advances against Pioneer Services cannot survive summary judgment.

---

[2] Similarly, paragraph 3 of Pioneer Services' motion for summary judgment is uncontroverted.

**Pioneer Services' Reply in Support of Its Motion for Summary Judgment**　　　　　　　　　　　　Case No. 12-cv-00528-APG (PAL)

4

> **B. Because the Facts Relevant to Plaintiff's Vicarious Liability Theory as to Pioneer Services Are Not (and Cannot Be) Disputed, Pioneer Services Is Not Vicariously Liable Under the TCPA as a Matter of Law.**

Plaintiff's partial consolidated response to Pioneer Services' motion for summary judgment fails to address the issue of vicarious liability. Plaintiff's request for a continuance is insufficient in both form and substance. *See generally* Pioneer Services' Resp. to Pl's Rule 56(d) Mot., filed simultaneously herewith. And plaintiff's motion to strike certain exhibits is irrelevant to Pioneer Services' vicarious liability.

It is telling that after numerous depositions and substantial discovery, plaintiff has not provided either (1) specific facts demonstrating a genuine issue regarding his vicarious liability theory against Pioneer Services, or (2) an affidavit adequately explaining how additional discovery from other defendants would reveal the specific facts that would prevent summary judgment in favor of Pioneer Services. Simply put, plaintiff has not and cannot meet the Ninth Circuit's stringent standards of vicarious liability (traditional agency principles, apparent authority, and ratification) as to Pioneer Services. *See, e.g.*, *Thomas v. Taco Bell Corp.*, 2014 WL 2959160, at *1-2 (9th Cir. July 2, 2014).

> **1. Because It Is Uncontroverted that Pioneer Services Did Not Control, Or Have the Right to Control, the Content or Distribution of the Text Message Campaign, Any Traditional Agency Theory Against Pioneer Services Cannot Survive Summary Judgment.**

Paragraphs 4 through 6 of Pioneer Services' motion for summary judgment are uncontroverted.[3] Therefore, it is uncontroverted that:

- AC Referral Systems LLC drafted the content of the text message campaign and controlled the physical distribution of the text messages.

---

[3] Also, paragraphs 1 and 2 and the chart displaying that Pioneer Services had no connection with the text message campaign are uncontroverted.

**Pioneer Services' Reply in Support of Its Motion for Summary Judgment**                                    **Case No. 12-cv-00528-APG (PAL)**

5

- Pioneer Services did not control or have the right to control the content of the text messages.
- Pioneer Services did not contribute to the content of the text messages.
- Pioneer Services did not control or have the right to control the distribution of the text messages.
- Pioneer Services did not control or have the right to control the manner and means of the text message campaign.
- Pioneer Services did not direct or supervise the manner and means of the text message campaign.
- Pioneer Services did not even know of the text message campaign or AC Referral until this lawsuit.
- Pioneer Services and AC Referral had no relationship, no communication(s), and no oral or written agreement(s) with one another.
- Pioneer Services did not know of 360 Data Management LLC or Identity Defender, Inc. (both companies are referred to herein as "360 Data" for ease) until this lawsuit.
- Pioneer Services and 360 Data had no relationship, no communication(s), and no oral or written agreement(s) with one another.
- All of the control over the manner and means of the text message campaign was exercised by third parties, and Pioneer Services had no control over their actions.

Simply put, it is uncontroverted that Pioneer Services had nothing to do with the text message campaign. Thus, plaintiff did not (and cannot) set forth specific facts showing there is a genuine issue for trial regarding any traditional agency theory against Pioneer Services. For the uncontested reasons stated in Pioneer Services' motion for summary judgment, plaintiff cannot

**Pioneer Services' Reply in Support of Its Motion for Summary Judgment**                                    **Case No. 12-cv-00528-APG (PAL)**

6

establish a traditional agency theory as to Pioneer Services, and Pioneer Services is entitled to judgment as a matter of law.

### 2. Because It Is Uncontroverted that Pioneer Services Did Not Say or Do Anything that Would Have Permitted Plaintiff to Reasonably Believe Pioneer Services' Agent Was Behind the Text Messages, Any Apparent Authority Theory Against Pioneer Services Cannot Survive Summary Judgment.

Paragraphs 7, 8, and 21 of Pioneer Services' motion for summary judgment are uncontroverted. Therefore, it is uncontroverted that:

- Pioneer Services made no statement and took no actions towards plaintiff.
- Pioneer Services certainly made no statement and took no action that could have led plaintiff to reasonably believe Pioneer Services' agent sent the text messages.
- Plaintiff had never even heard of Pioneer Services before filing this lawsuit.
- The complained-of text message did not identify Pioneer Services.
- Plaintiff never clicked on the link in the text message (www.lend5k.com).
- Plaintiff never visited a website related to the text message.
- Plaintiff never applied for or received a loan related to the text message.
- Plaintiff had no contact with or knowledge of Pioneer Services before the text message, or vice versa.
- Plaintiff had no post-text message contact with or knowledge of Pioneer Services, or vice versa.
- After receiving the text message, aside from replying stop, plaintiff did little more than contact his lawyer.

