Chad R. Fears (Nevada Bar No. 6970)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
cfears@swlaw.com
Telephone: (702) 784-5200
Facsimile: (702) 784-5252

Russell S. Jones, Jr. (*Pro Hac Vice*)
James M. Humphrey, IV (*Pro Hac Vice*)
Robert V. Spake, Jr. (*Pro Hac Vice*)
POLSINELLI PC
900 W. 48th Place, Suite 900
Kansas City, MO 64112
rjones@polsinelli.com
jhumphrey@polsinelli.com
rspake@polsinelli.com
Telephone: (816) 753-1000
Facsimile: (816) 753-1536

*Attorneys for Defendant Pioneer Services*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FLEMMING KRISTENSEN,<br><br>            Plaintiff,<br><br>v.<br><br>CREDIT PAYMENT SERVICES INC., *et al.*,<br><br>            Defendants. | Case No. 2:12-CV-00528-APG (PAL)<br><br>**DEFENDANT PIONEER SERVICES' RESPONSE TO PLAINTIFF'S FED. R. CIV. P. 56(d) MOTION** |

Defendant MidCountry Bank (referred to herein as its division "Pioneer Services" (improperly named "Pioneer Financial Services, Inc." in Plaintiff's First Amended Class Action Complaint)) files this response to plaintiff's Federal Rule of Civil Procedure Rule 56(d) request for a continuance.

**INTRODUCTION**

Pioneer Services moved for summary judgment on, among other grounds, plaintiff's failure to establish either a direct or vicarious liability theory against Pioneer Services. Instead of responding to Pioneer Services' vicarious liability arguments, plaintiff filed a Rule 56(d) request for a continuance. But this request fails on two separate and independent grounds: (1) plaintiff failed to provide the required Rule 56(d) declaration as to Pioneer Services and (2) in any event, plaintiff failed to provide any basis in his briefing for a continuance as to Pioneer Services. Accordingly, plaintiff's Rule 56(d) request should be denied in its entirety as to Pioneer Services. Pioneer Services' vicarious liability arguments are uncontroverted. And any vicarious liability theory against Pioneer Services cannot survive summary judgment.

**ARGUMENT**

Federal Rule of Civil Procedure 56(d) provides that: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a summary judgment motion], the court may" "defer considering the motion." Fed. R. Civ. P. 56(d).[1] To prevail on such a request plaintiff "must demonstrate: '(1) [he] has set forth in affidavit [or declaration] form the specific facts [he] hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment.'" *Allen v. United States*, 2014 WL 4446269, at *10 (D. Nev. Sept. 9, 2014) (quoting *Family Home & Fin. Ctr., Inc. v. Fed Home Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008)).

"'The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment.'" *Allen*, 2014 WL 4446269, at *10 (quoting *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6

---

[1] "In 2010, Congress revised Rule 56, replacing former Rule 56(f) with Rule 56(d). Accordingly, citations to previous case law may refer to Rule 56(f), but the analysis applies equally to current Rule 56(d)." *Allen v. United States*, 2014 WL 4446269, at *10 n.2 (D. Nev. Sept. 9, 2014).

**Pioneer's Response to Plaintiff's**            **Case No. 12-cv-00528-APG (PAL)**
**Fed. R. Civ. P. 56(d) Motion**

2

(9th Cir. 2001)); *see also Tatum v. City & Cnty. of S.F.*, 441 F.3d 1090, 1100 (9th Cir. 2006). "Failing to meet this burden warrants denying a Rule 56(d) motion." *Allen*, 2014 WL 4446269, at \*10 (citing *Pfingston v. Ronan Eng. Co.*, 284 F.3d 999, 1005 (9th Cir. 2002)).

### A. Because Plaintiff's Rule 56(d) Declaration Includes No Basis for a Continuance as to Pioneer Services, His Request Is Insufficient and Should Be Denied.

Plaintiff must set forth his specified reasons for a continuance "in the form of an affidavit or declaration." *Allen*, 2014 WL 4446269, at \*12; *see also Tatum*, 441 F.3d at 1100 ("A party requesting a continuance pursuant to Rule 56(f) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment."). "'References in memoranda . . . . to a need for discovery do not qualify.'" *Allen*, 2014 WL 4446269, at \*12 (quoting *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1989)). "[F]ailure to comply with [this] Rule 56(d) [requirement] warrants denying [the] continuance request." *Id.*

Plaintiff's Rule 56(d) declaration includes no basis for a continuance as to Pioneer Services. To illustrate, plaintiff's declaration does not include a single fact sought concerning Pioneer Services, let alone explain why any such fact would prevent summary judgment. *See generally* Pl's Rule 56(d) Decl. (Dkt. No. 262-1). Indeed, plaintiff's declaration does not include a single reference to "Pioneer Services." *See generally id.* Because plaintiff failed to comply with this Rule 56(d) requirement, plaintiff's request for a continuance should be denied.

