DAN R. WAITE
Nevada Bar No.4078
LEWIS ROCA ROTHGERBER, LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398
Email: dwaite@lrrlaw.com

BRIAN P. O'MEARA
*Pro Hac Vice* IL Bar No. 6275624
FORDE LAW OFFICES LLP
111 West Washington, Suite 1100
Chicago, Illinois 60602
Telephone: (312) 641-1441
Facsimile: (312) 641-1288
Email: bomeara@fordellp.com

*Attorneys for Defendant CNU Online Holdings, LLC,
incorrectly sued as Enova International, Inc.*

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| FLEMMING KRISTENSEN, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT PAYMENT SERVICES INC., a Nevada corporation, f/k/a MYCASHNOW.COM INC., ENOVA INTERNATIONAL, INC., an Illinois corporation, PIONEER FINANCIAL SERVICES, INC., a Missouri corporation, LEADPILE LLC, a Delaware limited liability company, and CLICKMEDIA LLC d/b/a NET1PROMOTIONS LLC, a Georgia limited liability company,<br><br>Defendant. | Case No.: 2:12-cv-00528-APG-PAL<br><br>**CNU ONLINE HOLDINGS, LLC'S, INCORRECTLY SUED AS ENOVA INTERNATIONAL, INC., REPLY TO PLAINTIFF'S RESPONSE UNDER FED. R. CIV. P. 56(d) TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AS TO THE ISSUE OF VICARIOUS LIABILITY**<br><br>Judge: Hon Andrew P. Gordon<br><br>Magistrate Judge: Hon. Peggy A. Leen |

Defendant CNU Online Holdings, LLC, incorrectly sued as Enova International, Inc. ("Enova")[1], by and through its attorneys, files this Reply to Plaintiff's Response under Fed. R. Civ.

---

[1] For ease of reference, this Reply will refer to the defendant as "Enova".

-1-

P. 56(d) to Defendants' Motions for Summary Judgment as to the Issue of Vicarious Liability (Dkt. 262)[2]:

DATED this 4th day of December, 2014

LEWIS ROCA ROTHGERBER LLP

By: /s/ Dan R. Waite
DAN R. WAITE
Nevada Bar No.4078
LEWIS ROCA ROTHGERBER, LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Email: dwaite@lrrlaw.com

BRIAN P. O'MEARA
*Pro Hac Vice* IL Bar No. 6275624
FORDE LAW OFFICES LLP
111 West Washington, Suite 1100
Chicago, Illinois 60602
Email: bomeara@fordellp.com

*Attorneys for Defendant CNU Online Holdings, LLC, incorrectly sued as Enova International, Inc.*

## MEMORANDUM OF POINTS AND AUTHORITIES

Discovery is closed and Plaintiff has nothing to support a vicarious liability theory against Enova. Rather than accept this fact, Plaintiff filed a Response under Fed.R.Civ.P. 56(d) ("56(d) Response"). Specifically, Plaintiff raises the issue of "LeadPile invoices" to manufacture a basis to delay his substantive response to Enova's motion for summary judgment. Plaintiff's misguided and continued attempts to blame Enova for his shortcomings and utter lack of evidence to establish vicariously liability against Enova should not be rewarded.

/ / /

/ / /

---

[2] Enova limits this Reply to address Plaintiff's claim that he needs LeadPile invoices from Enova to fully respond to Enova's motion for summary judgment. (Dkt. 262, pp. 15-16). Enova adopts the codefendants' replies regarding the other issues raised in Plaintiff's 56(d) Response.

**I.     Enova's Vicarious Liability Argument Is Unrebutted And LeadPile Invoices Cannot Salvage Plaintiff's Claim.**

Plaintiff submitted three separate filings in "response" to Enova's motion for summary judgment. (Dkts. 262, 266, 268). Plaintiff's piecemeal response to Enova's motion for summary judgment, and other flurry of filings, is nothing but a poorly veiled attempt to redirect the Court's focus to entirely irrelevant and collateral issues. But one undeniable fact remains – there is no evidence to establish vicarious liability against Enova.

As discussed more fully below, the LeadPile invoices that Plaintiff claims he needs to respond to Enova's motion for summary judgment have been produced and, therefore, Plaintiff's request under Rule 56(d) is moot. Additionally, the arguments raised in Plaintiff's 56(d) Response never had merit in the first place because the LeadPile invoices are irrelevant and have no impact on Enova's motion for summary judgment.

