DAN R. WAITE
Nevada Bar No.4078
LEWIS ROCA ROTHGERBER, LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398
Email: dwaite@lrrlaw.com

BRIAN P. O'MEARA
*Pro Hac Vice* IL Bar No. 6275624
FORDE LAW OFFICES LLP
111 West Washington, Suite 1100
Chicago, Illinois 60602
Telephone: (312) 641-1441
Facsimile: (312) 641-1288
Email: bomeara@fordellp.com

*Attorneys for Defendant CNU Online Holdings, LLC, incorrectly sued as Enova International, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FLEMMING KRISTENSEN, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT PAYMENT SERVICES INC., a Nevada corporation, f/k/a MYCASHNOW.COM INC., ENOVA INTERNATIONAL, INC., an Illinois corporation, PIONEER FINANCIAL SERVICES, INC., a Missouri corporation, LEADPILE LLC, a Delaware limited liability company, and CLICKMEDIA LLC d/b/a NET1PROMOTIONS LLC, a Georgia limited liability company,<br><br>Defendant. | Case No.: 2:12-cv-00528-APG-PAL<br><br>**CNU ONLINE HOLDINGS, LLC'S, INCORRECTLY SUED AS ENOVA INTERNATIONAL, INC., RESPONSE TO PLAINTIFF'S RULE 56(c)(2) OBJECTIONS TO AND MOTION TO STRIKE THE DECLARATION OF MICHAEL FERRY AND OTHER EVIDENCE SUBMITTED IN SUPPORT OF DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**<br><br>Judge: Hon Andrew P. Gordon<br><br>Magistrate Judge: Hon. Peggy A. Leen |

Defendant CNU Online Holdings, LLC, incorrectly sued as Enova International, Inc. ("Enova")[1], by and through its attorneys, files this Response to Plaintiff's Rule 56(c)(2) Objections to and Motion to Strike the Declaration of Michael Ferry and Other Evidence Submitted in Support of Defendants' Motions for Summary Judgment (Dkt. 268).

DATED this 4th day of December, 2014

LEWIS ROCA ROTHGERBER LLP

By: /s/ Dan R. Waite
DAN R. WAITE
Nevada Bar No.4078
LEWIS ROCA ROTHGERBER, LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Email: dwaite@lrrlaw.com

BRIAN P. O'MEARA
*Pro Hac Vice* IL Bar No. 6275624
FORDE LAW OFFICES LLP
111 West Washington, Suite 1100
Chicago, Illinois 60602
Email: bomeara@fordellp.com

*Attorneys for Defendant CNU Online Holdings, LLC, incorrectly sued as Enova International, Inc.*

**MEMORANDUM OF POINTS AND AUTHORITIES**

Federal Rule of Civil Procedure 56(c)(2) provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed.R.Civ.P. 56(c)(2). Once challenged, the proponent of the evidence may explain "the admissible form that is anticipated." Fed.R.Civ.P. 56 advisory committee note.

With respect to Enova, Plaintiff objects to and moves to strike portions of the deposition transcripts of James Gee and Michael Ferry – Exhibits C and D respectively to Enova's Motion for

---
[1] For ease of reference, this Response will refer to the defendant as "Enova."

Summary Judgment.[2] (Dkt. 268, pp. 4-5). Plaintiff claims that the testimony is not based on the deponents' personal knowledge. In particular, Plaintiff asks this Court to strike pages 23-24 of Mr. Gee's transcript and pages 63-64, 89, 119 and 141 of Mr. Ferry's transcript. Enova cited the testimony at issue in support of the following three sentences:

- Mr. Gee assumed that the consumers associated with the phone numbers received from 360 Data had opted-in to receive text messages and that the phone numbers had been compared against "Do Not Call" and suppression lists. (Ex. C, Gee Dep., pp. 23-24, 83, 89).

- For its part, 360 Data made sure that every record had opt-out and opt-in information. (Ex. D, Ferry Dep., pp. 63-64, 77-78, 89, 118-119).

- 360 Data was aware of the TCPA and always endeavored to comply with the TCPA. (*Id.*, pp. 79-80, 141).

