DAN R. WAITE
Nevada Bar No.4078
LEWIS ROCA ROTHGERBER, LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398
Email: dwaite@lrrlaw.com

BRIAN P. O'MEARA
*Pro Hac Vice* IL Bar No. 6275624
FORDE LAW OFFICES LLP
111 West Washington, Suite 1100
Chicago, Illinois 60602
Telephone: (312) 641-1441
Facsimile: (312) 641-1288
Email: bomeara@fordellp.com
*Attorneys for Defendant CNU Online Holdings, LLC,
incorrectly sued as Enova International, Inc.*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| FLEMMING KRISTENSEN, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT PAYMENT SERVICES INC., a Nevada corporation, f/k/a MYCASHNOW.COM INC., ENOVA INTERNATIONAL, INC., an Illinois corporation, PIONEER FINANCIAL SERVICES, INC., a Missouri corporation, LEADPILE LLC, a Delaware limited liability company, and CLICKMEDIA LLC d/b/a NET1PROMOTIONS LLC, a Georgia limited liability company,<br><br>Defendant. | Case No.: 2:12-cv-00528-APG-PAL<br><br>**CNU ONLINE HOLDINGS, LLC'S, INCORRECTLY SUED AS ENOVA INTERNATIONAL, INC., REPLY TO PLAINTIFF'S PARTIAL CONSOLIDATED RESPONSE TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**<br><br>Judge: Hon Andrew P. Gordon<br><br>Magistrate Judge: Hon. Peggy A. Leen |

Defendant CNU Online Holdings, LLC, incorrectly sued as Enova International, Inc. ("Enova")[1], by and through its attorneys, files this Reply to Plaintiff's Partial Consolidated

---

[1] For ease of reference, this Reply will refer to the defendant as "Enova".

Response to Defendants' Motions for Summary Judgment (Dkt. 266).

DATED this 4th day of December, 2014

LEWIS ROCA ROTHGERBER LLP

By: /s/ Dan R. Waite
DAN R. WAITE
Nevada Bar No.4078
LEWIS ROCA ROTHGERBER, LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Email: dwaite@lrrlaw.com

BRIAN P. O'MEARA
*Pro Hac Vice* IL Bar No. 6275624
FORDE LAW OFFICES LLP
111 West Washington, Suite 1100
Chicago, Illinois 60602
Email: bomeara@fordellp.com

*Attorneys for Defendant CNU Online Holdings, LLC, incorrectly sued as Enova International, Inc.*

## MEMORANDUM OF POINTS AND AUTHORITIES

Despite Plaintiff's expressed desire to present all summary judgment issues at once, he filed a "partial response" to Defendants' summary judgment motions (including Enova's summary judgment motion (Dkt. 233)), on two issues: (1) whether an "automatic telephone dialing system" (ATDS) was used; and (2) whether there was consent. Because Plaintiff, at his peril, decided to limit his substantive response to Enova's motion for summary judgment, this Reply only addresses the ATDS issue.[2]

In responding to Enova's argument that there is no disputed issue of material fact that an ATDS was used here, Plaintiff resorts to arguments based upon legislative history, FCC

---

[2] Enova did not specifically argue the consent issue in its opening brief, but adopted the other Defendants' summary judgment briefs, including their arguments on the issue, and, accordingly, further adopts Defendants' replies on the consent issue. Further, as to the vicarious liability issue, Plaintiff filed a separate response under Fed.R.Civ.P. 56(d), but did not substantively rebut Enova's vicarious liability arguments. Enova's reply to Plaintiff's "56(d) Response" is being filed concurrently with this Reply.

interpretations, internet sourcing and even a novel claim that a text falls within TCPA language regarding voice messages. None suffice to show that an ATDS was used.[3]

### I. There Is No Evidence That The Text Message Was Sent Using An ATDS.

As Enova and the other Defendants demonstrated in their opening briefs, there is no disputed issue of fact as to whether the text message at issue was sent using an ATDS. There is no evidence upon which Plaintiff could sustain his burden of proof at trial on this issue.

#### A. Equipment That Simply "Stores" Numbers To Be Called Is Not An ATDS Under The Plain Language Of The TCPA.

In his response, Plaintiff argues that where equipment has the capacity to store a "list" of numbers to be called -- regardless of whether they come from a random or sequential number generator – it qualifies as an ATDS under the TCPA. (Dkt. 266, pp. 6-7). Plaintiff then tries to convert Mr. Gee's equipment into an ATDS by referencing the unremarkable fact that Mr. Gee inputted a list of numbers that were eventually called. (*Id.*). While Plaintiff first relies on FCC pronouncements to support its argument, (Dkt. 266, pp. 7-9), one must start with the statutory language in defining an ATDS. The TCPA explicitly provides a definition:

> (1) The term "automatic telephone dialing system" means equipment which has the capacity—
>
> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
> (B) to dial such numbers.

