Steven Martin Aaron, Esq. (MO Bar No. 41653)
*Admitted Pro Hac Vice*
Gregory T. Wolf, Esq. (MO Bar No. 43717)
*Admitted Pro Hac Vice*
DENTONS US LLP
4520 Main Street, 11th Floor
Kansas City, MO 64111-7700
Telephone:  (816) 460-2400
Facsimile:   (816) 531-7545
steven.aaron@dentons.com
gregory.wolf@dentons.com

Martin L. Welsh, Esq.
Nevada State Bar No. 8720
LAW OFFICE OF HAYES & WELSH
199 North Arroyo Grande Blvd., Suite 200
Henderson, Nevada 89074
Telephone:  (702) 434-3444
Facsimile:   (702) 434-3729
mwelsh@lvlaw.com

*Attorneys for Defendant*
*CREDIT PAYMENT SERVICES, INC.*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FLEMMING KRISTENSEN, individually, and on behalf of a class of similarly situated individuals,<br><br>                               Plaintiff,<br><br>v.<br><br>CREDIT PAYMENT SERVICES, INC., a Nevada corporation, f/k/a MYCASHNOW.COM INC., ENOVA INTERNATIONAL, INC., an Illinois corporation, PIONEER FINANCIAL SERVICES, INC., a Missouri corporation, LEADPILE LLC, a Delaware limited liability company, and CLICKMEDIA, LLC d/b/a NET1PROMOTIONS LLC, a Georgia limited liability company,<br><br>                               Defendants. | Case No. 2:12-CV-00528-APG (PAL)<br><br>**DEFENDANT CREDIT PAYMENT SERVICES, INC.'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL L.R. 10-5** |

1

83512370\V-1

COMES NOW Defendant Credit Payment Services, Inc. f/k/a MyCashNow.com, Inc. ("CPS"), by and through its counsel, pursuant to Civil Local Rule 10-5, and hereby submits this Motion for leave to file certain documents under seal in connection with Defendant Credit Payment Services, Inc.'s Memorandum in Opposition to Plaintiff's Rule 56(c)(2) Objections to and Motion to Strike the Declaration of Michael Ferry and Other Evidence Submitted in Support of Defendants' Motions for Summary Judgment (the "Opposition"). Further, Defendant states as follows:

1. A Stipulated Protective Order was entered in this case on January 11, 2013 (Dkt. 32), to provide guidelines regarding the exchange of confidential information between the Plaintiff and all Defendants (the "Parties"). A First Amended Stipulated Protective Order was entered in this case on January 30, 2014 (Doc. 145) to add provisions for highly confidential information exchanged between the Parties (together, Doc 32 and Doc 145 are hereafter referred to as (the "Protective Order").

2. Defendant seeks to file under seal pursuant to Civil L.R. 10-5, Exhibit 1 to the Opposition, further described as deposition transcript excerpted pages containing testimony of Michael Ferry, taken January 10, 2014 in this litigation. This deposition transcript was designated as Confidential pursuant to the Protective Order, and as such, excerpted pages 11, 12, 13, 78, 79, 82 and 83 of the transcript are requested to be filed under seal. This Court has unsealed certain pages to the Ferry Deposition transcript, but not these pages.

3. The pages in paragraph 1 above has been designated as "Confidential" and "Attorneys Eyes Only" pursuant to the Protective Order because they contain confidential and proprietary business information. The Protective Order contemplates that confidential, proprietary, or private information may be disclosed during the course of discovery, and that the Parties shall follow the procedures set forth in Civil Local Rule 10-5 for filing confidential documents under seal.

4. Paragraph 12.4 of the agreed-to Protective Order provides:

> […] [A] Party may not file in the public record in this action any Protected Material. A party that seeks to file under seal any Protected Material must comply with Civil Local Rule 10-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

2

(Dkt. 145, emphasis added).

 5. Protected Material is defined by the Protective Order to include any "Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." (Dkt. 145, ¶ 2.14).

 6. Pursuant to Paragraphs 12.4 and 2.14 of the Protective Order, CPS moves to file under seal, Exhibit 1 in support of the Opposition, as further described in paragraph 2 above.

 7. As the non-designating party, CPS is not in a position to remove the confidential and/or AEO designations from Exhibit 1.

 8. If the Court desires that Exhibit 1 should be available to the public, CPS has no objection. CPS filed its Motion to Seal in an abundance of caution to ensure it complied with the Protective Order.

 9. Good cause exists for allowing Defendant to file the above-referenced portions of Exhibit 1 in support of the Opposition under seal in order to avoid disclosure of confidential or proprietary business information; because the subject documents have been designated as "Confidential" and "Attorneys Eyes Only" pursuant to the Protective Order entered into by the Parties; and because the documents were produced or generated during discovery subject to the same Protective Order.

 10. Pursuant to Local Rule 10-5 and the District of Nevada's ECF Filing Procedures, contemporaneously with the filing of this Motion, Defendant will file the exhibit referenced in paragraph 2 above under seal and will serve a paper copy on all parties, in addition to delivering a paper copy to this Court.

 WHEREFORE, Defendant respectfully requests that this Court enter an Order granting Defendants' Motion for Leave to File Document Under Seal.

83512370\V-1

| | |
|---|---|
| DATED:  December 4, 2014 | DENTONS US LLP |
| | _/s/ Gregory T. Wolf_<br>Steven Martin Aaron, Esq.<br>(*Pro hac* vice) MO Bar # 41653<br>Gregory T. Wolf, Esq.<br>(*Pro hac vice*) MO Bar #43717<br>4520 Main Street, 11th Floor<br>Kansas City, MO 64111-7100 |
| | LAW OFFICE OF HAYES & WELSH |
| | _/s/ Martin L. Welsh_<br>Martin L. Welsh, Esq.<br>Nevada State Bar No. 8720<br>199 North Arroyo Grande Blvd., Suite 200<br>Henderson, Nevada 89074<br>***Attorneys for Defendant***<br>***Credit Payment Services, Inc.*** |

IT IS SO ORDERED

Dated: _____

_____
UNITED STATES DISTRICT JUDGE

4

83512370\V-1

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that on December 4, 2014, I caused the above and foregoing document entitled MOTION FOR LEAVE TO FILE CERTAIN DOCUMENTS UNDER SEAL to be served on all counsel of record through the Court's CM/ECF system.

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Gregory T. Wolf*
　　　　　　　　　　　　　　　　　　　　　　　An Attorney for Defendants