UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FLEMMING KRISTENSEN,<br><br>          Plaintiff,<br>v.<br>CREDIT PAYMENT SERVICES, INC., et al.,<br><br>          Defendants. | Case No. 2:12-cv-00528-APG-PAL<br><br>ORDER<br><br>(Memo in Support of Atty Fees – Dkt. #299) |

Before the court is Plaintiff's Memorandum in Support of Attorney's Fees and Costs Related to Plaintiff's Motion to Compel Defendant Credit Payment Services, Inc. to Produce Documents and Amend Answers to Requests to Admit and Interrogatories (Dkt. #299). The court has considered the motion and Credit Payment Service, Inc.'s Response (Dkt. #311).

In an order entered November 25, 2014, the court granted Plaintiff's motion to compel Defendant CPS in part, finding that CPS's responses were boilerplate and designed to "evade, obfuscate, and obstruct discovery." *See* Order (Dkt. #272). The order indicated the court would award reasonable costs and attorney's fees for the necessity of filing a motion, and instructed counsel to file a memorandum supporting the fee application, giving opposing counsel fourteen days to file a response.

The court has now reviewed and considered the moving and responsive papers. Counsel for Plaintiff states that 110.1 hours were spent in connection with prosecuting the motion to compel which included drafting a Rule 37 meet-and-confer letter and conducting meet-and-confer sessions with opposing counsel, performing legal research, drafting the motion and reply, and preparing for and attending hearings. However, Plaintiff is only seeking attorney's fees in the amount of $8,736.00 for 22.4 hours of work performed at the rate of $390/hr. in connection

1  with the second motion to compel which excluded the time spent on the meet-and-confer
2  process, and time spent on drafting a reply brief.

3  Plaintiff also does not seek travel costs incurred in attending the hearing on the motion to
4  compel because an unrelated status hearing regarding Defendant Enova International Inc.'s
5  compliance with the court's prior order was scheduled for the same day.  The motion is
6  supported by the declaration of John Ochoa.  Although several lawyers were involved in the
7  preparation, drafting and filing of Plaintiff's motion to compel, and efforts were made to
8  minimize duplication of work, counsel only seek fees for the time spent by lead counsel, Mr.
9  Ochoa.  This includes 12.4 hours for preparing the motion, and 10 hours of preparing for and
10 attending the hearing on the motion.  Mr. Ochoa's declaration attaches a copy of the law firm's
11 firm resume and attests the hourly rate used to calculate his base loadstar rate is comparable to
12 those charged by attorneys with similar experience, skill and reputation for similar services in the
13 Chicago legal market and other comparable markets.  The declaration also attests that the hourly
14 rate used to calculate the loadstar is the same that he has charged to the firm's hourly paying
15 clients, most recently in a case that he names pending in Cook County, Illinois.

16 The memorandum is also supported by the declaration of John Benedict, local counsel for
17 the Plaintiffs.  Mr. Benedict attests that he has been licensed to practice in the State of Nevada
18 since 1995, and a principal of the law offices of John Benedict.  He is familiar with the
19 customary hourly rates charged by attorneys in this district, as well as the hourly rates charged
20 by counsel in connection with complex class action litigation matters such as this case.  He has
21 reviewed the memorandum in support of the attorney's fees and costs sought, as well as the
22 quality of work conducted by co-counsel, Mr. Ochoa, and opines that $390/hr. is a reasonable
23 hourly rate for services rendered in this litigation.

24 CPS takes issue with the amount of time Plaintiff's counsel seeks for time spent drafting
25 the motion to compel and preparing for and attending the August 7, 2014 hearing. Additionally,
26 counsel for CPS points out that at the August 7, 2014 hearing, the court granted Plaintiff's
27 motion in part, overruled various objections made by CPS, and ordered CPS to supplement its
28 response to only five requests for production, and to produce a revised privileged log and

1  affidavit and declaration detailing the nature of CPS's reasonable inquiry to locate responsive
2  documents. The remaining requests were denied. As Plaintiff's initial motion complained about
3  75 discovery requests, Plaintiff succeeded on only 6% of what he complained about. CPS
4  acknowledges that in the Ninth Circuit, the courts use the loadstar method to calculate reasonable
5  attorney's fees. Under the loadstar method, the number of hours reasonably expended in the
6  litigation is multiplied by a reasonable hourly rate. CPS points out that the description of the
7  work provided in the memorandum is "incredibly brief" and appears to attempt to charge CPS
8  for time spent preparing for and attending the portion of the August 7, 2014, hearing related to
9  Enova's compliance with the court's order compelling Enova to produce documents.

