**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FLEMMING KRISTENSEN, individually and on behalf of a class of similarly situated individuals,<br>　　　　　　　　Plaintiffs,<br>　v.<br>CREDIT PAYMENT SERVICES INC, *et al*,<br>　　　　　　　　Defendants. | Case No. 2:12-cv-00528-APG-PAL<br><br>**ORDER ON MOTIONS TO SEAL**<br>(Dkt. ##234, 235, 238, 243, 265, 281, 289, 291) |

　　　　The parties have filed various motions (Dkt. ##234, 235, 238, 243, 265, 281, 289, 291) to seal documents that were designated by other parties as confidential.  No responses were filed to those motions.  So on December 18, 2014, I directed the parties to file a response by December 22, 2014 indicating whether they wish to have the identified documents remain under seal.  I explained that if any party does, the response must explain why.

　　　　Only defendant CNU Online Holdings[1] and plaintiff Flemming Kristensen responded.  In its response, CNU stated that it did not object to the unsealing of any of the identified documents. Kristensen, however, claimed that excerpts from two depositions should remain sealed. The first excerpt is from the deposition of Kristensen himself.  It contains Kristensen's email address and telephone numbers, information he contends is private and properly covered by the Amended Stipulated Protective Order (Dkt. #145 § 2.3).  The second excerpt is from the deposition of Eugen Ilie (Dkt. #266-1 at 4; Dkt. #267).  It also, according to Kristensen, contains information

---

[1] CNU represents that they were incorrectly sued as "Enova International." (*See* Dkt. #306 at 1.)

covered by the Amended Stipulate Protective Order—specifically, a non-disclosure agreement between Mr. Ilie and Defendant Leadpile LLC—and for that reason should remain sealed.

Because no other parties have stated their objections to unsealing the identified documents, this order focuses on Kristensen's two requests. I find that his request to keep his email address and phone number sealed satisfies the "compelling reasons" standard used to evaluate motions to seal, but that his request to keep the testimony of Mr. Ilie sealed does not.

## DISCUSSION

There is a "strong presumption in favor of access" to documents filed in federal court.[2] When filing a dispositive motion, the party that requests sealing bears the "burden of overcoming this strong presumption by meeting the 'compelling reasons' standard."[3] The requesting party must "articulate[ ] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure."[4] I need not articulate reasons for unsealing the record; instead, it is the moving party's burden to articulate specific reasons the record should be sealed.[5] "A failure to meet that burden means that the default posture of public access prevails."[6]

I find that Kristensen has "articulated compelling reasons supported by specific factual findings" for why his email address and phone numbers should remain sealed, or at least redacted. This information is personal and sensitive. It need not be disclosed to the public. But I do not

---

[2] *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006); *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995) (quotation omitted).

[3] *Kamakana*, 447 F.3d at 1178.

[4] *Id.* (quotation omitted).

[5] *Id.*

[6] *Id.*

find that Kristensen has met the "compelling reasons" standard for keeping excerpts of Mr. Ilie's testimony sealed. Kristensen claims that material discussed in the excerpts is protected by a non-disclosure agreement Mr. Ilie signed with Defendant Leadpile LLC. But Kristensen does not provide any specific facts showing what would be so damaging about sharing this material with the public. Nor does he provide a copy of the non-disclosure agreement so that what it covers can be weighed against the strong presumption against sealing. Instead he relies on his assertion that "the subject of a non-disclosure agreement is contemplated by the Amended Stipulated Protective Order."[7] This is not enough. The "compelling reasons" standard applies even when documents were filed under a protective order.[8]

Without any additional arguments as to why Mr. Ilie's testimony should remained sealed, I must defer to the strong presumption in favor of public access. Kristensen's motion is therefore denied as to Mr. Ilie's testimony, but granted as to Kristensen's phone number and email address, which should now both be redacted.

## **CONCLUSION**

IT IS THEREFORE ORDERED THAT:

(1) the clerk's office is directed to **UNSEAL Docket #267** (Mr. Ilie's testimony, marked as Exhibit 1-A to the Declaration of John C. Ochoa in Support of Plaintiff's Partial Consolidated Response to Defendants' Motion for Summary Judgment), and

(2) defendant Leadpile is directed to refile a public version of Docket #248 with redactions of Flemming Kristensen's phone number and email address in Exhibit 8 (Dkt. #248-3).

---

[7] (Dkt. #307 at 2.)

[8] *Kamakana*, 447 F.3d at 1178 ("[T]he presumption of access is not rebutted where . . . documents subject to a protective order are filed under seal as attachments to a dispositive motion. The . . . 'compelling reasons' standard continues to apply.)" (quotation omitted).

IT IS FURTHERED ORDERED THAT:

- Defendant CNU Online Holdings, LLC's Motion to Seal (Dkt. #234) is **DENIED**;
- Defendant Pioneer Financial Services' Motion to Seal (Dkt. #238) is **DENIED**;
- Defendant Leadpile LLC's Motion to Seal (Dkt. #243) is **DENIED**;
- Defendant Credit Payment Services' Motions to Seal (Dkt. ##235, 281, 289) are **DENIED**; and
- Plaintiff Kristensen's Motions to Seal (Dkt. ##265, 291) are **DENIED**.

The clerk's office is therefore directed to also **UNSEAL the documents filed as docket number 246 and docket number 292.**

DATED this 9th day of March, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE