UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FLEMMING KRISTENSEN,<br><br>                                    Plaintiff,<br>v.<br>CREDIT PAYMENT SERVICES INC., et al.,<br><br>                                    Defendants. | Case No. 2:12-cv-00528-APG-PAL<br><br>ORDER<br><br>(Mtn to Reconsider – Dkt. #366) |

This matter is before the court on Defendant Credit Payment Services, Inc.'s, ("CPS") Motion for Partial Reconsideration of Order Denying its Motion to File Amended Answer to Plaintiff's First Amended Class Action Complaint (Dkt. #366) filed March 10, 2015. The Motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9. The court has considered the Motion and the Declaration of Peter M. Colosi (Dkt. #367) filed in support. As the moving party has not cited or argued the applicable standard for motions for reconsideration, and this case has been characterized by time consuming and expensive motion practice, the court will decide the matter without waiting for a response.

On February 24, 2015, the court entered an Order (Dkt. #358) denying CPS' Motion for Leave to File an Amended Answer (Dkt. #192). The court found CPS had not shown good cause as required by Rule 16 of the Federal Rules of Civil Procedure to justify modifying the court's Scheduling Order (Dkt. #93), and it had not shown excusable neglect for the delay in filing the Motion months after the deadline for amending pleadings had expired as required by LR 26-4. CPS requests the court reconsider its prior Order and allow CPS to add two additional affirmative defenses.

CPS asserts good cause exists to allow an amended answer because it retained new counsel who began working on this case November 15, 2013, and from that point, it "quickly

engaged in meaningful discovery." Motion at 4:13-14. Additionally CPS asserts that Plaintiff will not be prejudiced by the amended answer because Plaintiff was aware of the two additional defenses it seeks to add and had ample time to conduct discovery on those issues.

Rule 59 of the Federal Rules of Civil Procedure permits a court to reconsider and amend a previous order. *See* Fed. R. Civ. P. 59(e). However, reconsideration is "an extraordinary remedy, to be used sparingly and in the interest of finality and conservation of judicial resources." *Kona Enters., Inc., v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (internal citation omitted). A motion for reconsideration "should not be granted, absent highly unusual circumstances," unless: (a) the movant presents the court newly discovered evidence; (b) the court committed clear error, or the initial decision was manifestly unjust; or (c) there is an intervening change in controlling law. *Id.* (citing *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also Nunes v. Ashcroft,* 375 F.3d 805, 807-08 (9th Cir .2004) (quoting *Sch. Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993)). A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier." *Kona Enters.,* 229 F.3d at 890 (emphasis in original).

CPS' Motion to Reconsider does not cite, let alone attempt to comply with, the applicable standard. The Motion to Amend was denied because CPS failed to meet its burden. The Motion to Reconsider is an improper attempt to take a "second bite at the apple" and makes arguments CPS should have raised in the first instance.[1] *Id.*; *see also Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir. 2003). Substitution of new counsel is not grounds to grant a motion which could have and should have been filed within the deadlines established by the court's scheduling order.

Accordingly,

///

---

[1] Even if CPS were permitted a second bite at the apple, its request would still be denied. Although CPS acknowledges it should have also shown excusable neglect as required by LR 26-4, the Motion to Reconsider, like the Motion to Amend, does not explain how its failure to file the Motion to Amend until five months after the deadline to amend pleadings expired was the result of excusable neglect.

**IT IS ORDERED** that CPS's Motion for Partial Reconsideration (Dkt. #366) is DENIED.

Dated this 16th day of March, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE