1   John Benedict
    john.benedict.esq@gmail.com
2   Nevada Bar No. 005581
    LAW OFFICES OF JOHN BENEDICT
3   2190 E. Pebble Road, Suite 260
    Las Vegas, Nevada 89123
4   Tel: 702.333.3770
    Fax: 702.361.3685
5
    Rafey Balabanian (Admitted *Pro Hac Vice*)
6   rbalabanian@edelson.com
    Ryan D. Andrews (Admitted *Pro Hac Vice*)
7   randrews@edelson.com
    John C. Ochoa (Admitted *Pro Hac Vice*)
8   jochoa@edelson.com
    EDELSON PC
9   350 North LaSalle Street, Suite 1300
    Chicago, Illinois 60654
10  Tel: 312.589.6370
    Fax: 312.589.6378
11
12  *Attorneys for Plaintiff Flemming Kristensen*
    *and the Class*

13              IN THE UNITED STATES DISTRICT COURT
                      DISTRICT OF NEVADA
14

15  FLEMMING KRISTENSEN, individually and       Case No. 2:12-CV-00538-APG(PAL)
    on behalf of a class of similarly situated
16  individuals,                                CLASS ACTION

17                          Plaintiff,          **PLAINTIFF'S MOTION TO STRIKE**
                                                **DEFENDANTS CREDIT PAYMENT**
18              v.                              **SERVICES, INC. AND LEADPILE, LLC'S**
                                                **REPLY BRIEF IN SUPPORT OF THEIR**
19  CREDIT PAYMENT SERVICES, INC., a            **OBJECTIONS TO MAGISTRATE'S**
    Nevada corporation f/k/a                    **ORDER**
20  MYCASHNOW.COM INC., ENOVA
    INTERNATIONAL, INC., an Illinois            Judge: Hon. Andrew P. Gordon
21  corporation, PIONEER FINANCIAL
    SERVICES, Inc., a Missouri Corporation,     Magistrate: Hon. Peggy A. Leen
22  LEADPILE, LLC, a Delaware limited liability
    company, and CLICKMEDIA, LLC d/b/a
23  NET1PROMOTIONS LLC, a Georgia limited
    liability company,
24
                            Defendants.
25

26

27

28

Plaintiff Flemming Kristensen ("Plaintiff") and the certified Class respectfully moves this Court to strike Defendants Credit Payment Services, Inc. ("CPS") and LeadPile, LLC's ("LeadPile" and collectively, "Defendants") Reply Brief in Support of their Objections to Magistrate Judge's Order Denying Motion for Terminating Sanctions. (Dkt. 360.)

Respectfully submitted,

FLEMMING KRISTENSEN, individually and behalf of a Class of similarly situated individuals

Dated: March 25, 2015

By: /s/ John C. Ochoa
One of Plaintiff's Attorneys

John Benedict, Esq.
LAW OFFICES OF JOHN BENEDICT
Nevada Bar No. 005581
2190 E. Pebble Road, Suite 260
Las Vegas, Nevada 89123
Telephone: (702) 333-3770
Facsimile: (702) 361-3685
john.benedict.esq@gmail.com

Ryan D. Andrews (Admitted *Pro Hac Vice*)
randrews@edelson.com
Rafey Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
John C. Ochoa (Admitted *Pro Hac Vice*)
jochoa@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff Flemming Kristensen and the Class*

**INTRODUCTION**

In what has become a trend in this litigation, Defendants CPS and LeadPile (for the purposes of this Motion, "Defendants") persist in filing briefs and pursuing arguments that are completely lacking in legal basis despite the Court cautioning them for duplicating these proceedings with meritless filings.[1] After realizing the arguments they made in their objections to Magistrate Judge Leen's January 13th Order denying their Motion for Terminating Sanctions (the "Objection") were without legal basis and devoid of merit, Defendants and their recently-substituted attorneys are hoping for a "do-over" through the filing of their reply brief in support of their Objection (the "Reply"). In so doing, Defendants disregard both the Federal Rules of Civil Procedure and Local Rules in this District, as neither allow the filing of reply briefs in support of objections to magistrate judges' orders. Since the Reply was filed in contravention of the Federal and Local Rules without leave of the Court it should be stricken.