Thus, plaintiff did not (and cannot) set forth specific facts showing there is a genuine issue for trial regarding any apparent authority theory against Pioneer Services. For the uncontested reasons stated in Pioneer Services' motion for summary judgment, plaintiff cannot establish an

**Pioneer Services' Reply in Support of Its Motion for Summary Judgment**   Case No. 12-cv-00528-APG (PAL)

7

apparent authority theory as to Pioneer Services, and Pioneer Services is entitled to judgment as a matter of law.

> **3. Because It Is Uncontroverted that Pioneer Services Never Affirmed or Accepted a Benefit From the Text Messages, Nor Could It Have Done So Knowingly, Any Ratification Theory Against Pioneer Services Cannot Survive Summary Judgment.**

Paragraphs 9 through 16 of Pioneer Services' motion for summary judgment are uncontroverted. Therefore, it is uncontroverted that:

- Pioneer Services did not know of the text message campaign or of AC Referral before being named in this lawsuit.
- Pioneer Services bought zero leads from the text message campaign during the class period.
- Of the over 13,000 leads generated by ClickMedia and sold through LeadPile LLC from March 28, 2011 through February 29, 2012 – a date range *ten* times broader than the class period – Pioneer Services bought none.
- Pioneer Services processed zero loan applications resulting from the text message campaign during the class period.
- Pioneer Services generated zero loans resulting from the text message campaign during the class period.
- Pioneer Services provided zero loans to any lead generated by ClickMedia and sold through LeadPile ever – regardless of time period.
- A lead purchased on or after June 18, 2012 – more than 6 months after plaintiff received the complained-of text message and more than 5 months after the class period closed – cannot be reconciled with a campaign that operated "simultaneously."

**Pioneer Services' Reply in Support of Its Motion for Summary Judgment**    Case No. 12-cv-00528-APG (PAL)

8

- Even if Pioneer Services had affirmed or accepted a benefit from the text messages (which it did not), it could not have done so knowing all material facts.

Thus, plaintiff did not (and cannot) set forth specific facts showing there is a genuine issue for trial regarding any ratification theory against Pioneer Services. For the uncontested reasons stated in Pioneer Services' motion for summary judgment, plaintiff cannot establish a ratification theory as to Pioneer Services, and Pioneer Services is entitled to judgment as a matter of law.

## CONCLUSION

For the reasons stated above and for those stated in Pioneer Services motion for summary judgment, summary adjudication is appropriate regarding plaintiff's failure to establish any direct or vicarious liability theory as to Pioneer Services. Accordingly, the Court should grant Pioneer Services' motion for summary judgment.

Dated:  December 4, 2014            Respectfully submitted,

 /s/ Chad R. Fears
Chad R. Fears (Nevada Bar No. 6970)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
cfears@swlaw.com
Telephone:  (702) 784-5200
Facsimile:   (702) 784-5252


  /s/ Russell S. Jones, Jr.
Russell S. Jones, Jr. (*Pro Hac Vice)*
James M. Humphrey, IV (*Pro Hac Vice)*
Robert V. Spake, Jr. (*Pro Hac Vice*)
POLSINELLI PC
900 W. 48th Place, Suite 900
Kansas City, MO 64112
rjones@polsinelli.com
jhumphrey@polsinelli.com
rspake@polsinelli.com
Telephone:  (816) 753-1000
Facsimile:   (816) 753-1536

*Attorneys for Defendant Pioneer Services*

**Pioneer Services' Reply in Support of Its Motion for Summary Judgment**                                Case No. 12-cv-00528-APG (PAL)

# CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On December 4, 2014, I caused to be served a true and correct copy of the foregoing **DEFENDANT PIONEER SERVICES' REPLY IN SUPPORT OF ITS FIRST FED. R. CIV. P. 56 MOTION: MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM FOR RELIEF** by the method indicated:

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a). A printed transmission record is attached to the file copy of this document(s).

☐ **BY E-MAIL:** by transmitting via e-mail the document(s) listed above to the e-mail addresses set forth below and/or included on the Court's Service List for the above-referenced case.

☐ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below.

☐ **BY OVERNIGHT MAIL:** by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☐ **BY PERSONAL DELIVERY:** by causing personal delivery via messenger service of the document(s) listed above to the person(s) at the address(es) set forth below.

☒ **BY ELECTRONIC SUBMISSION:** submitted to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case.

/s/ Julia L. Melnar
An Employee of Snell & Wilmer

20573343.1

Pioneer Services' Reply in Support of Its Motion for Summary Judgment

Case No. 12-cv-00528-APG (PAL)

10