### B. Plaintiff's Rule 56(d) Memorandum Also Does Not (and Cannot) State a Sufficient Basis for a Continuance as to Pioneer Services.

Even if the Court considers references in plaintiff's memorandum, any purported basis for plaintiff's request is still insufficient. "Rule 56(d) requires a party 'show that it lacks facts essential to resist the summary judgment motion.'" *Allen*, 2014 WL 444269, at \*11 (quoting

Pioneer's Response to Plaintiff's                                         Case No. 12-cv-00528-APG (PAL)
Fed. R. Civ. P. 56(d) Motion

3

*McCormick v. Fund Am. Cos.*, 26 F.3d 869, 885 (9th Cir. 1994)); *see also Hansen v. Liberty Mut. Fire Ins. Co.*, 2012 WL 4611013, at *7 (D. Nev. Sept. 30, 2012) ("the non-movant must identify 'specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment'" (quoting *Tatum*, 441 F.3d at 1100)).  Where a requesting party "does not show" that the requested information "would assist him in creating an issue of material fact," "a continuance is not warranted." *Allen*, 2014 WL 4446269, at *11.

Courts take this obligation seriously.  For example, where the fact sought is "only 'generically relevant'" to the case, then that fact is not "'essential' to oppose summary judgment," and the request should be denied. *Family Home*, 525 F.3d at 827.  Similarly, a request for continuance that states "'nothing more than mere speculation and . . . amount[s] to a fishing expedition" is "improper" and should be denied. *Allen*, 2014 WL 4446269, at *13 (quoting *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 885 (7th Cir. 2005)); *see also Hansen*, 2012 WL 4611013, at *7 (denying a Rule 56(d) "fishing expedition" request where plaintiffs cited a "laundry list of discovery requests" but "fail[ed] to articulate what specific facts they believe further discovery would reveal, or to explain how the evidence obtained pursuant to those discovery requests could possibly preclude summary judgment"); *Allen v. United States*, 2012 WL 1424167, at *6 (D. Nev. Apr. 24, 2012) (denying a Rule 56(d) "fishing expedition" where plaintiff "proffered [no] facts to show that any evidence exists that would prevent summary judgment").

Here, plaintiff has failed to explain how additional discovery will prevent summary judgment on any vicarious liability theory against Pioneer Services.  Indeed, the thrust of plaintiff's Rule 56(d) request is that he needs more time to obtain and review discovery from Credit Payment Services, Inc. ("CPS") and Enova International, Inc. – *not* from Pioneer Services.  Specifically, plaintiff seeks discovery that "pertains to CPS's knowledge of the text message marketing used to generate its payday loan customer-base, CPS's alter-ego relationship with lead broker and co-Defendant LeadPile (which provides an alternative basis of liability),

1  and Enova's acceptance of benefits from the text message marketing campaign." Pl's Rule 56(d)
2  Mot. (Dkt. No. 262) at 1.

3  As explained in Pioneer Services' opposition to plaintiff's motion to set/reset the
4  dispositive motion deadline, there is no reason to believe that CPS or Enova will produce any
5  discovery relevant to plaintiff's vicarious liability theory against Pioneer Services. *See* Dkt. No.
6  253 at 3-5. In fact, plaintiff does not even allege a relationship between Pioneer Services and
7  CPS or Enova.

8  What is more, plaintiff does not complain that he has insufficient discovery from Pioneer
9  Services. Pioneer Services made its last document production more than 5 months ago. It is
10 telling that after numerous depositions and substantial discovery, plaintiff cannot now provide
11 either (1) an affidavit adequately explaining how additional discovery would reveal specific facts
12 that would prevent summary judgment, or (2) specific facts demonstrating a genuine issue of
13 material fact regarding his vicarious liability theory against Pioneer Services.