**A. Plaintiff's Request Under Rule 56(d) Is Moot.**

Plaintiff's 56(d) Response lodges one baseless gripe against Enova. Plaintiff claims that he could not fully respond to Enova's motion for summary judgment because he did not have "invoices relating to LeadPile." (Dkt. 262, pp. 15-16). Despite discovery being closed for months, Enova spent a significant amount time and money searching for invoices and email communications, which Enova repeatedly advised Plaintiff would prove irrelevant. After much effort, Enova produced invoices and other irrelevant communications to Plaintiff on October 21, 2014. Notably, these documents were produced more than three weeks before Plaintiff was required to respond to Enova's motion for summary judgment.[3] However, Enova's production was apparently not enough for Plaintiff who then demanded more invoices, specifically invoices from December 2011. While Enova was under no obligation to produce these irrelevant documents, on November 26, 2014, Enova produced them. Thus, Plaintiff's Rule 56(d) request is moot.

/ / /

/ / /

/ / /

---

[3] Incredibly, after Plaintiff complained in several filings that Enova was not turning over enough documents, Plaintiff now accuses Enova of conducting a "document dump". (Dkt. 262, p. 16, fn. 12).

-3-                                              5177793_1

Moreover, as set forth below, the invoices are irrelevant, duplicative of information that is already in Plaintiff's possession, and do not create an issue of fact to prevent the entry of summary judgment in favor of Enova.

### B. The Arguments Raised In Plaintiff's 56(d) Response Never Had Merit In The First Place.

Invoices from LeadPile to Enova do not advance Plaintiff's position and have no impact on Enova's motion for summary judgment. LeadPile invoices demonstrate nothing more than the unremarkable fact that Enova paid LeadPile for services, which has never been contested. Indeed, this has been made clear several times throughout the litigation, including during the lengthy deposition of Enova's corporate representative, Megan Staton, who was subjected to repetitive and argumentative lines of questioning. LeadPile invoices do not show the source of any leads or the type of marketing employed to generate leads. Nevertheless, Plaintiff doggedly maintains that LeadPile invoices will somehow shed new light on an uncontested issue. Such a position defies logic and is simply absurd.

In short, Plaintiff's reliance on LeadPile invoices as an excuse for his failure to substantively address Enova's motion for summary judgment highlights Plaintiff's desperation and inability to concoct a legitimate merits-based argument on the issue of vicarious liability.[4] Plaintiff's failure to substantively respond to Enova's vicarious liability argument is fatal to his claim. Even if Plaintiff were given the opportunity to further respond (with a *fourth* filing) to Enova's motion for summary judgment, any response relying on LeadPile invoices would be futile.

*/ / /*

*/ / /*

*/ / /*

---

[4] In what appears to be another half-hearted excuse for failing to timely address the issue of vicarious liability, Plaintiff cries foul for not receiving documents that Enova filed under seal until November 14, 2014. However, all of these documents – which were clearly identified in Enova's motion for summary judgment and consist of deposition transcripts, an expert's declaration, and a marketing agreement – were already in Plaintiff's possession. Perhaps that is why Plaintiff waited three weeks to request documents that he already had.

-4-  5177793_1

**CONCLUSION**

For the foregoing reasons, Plaintiff's request under Rule 56(d) should be denied and the Court should require Plaintiff to file a substantive response to Enova's motion for summary judgment on the issue of vicarious liability *instanter*.

DATED this 4th day of December, 2014

                    LEWIS ROCA ROTHGERBER LLP

                    By: /s/ Dan R. Waite
                        DAN R. WAITE
                        Nevada Bar No.4078
                        LEWIS ROCA ROTHGERBER, LLP
                        3993 Howard Hughes Parkway, Suite 600
                        Las Vegas, NV 89169
                        Email: dwaite@lrrlaw.com

                        BRIAN P. O'MEARA
                        *Pro Hac Vice* IL Bar No. 6275624
                        FORDE LAW OFFICES LLP
                        111 West Washington, Suite 1100
                        Chicago, Illinois 60602
                        Email: bomeara@fordellp.com

                        *Attorneys for Defendant CNU Online Holdings, LLC, incorrectly sued as Enova International, Inc.*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of Lewis Roca Rothgerber LLP, and that on this day, I caused a true and correct copy of the foregoing: **CNU ONLINE HOLDINGS, LLC'S, INCORRECTLY SUED AS ENOVA INTERNATIONAL, INC., REPLY TO PLAINTIFF'S RESPONSE UNDER FED. R. CIV. P. 56(d) TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AS TO THE ISSUE OF VICARIOUS LIABILITY** to be served via the Court's E-Filing System CM/ECF, on all interested parties in the above-referenced matter. The date and time of the electronic service is in place of the date and place of deposit in the mail.

DATED this 4th day of December, 2014.

    /s/ Luz Horvath
An Employee of Lewis Roca Rothgerber LLP