(Dkt. 233, pp. 6-7).

Plaintiff argues that the testimony is cited for the proposition that Plaintiff (or other class members) "consented" to receive the text message sent in this case, but that it is not based on the deponents' personal knowledge. (Dkt. 268, pp. 4-5). As such, Plaintiff contends that the testimony is inadmissible under Federal Rule of Evidence 602. But Plaintiff's motion, at least as it relates to Enova, is based on a faulty premise – that Enova cited testimony solely to support a consent argument.

Enova, however, cited the testimony to describe the business practices of 360 Data and AC Referral and to show that Enova had no control over AC Referral or 360 Data. This testimony is relevant to the issue of vicarious liability. The testimony illustrates what Mr. Gee assumed regarding the phone numbers he received from 360 Data, what Mr. Ferry purportedly did with opt-in and opt-out information, and Mr. Ferry's knowledge of and efforts to comply with the Telephone Consumer Protection Act ("TCPA"). Enova offered this testimony as further evidence that Enova had no control whatsoever over AC Referral, 360 Data or the text message sent by AC Referral in

---

[2] To the extent that Plaintiff has objected to and moved to strike the Declaration of Michael Ferry and other evidence submitted in support of the codefendants' motions for summary judgment, Enova adopts the responses filed by codefendants.

this case.  This is clear when read in context with the other testimony Enova cited in its Motion for Summary Judgment, which Plaintiff conveniently ignores.  Indeed, Enova cited testimony from Mr. Gee and Mr. Ferry that AC Referral and 360 Data had no relationship, contractual or otherwise, with Enova; that Enova never exercised any control over AC Referral or 360 Data; and that prior to their depositions, neither Gee nor Ferry had ever even heard of Enova.  (Dkt. 233, pp. 6-7).

Furthermore, Mr. Gee clearly has personal knowledge of the assumptions he made as he operated his business and as he engaged in text message campaigns.  Similarly, Mr. Ferry has personal knowledge of what he generally did or did not do with opt-in and opt-out information and his knowledge of and endeavors to comply with the TCPA.  Because both witnesses have personal knowledge of their own business practices, the testimony as cited by Enova is admissible under Federal Rule of Evidence 602 to demonstrate that Enova had no knowledge of or control over any of AC Referral or 360 Data's business practices, including the alleged sending of text messages.

## CONCLUSION

For the foregoing reasons, Enova respectfully requests that this Court deny Plaintiff's Rule 56(c)(2) Objections to and Motion to Strike as it relates to Exhibits C and D to Enova's Motion for Summary Judgment and enter whatever further relief this Court deems just and appropriate.

DATED this 4th day of December, 2014

LEWIS ROCA ROTHGERBER LLP

By: /s/ Dan R. Waite
DAN R. WAITE
Nevada Bar No.4078
LEWIS ROCA ROTHGERBER, LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Email: dwaite@lrrlaw.com

BRIAN P. O'MEARA
*Pro Hac Vice* IL Bar No. 6275624
FORDE LAW OFFICES LLP
111 West Washington, Suite 1100
Chicago, Illinois 60602
Email: bomeara@fordellp.com
*Attorneys for Defendant CNU Online Holdings, LLC, incorrectly sued as Enova International, Inc.*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of Lewis Roca Rothgerber LLP, and that on this day, I caused a true and correct copy of the foregoing: **CNU ONLINE HOLDINGS, LLC'S, INCORRECTLY SUED AS ENOVA INTERNATIONAL, INC., RESPONSE TO PLAINTIFF'S RULE 56(c)(2) OBJECTIONS TO AND MOTION TO STRIKE THE DECLARATION OF MICHAEL FERRY AND OTHER EVIDENCE SUBMITTED IN SUPPORT OF DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** to be served via the Court's E-Filing System CM/ECF, on all interested parties in the above-referenced matter. The date and time of the electronic service is in place of the date and place of deposit in the mail.

DATED this 4th day of December, 2014.

      /s/ Luz Horvath_____
An Employee of Lewis Roca Rothgerber LLP