47 U.S.C. § 227(a)(1).

The Ninth Circuit found the definition of an ATDS to be "clear and unambiguous." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009). Because of this, Plaintiff's reliance on FCC interpretations of what constitutes an ATDS, as well as Congressional intent (Dkt. 266, p. 11), is misplaced.

As a court recently confirmed, because it is clear and unambiguous, the FCC's statutory interpretation of an ATDS is not binding. *Marks v. Crunch San Diego, LLC*, No. 14-cv-348, 2014

---

[3] Plaintiff goes further and argues that he is entitled to summary judgment. (Dkt. 266, p. 6). Of course, Plaintiff has not filed his own motion for summary judgment. Even putting aside the procedural impropriety of any such "motion", Plaintiff has not met his burden to demonstrate that an ATDS was used.

WL 5422976, at *2 (S.D. Cal. Oct. 23, 2014). The *Marks* court criticized the FCC's 2012 commentary interpreting the definition of an ATDS broadly as "any equipment that has the specified capacity to generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists." *Marks*, 2014 WL 5422976, at *2, quoting *In the Matter of Rules and Regulations Implementing the TCPA of 1991*, 27 F.C.C.R. 15391, 15392 n.5 (2012). The court found that this interpretation is not based on the plain language of the statute: "'Random or sequential number generator' cannot reasonably refer broadly to any list of numbers dialed in random or sequential order." *Marks*, 2014 WL 5422976, at *3. Rather, "random or sequential number generator" refers to the genesis of the list of numbers. *Id.* Plaintiff argues that such an interpretation would be "nonsensical". (Dkt. 266, p. 10). But to argue that equipment only needs to "store" numbers ignores the plain language that the equipment must have a capacity to call numbers "using a random or sequential number generator." 47 U.S.C. § 227(a)(1).

Indeed, in *Marks*, the system could only dial numbers that were entered into the system through methods (including manually uploading numbers onto the platform) requiring "human curation and intervention," none of which could be termed a "random or sequential number generator." *Marks*, 2014 WL 5422976, at **1, 3. Thus, the equipment could not be an ATDS.

Similarly, in *Dominguez v. Yahoo!, Inc.*, No. 13-1887, 2014 WL 1096051, at *6 (E.D. Pa. Mar. 20, 2014), cited by Enova in its opening brief (Dkt. 233, p. 19), the district court rejected FCC guidance and found that the definition of ATDS "require[s] more than simply that the system store telephone numbers and send messages to those numbers without intervention."

Here, like in those cases, the critical distinction is that "human curation and intervention" was required for any list of numbers to be called.[4] (Dkt. 233, p. 14, quoting Gee Dep., pp. 130-31 ("No number could be entered through the software unless it was human intervention and a human added the file, the numbers, into the software.")). And the genesis of the list was not from a random or sequential number generator.

---

[4] Plaintiff's attempt to distinguish *Gragg v. Orange Cab Co.*, 995 F. Supp. 2d 1189, 1192 (W.D. Wash. 2014), is likewise unsuccessful. The equipment in that case, like here, involved numbers being obtained from an outside source and then being fed into a dialing software program.

Moreover, the cases cited by Plaintiff arguing that "equipment that automatically dials a list of numbers falls within the statutory definition of ATDS" (Dkt. 266, pp. 11-12) are inapt.

In *Bates v. Dollar Loan Ctr. LLC*, No. 2:13-CV-1731-KJD-CWH, 2014 WL 3516260, at *2 (D. Nev. July 15, 2014), the defendant conceded both that numbers in a daily pool, if dialed, would be using an ATDS in violation of the TCPA, and defendant further admitted that the equipment likely had the capacity to act as an ATDS. Likewise, in *Fields v. Mobile Messengers America, Inc.*, No. 12-cv-5160, 2013 WL 6774076 (N.D. Cal. Dec. 23, 2013), the defendant admitted that there was no human intervention in sending messages. The numbers were both received from a computer database and then dialed without human intervention. That is not the case here and Defendants have made no such admissions.

*Sterk v. Path, Inc.*, No. 13 C 2330, 2014 WL 2443785 (N.D. Ill. May 30, 2014), and *Meyer v. Porfolio Recovery Associates, LLC*, 707 F.3d 1036, 1044 (9th Cir. 2012) both involved a "predictive dialer." "Predictive dialers use an algorithm to 'predict' when a telemarketer will become available to take a call, effectively queuing callers for the telemarketers." *Marks*, 2014 WL 5422976, at *4. There is no evidence that the Data Doctor program here (or any other equipment used by Mr. Gee or AC Referral) can do this. Indeed, Plaintiff does not even argue that a "predictive dialer" was used here.