10  CPS points out that the August 7, 2014, hearing lasted approximately an hour which
11  means Plaintiff is seeking to recover nine hours of time for preparing for the hearing on a single
12  non-dispositive motion which did not involve unique or novel issues. The motion to compel
13  involves straightforward discovery issues that are common in commercial and class action
14  litigation. The results obtained are probative on the issue of the reasonableness of the fee award
15  sought. Thus, the court should significantly reduce the attorney's fees Plaintiff seeks. CPS urges
16  the court to reduce the request to attorney's fees and award Plaintiff $2,750.00 arguing this
17  amount is, under the circumstances, reasonable and directly related to bringing Plaintiff's motion
18  to compel. CPS does not challenge the hourly rate.

19  In a written Order (Dkt. #272) entered November 25, 2014, following the August 7, 2014
20  hearing, the court granted in part and denied in part the Plaintiff's most recent motion to compel.
21  CPS had previously been compelled to provide discovery it resisted. Additionally, CPS
22  amended its discovery responses during the course of litigating the motion to compel at issue in
23  the fee application. The order found that CPS's amended answers consisted of three pages of
24  "general objections" which it purported to incorporate into each response as set forth in full. The
25  general objections were followed by additional objections to the specific requests. The court
26  found that CPS's general and additional objections were boilerplate objections which were
27  designed to "evade, obfuscate, and obstruct discovery." CPS had objected on attorney-client
28  privilege grounds, but had not produced a privileged document log. CPS's boilerplate objections

1  also made it impossible to determine whether CPS had conducted a diligent search for all
2  responsive documents and produced them, notwithstanding its objections, or whether it had
3  withheld responsive documents, and if so, on what grounds.  CPS's opposition to the motion also
4  resisted discovery on legal arguments the district judge had rejected in granting the Plaintiff's
5  motion to amend the complaint  After the motion was filed CPS supplemented a number of its
6  discovery responses, but continued to resist discovery of other information Plaintiffs sought. The
7  court  compelled CPS to provide supplemental responses without objections to a limited number
8  of discovery requests.

9  The court was not satisfied that CPS had complied with its duty to make reasonable
10 inquiry to respond to Plaintiff's discovery requests and required CPS to comply with the
11 reasonable inquiry standard described by the court in *National Ass'n of Radiation Survivors v.*
12 *Turnage*, 115 F.R.D. 543, 554-56 (N.D. Cal. 1987).

13 The court did find that some of the Plaintiff's requests were overly broad on their face.
14 However, as indicated, CPS only supplemented its responses after the motion to compel was
15 filed and provided evasive and incomplete responses to others which Rule 37(a)(4) treats as a
16 failure to disclose, answer or respond.

17 The argument that counsel for CPS advances that the motion itself was only thirteen
18 pages and did not require much preparation falls on deaf ears.  The motion itself may have been
19 relatively straightforward, but the moving and responsive papers with attached exhibits,
20 including the responses and supplemental responses took the court many, many hours to review
21 to decide the motion.  Happily, the court is no longer required to account for billable hours.

22 Having reviewed and considered the moving and responsive papers, the court will award
23 attorney's fees and costs for the 12.4 hours sought for preparing the motion, 5 hours for
24 preparing the reply, and 5 hours for preparing for and attending the hearing on the motion. The
25 discovery responses and supplemental responses were voluminous.   The reply was not
26 straightforward, required substantial work, and was necessary to counter CPS's arguments that
27 the discovery should not be had at all notwithstanding the fact that the district judge had granted
28 Plaintiff leave to file an amended complaint on the alter ego theory of liability to which the

1  Plaintiff's discovery requests were directed.  Plaintiff carefully reviewed the supplemental
2  responses and advised the court of the number of responses Plaintiff was now satisfied had been
3  adequately answered, and targeted oral argument to the responses still primarily in dispute.
4  Accordingly,

**IT IS ORDERED** that Plaintiff is awarded attorney's fees in the amount of **$8,736.00** for 22.4 hours of work performed at the rate of $390/hr.

DATED this 21st day of January, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

5