Although Defendants' flouting of the rules is reason enough to strike the Reply, it is not the only reason. Defendants' Reply also includes brand new arguments not previously raised in their initial Objection. This is also improper, as Plaintiff does not have an opportunity to respond to Defendants' newly raised arguments. Courts in this district consistently strike reply briefs that raise new argument, and Defendants' brief should be no exception. What's more, Defendants' new arguments don't provide any basis to disturb Judge Leen's January 13 Order—they simply repeat the losing arguments they made in their original Spoliation Motion. For the reasons that follow, Plaintiff respectfully requests that this Court strike Defendants' Reply.

---

[1]     Since CPS and LeadPile obtained new counsel, they have filed three motions wholly lacking in legal basis. First, on March 10, 2015, they filed a motion to reconsider the Court's February 24, 2015 Order denying CPS's Motion for Leave to Amend Pleadings. (Dkt. 366.) Judge Leen summarily denied this motion on March 17, 2015 without waiting for Plaintiff's response, holding that CPS "has not cited or argued the applicable standard for motions for reconsideration," and that their motion constituted an "improper attempt to take a 'second bite at the apple'" and made arguments that "CPS should have raised in the first instance." (Dkt. 376 at 2-3.) Second, CPS and LeadPile filed two identical, one-page motions for leave to file "supplemental briefs" in support of summary judgment, which once again failed to cite to the applicable legal standards and had no basis in the law. (Dkts. 350 & 351.) Defendants later withdrew those Motions after Plaintiff filed a response highlighting the numerous inadequacies. (Dkts. 365, 377 & 378.)

# ARGUMENT

Courts may strike any pleading that contains "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although Rule 12(f) references only pleadings, courts can strike improperly filed documents even when such documents are not pleadings. *See Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 450 F.3d 930, 944 (9th Cir. 2006); *Hambleton Bros. Lumber Co v. Balkin Enters., Inc.,* 397 F.3d 1217, 1226 (9th Cir. 2005). The Court should strike Defendants' Reply because it is impermissible under the Federal Rules and the Local Rules and raises new legal arguments not previously raised in their initial Objection.

## I.    The Court should strike Defendants' Reply because Federal Rule of Civil Procedure 72(b)(2) and Local Rule IB 3-1(a) do not permit reply briefs

As a preliminary matter, the Court should strike Defendants' Reply for the simple reason that it is not allowed under the Federal Rules of Civil Procedure and the Local Rules. Federal Rule 72(b)(2) and Local Rule IB 3-1(a) govern a party's right to object to a magistrate judge's order and the opposing party's right to respond to such objections. The briefing rules set forth in Fed. R. Civ. P. 72(b)(2) state that "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Similarly, Local Rule IB 3-1(a) states that:

> Any party wishing to object to the ruling of the magistrate judge on a pretrial matter shall, within fourteen (14) days from the date of service of the magistrate judge's ruling, file and serve specific written objections to the ruling together with points and authorities in support thereof. The opposing party shall within fourteen (14) days thereafter file and serve points and authorities opposing the objections.

These rules, however, "do not provide for the objecting party's right to reply to a response to an objection." *Jones v. Skolnik*, No. 3:10-CV-00162-LRH, 2014 WL 5158136, at *3 (D. Nev. Oct. 14, 2014); *see also Mizzoni v. Nevada ex rel. Nevada Dep't of Corr.*, No. 3:11-CV-00186-LRH, 2014 WL 4162252, at *1 (D. Nev. Aug. 20, 2014) (granting a motion to strike the objecting party's reply on the basis that neither the Federal Rules of Civil Procedure nor the Local Rules allow for a reply to a response to objections to a magistrate judge's report and recommendation without prior approval of the court); *26 Beverly Glen, LLC v. Wykoff Newberg Corp.*, No. 2:05CV862

BESGWF, 2007 WL 1560330, at *2 (D. Nev. May 24, 2007) (refusing to consider the defendants' reply in support of their objections on the same grounds).