14 Aware that he has no grounds for a continuance as to Pioneer Services, plaintiff attempts
15 to blur the lines between the defendants, characterizing CPS's, Enova's, LeadPile's, and Pioneer
16 Services' vicarious liability arguments as "the same," "duplicative." "nearly identical,"
17 "overlapping," and "repetitive." Pl's Rule 56(d) Mot. at 1, 9, and 16. But plaintiff provides no
18 analysis or citation to support this claim. His most detailed support for this misguided assertion
19 is a single, generic cite to defendants' motions for summary judgment, with no quotation,
20 analysis, or pinpoint citation. *See* Pl's Rule 56(d) Mot. at 9 ("*See* dkts. 233, 237, 239, and
21 240."). Because this effort cannot even rise to the level of mere speculation, it necessarily
22 cannot satisfy the requirements of Rule 56(d).

23 Thus, plaintiff's Rule 56(d) request is nothing more than an attempt to use irrelevant,
24 collateral discovery matters as an excuse for additional time as to Pioneer Services, when no
25 more time is warranted. Regardless of relevance to the other defendants, any pending or
26 remaining discovery dispute in no way affects plaintiff's ability to oppose Pioneer Services'

27
28 **Pioneer's Response to Plaintiff's**             **Case No. 12-cv-00528-APG (PAL)**
    **Fed. R. Civ. P. 56(d) Motion**

motion for summary judgment or plaintiff's ability to file his own motion for summary judgment against Pioneer Services.[2]

Absent a showing by plaintiff that additional discovery would reveal specific facts preventing summary judgment, plaintiff's request for a continuance should be denied. Accordingly, the Court should deny plaintiff's request for a continuance and should instead issue an Order granting Pioneer Services' motion for summary judgment – the grounds for which are also set forth in Pioneer Services' opening and reply memoranda in support of its motion for summary judgment.

## CONCLUSION

For the reasons stated above, plaintiff's Rule 56(d) request for a continuance should be denied in its entirety as to Pioneer Services. Accordingly, Pioneer Services' vicarious liability arguments are uncontroverted. Therefore, for the reasons stated above and for the reasons stated in Pioneer Services opening and reply memoranda in support of its motion for summary judgment, any vicarious liability theory against Pioneer Services should be dismissed in its entirety.

Dated:  December 4, 2014            Respectfully submitted,

  /s/ Chad R. Fears
Chad R. Fears (Nevada Bar No. 6970)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
cfears@swlaw.com
Telephone:  (702) 784-5200
Facsimile:   (702) 784-5252

---

[2] Relatedly, plaintiff's memorandum includes one footnote that provides: "Understanding the nature of the relationship between LeadPile and CPS will also shed light on LeadPile's relationship with the other Lender Defendants in this case (Enova and Pioneer)." Pl's Rule 56(d) Mot. at 15 n.11. But again, plaintiff's allegation is wholly unsupported and does not meet the requirements of Rule 56(d).

**Pioneer's Response to Plaintiff's**            **Case No. 12-cv-00528-APG (PAL)**
**Fed. R. Civ. P. 56(d) Motion**

6

      /s/ Russell S. Jones, Jr.
Russell S. Jones, Jr. (*Pro Hac Vice*)
James M. Humphrey, IV (*Pro Hac Vice*)
Robert V. Spake, Jr. (*Pro Hac Vice*)
POLSINELLI PC
900 W. 48th Place, Suite 900
Kansas City, MO 64112
rjones@polsinelli.com
jhumphrey@polsinelli.com
rspake@polsinelli.com
Telephone:  (816) 753-1000
Facsimile:   (816) 753-1536

*Attorneys for Defendant Pioneer Services*

**Pioneer's Response to Plaintiff's**            **Case No. 12-cv-00528-APG (PAL)**
**Fed. R. Civ. P. 56(d) Motion**

# CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On December 4, 2014, I caused to be served a true and correct copy of the foregoing **DEFENDANT PIONEER SERVICES' RESPONSE TO PLAINTIFF'S FED. R. CIV. P. 56(d) MOTION** by the method indicated:

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a). A printed transmission record is attached to the file copy of this document(s).

☐ **BY E-MAIL:** by transmitting via e-mail the document(s) listed above to the e-mail addresses set forth below and/or included on the Court's Service List for the above-referenced case.

☐ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below.

☐ **BY OVERNIGHT MAIL:** by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☐ **BY PERSONAL DELIVERY:** by causing personal delivery via messenger service of the document(s) listed above to the person(s) at the address(es) set forth below.

☒ **BY ELECTRONIC SUBMISSION:** submitted to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case.

                                /s/ Julia L. Melnar
                                An Employee of Snell & Wilmer

20573385.1

**Pioneer's Response to Plaintiff's**                              **Case No. 12-cv-00528-APG (PAL)**
**Fed. R. Civ. P. 56(d) Motion**