Plaintiff cites *Satterfield* for its supposed finding that there was a disputed issue of fact about whether the equipment at issue "stored telephone numbers to be called and subsequently dialed those numbers automatically without human intervention," thus precluding summary judgment. (Dkt. 266, p. 12, quoting *Satterfield*, 569 F.3d at 951). But the portion Plaintiff quotes is an excerpt of an opinion given by one of the plaintiff's experts, which was in dispute, and was cited merely as an example of conflicting testimony. *Satterfield*, 569 F.3d at 951. The Ninth Circuit certainly did not adopt the plaintiff's expert's opinion. Moreover, Plaintiff has proffered no expert to provide a similar opinion to raise a genuine issue of fact here.

Lastly, Plaintiff argues that this Court must defer to the FCC rulings that "equipment is an ATDS when it…dials a list of numbers without human intervention." (Dkt. 266, p. 13). But, as shown above, the Ninth Circuit has stated the TCPA's definition of TCPA was "clear and

5177697_1

unambiguous." *Satterfield*, 569 F.3d at 951. Thus, there is no need for any deference when the statute is not silent or ambiguous, and especially when the FCC's interpretation is contrary to the plain statutory language. *See Marks*, 2014 WL 5422976, at *3; *Dominguez*, 2014 WL 1096051, at *5 n.6.

**B.  Plaintiff Has Not Shown That The Equipment Here Had The Capacity To Call Numbers Using A Random Or Sequential Number Generator.**

Plaintiff argues that, even if its proffered interpretation of ATDS (as only requiring the storage of numbers) fails, the equipment here has the capacity to "generate random or sequential numbers" in order to be an ATDS. (Dkt. 266, pp. 14-17). Plaintiff relies on testimony that Gee's "Netbook" had Microsoft Excel, which plaintiff then couples with an argument, based on internet sources not part of the record here, as to Excel's capability to generate random numbers. However, Plaintiff has not provided any evidence other than general internet citations as to Microsoft Excel's functions.

Plaintiff has not submitted any evidence – expert or otherwise – that would show whether and how Excel could operate with the Data Doctor software to generate random or sequential numbers and then automatically call those numbers. Indeed, plaintiff has not shown whether and how Gee's Netbook could be programmed to do this.

Without any such evidence, Plaintiff has not shown a present "capacity" of the equipment used by Mr. Gee or AC Referral to operate as an ATDS.

**C.  A Text Is Not An "Artificial or Prerecorded Voice".**

At last gasp, Plaintiff, in a footnote, argues that the text message at issue does not even need to have been sent from an ATDS because it is an unlawful call using an "artificial or prerecorded voice." (Dkt. 266, p. 17 n.7). This novel argument has no support in any case law interpreting the TCPA. Nor has Plaintiff even alleged this. His First Amended Complaint only alleges that the text messages were sent using ATDS equipment, parroting the statutory definition. (Dkt. 35, ¶ 48). There is no allegation that these text messages were "artificial or prerecorded voices" and Plaintiff's attempt to inject this new argument into the case is improper and ill-conceived.

5177697_1

# CONCLUSION

There is no genuine issue of material fact that the evidence fails to show that an ATDS was used, and summary judgment should be entered against Plaintiff and in favor of Enova.

DATED this 4th day of December, 2014

LEWIS ROCA ROTHGERBER LLP

By: /s/ Dan R. Waite
　　DAN R. WAITE
　　Nevada Bar No.4078
　　LEWIS ROCA ROTHGERBER, LLP
　　3993 Howard Hughes Parkway, Suite 600
　　Las Vegas, NV 89169
　　Email: dwaite@lrrlaw.com

　　BRIAN P. O'MEARA
　　*Pro Hac Vice* IL Bar No. 6275624
　　FORDE LAW OFFICES LLP
　　111 West Washington, Suite 1100
　　Chicago, Illinois 60602
　　Email: bomeara@fordellp.com

*Attorneys for Defendant CNU Online Holdings, LLC, incorrectly sued as Enova International, Inc.*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of Lewis Roca Rothgerber LLP, and that on this day, I caused a true and correct copy of the foregoing: **CNU ONLINE HOLDINGS, LLC'S, INCORRECTLY SUED AS ENOVA INTERNATIONAL, INC., REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** to be served via the Court's E-Filing System CM/ECF, on all interested parties in the above-referenced matter. The date and time of the electronic service is in place of the date and place of deposit in the mail.

DATED this 4th day of December, 2014.

/s/ Luz Horvath
An Employee of Lewis Roca Rothgerber LLP