Here, Defendants have filed an unauthorized reply brief without first seeking leave of the Court. By completely circumventing the Federal and Local Rules, striking Defendants' brief should be an easy matter, especially in light of the other impermissible briefs these Defendants and their attorneys have filed in this case.[2] Numerous courts in this district have not hesitated to strike unauthorized reply briefs, and this Court should do likewise.

**II.     The Court should strike Defendants' Reply because it improperly raises new arguments that were not raised in Defendants' initial Objection**

Not only is Defendants' Reply unauthorized by the Federal and Local Rules, but it also impermissibly makes arguments not raised in their initial Objection. Since non-moving parties do not have to ability to respond to a reply, "[i]t is improper for the moving party to 'shift gears' and introduce new facts or different legal arguments in the reply brief . . . ." *Valentine v. First Advantage Saferent, Inc.*, No. EDCV 08-142, 2009 WL 4349694, at *9 (C.D. Cal. Nov. 23, 2009); *see also Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1176 n. 4 (9th Cir. 1995) (holding that new issues may not be raised on reply). "[T]o the extent that a party raises a new argument or proffers new evidence and information in a reply brief, that argument or evidence is improper because the opposing party is deprived of an opportunity to respond." *Pacquiao v. Mayweather*, No. 2:09-CV-2448-LRH-RJJ, 2010 WL 3271961, at *1 (D. Nev. Aug. 13, 2010) ("[T]he court cannot consider new evidence provided in a reply when the other party does not have an opportunity to respond to the evidence."). When this occurs, the proper course of action is for the Court to either ignore the new arguments or strike the offending filing. *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990); *Richard v. Univ. Med. Ctr. of S. Nev.*, No. 2:09-cv-02444, 2011 WL 1098968, at *2 (D. Nev. Mar. 21, 2011) (finding that a reply inappropriately raised new arguments and granting the opposing party's motion to strike).

A review of Defendants' Reply reveals that they have completely abandoned the arguments they made in their Objection, and instead chart a new course. In their Objection, Defendants

---

[2]     *See note 1, supra*; dkts. 350, 351, 366, 377 & 378.

advanced two arguments for overturning the Magistrate Judge's January 13th, 2015 Order denying Defendants' motion for discovery sanctions. First, Defendants claimed, without any citation to authority, that since their Sanctions Motion requested "case dispositive sanctions," Judge Leen was required to submit proposed findings of fact and recommendations to the District Judge. Defendants then claimed that Magistrate Leen's failure to do so was contrary to the requirements of 28 U.S.C. § 636 and as a result this Court was obligated to conduct a *de novo* review. (Dkt. 332 at 3-4.) In response to this argument, Plaintiff provided the pertinent case law Defendants omitted explaining that since the effect of Judge Leen's Order regarding Defendants' discovery motion wasn't "case-dispositive" that the proper standard of review was "clearly erroneous," and not *de novo*. (Dkt. 347 at 2-4.)

Defendants do an abrupt about-face in their Reply, abandoning their initial argument in support of a *de novo* review (and thereby tacitly acknowledging that it was meritless to begin with). In place of the old argument, Defendants raise a new argument—that the Court should still review Judge Leen's Order *de novo* because it was issued "without factual or legal support." (Dkt. 360, Reply, at 2.) This argument—thinly supported by citation to single district court case—was not raised in their initial Objection. Not only did Defendants fail to raise this argument in their Objection, but in fact, Defendants argued the *exact opposite*, namely that Judge Leen's factual findings were clearly erroneous. (Dkt. 322 at 4.) Defendants can't have it both ways and claim that Judge Leen's factual findings were clearly erroneous in their Objection, and then argue in their Reply that they are entitled to a *de novo* review because Judge Leen failed to make factual findings. This glaring contradiction serves to highlight the impropriety of Defendants' Reply.

Second, Defendants argued in their Objection that even if the Court construed the Sanctions Motion as a non-dispositive motion, the Court should still overturn Judge Leen's January 13th Order because it was clearly erroneous in light of the factual findings in the record. (Dkt. 322 at 4.) Defendants pointed to quotes (taken out of context) from the January 6th hearing on Defendants' Sanctions Motion and claimed that Judge Leen's January 13th Order is contrary to such findings. (*Id.*) However, as Plaintiff pointed out, these supposed "verbal findings" are simply out-of-context statements made during discussions with Plaintiff's counsel during oral argument

that Defendants twisted for their own purposes. As such, Defendants' second argument—based on a mischaracterization of discussions between counsel and the Court—also failed to serve as a legitimate grounds for overturning Judge Leen's Order.

Defendants also abandon this argument in their Reply. Instead, for the first time, Defendants' Reply points to supposedly "undisputed facts"[3] and "conclusions of law" that they claim Judge Leen failed to consider.[4] However, such a shift in legal theories is improper. Defendants already raised what they believed were points of error in Judge Leen's ruling. Now that Plaintiff has refuted those points in his Response, Defendants cannot abandon those arguments and raise new ones, knowing all the while that Plaintiff would not have an opportunity to respond.

## CONCLUSION

In the end, Defendants have no legitimate basis for objecting to Judge Leen's January 13th Order. As a result, they continue to file impermissible briefs hoping for a "second bite at the apple." For the foregoing reasons, Plaintiff respectfully requests that this Court strike Defendants' Reply in support of their Objection, affirm the Magistrate Judge's January 13th Order denying Defendants' Sanctions Motion, and grant whatever further relief this Court deems reasonable and just.

---

[3]     Defendants' claim that these facts are "undisputed" is potentially sanctionable, as Defendants' characterization of the facts and record surrounding Plaintiff's discovery efforts in this case were squarely disputed in Plaintiff's Opposition to Defendants' Motion for Sanctions. (*See* dkts. 295 & 295-1.) Plaintiff will not repeat those arguments here, but rather incorporates his Opposition, along with the corresponding exhibits, as they demonstrate the frivolousness of Defendants' arguments.

[4]     Defendants ignore that Judge Leen stated in her Order denying Defendants' Sanctions Motion that she "carefully considered reviewed the moving and responsive papers, and the arguments of counsel at the lengthy hearing . . . ." (Dkt. 315 at 1.) They also ignore that Judge Leen considered the procedural history and nature of this case, which she did not recount in her Order because it had already been repeated in prior orders. (*Id.*)

Dated: March 25, 2015

Respectfully submitted,

FLEMMING KRISTENSEN, individually and on behalf of a class of similarly situated individuals,

By: _____/s/ John C. Ochoa_____
One of Plaintiff's Attorneys

John Benedict
john.benedict.esq@gmail.com
Nevada Bar No. 005581
LAW OFFICES OF JOHN BENEDICT
2190 E. Pebble Road, Suite 260
Las Vegas, Nevada 89123
Tel: 702.333.3770
Fax: 702.361.3685

Rafey Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Ryan D. Andrews (Admitted *Pro Hac Vice*)
randrews@edelson.com
John C. Ochoa (Admitted *Pro Hac Vice*)
jochoa@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff Flemming Kristensen and the Class*

## CERTIFICATE OF SERVICE

I, John C. Ochoa, hereby certify that on March 25, 2015, I electronically filed the foregoing *Plaintiff's Motion to Strike Defendants Credit Payment Services, Inc. and LeadPile LLC's Reply Brief in Support of their Objections to Magistrate's Order* with the Clerk of the Court using the CM/ECF system. Notice of this filing is sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated: March 25, 2015

                                   /s/  John C. Ochoa
                                       John C. Ochoa

**Plaintiff's Motion to Strike Defendants' Reply**
**ISO Their Objections to Magistrate's Order**
9
**Case No. 2:12-CV-00528-APG(PAL)**