**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FLEMMING KRISTENSEN, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>CREDIT PAYMENT SERVICES INC, *et al.*,<br><br>Defendants. | Case No. 2:12-cv-00528-APG-PAL<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>(Dkt. #410) |

I previously granted summary judgment in favor of defendants Credit Payment Services Inc., Enova International, Inc., Leadpile LLC, and Pioneer Financial Services, Inc. (Dkt. #406.) Plaintiffs move for reconsideration on the issue of whether these defendants are vicariously liable for non-party AC Referral's alleged violations of the Telephone Consumer Protection Act ("TCPA") based on a ratification theory. The plaintiffs argue that I applied the wrong standard for determining ratification. They contend that I should have used the test from the Restatement (Third) of Agency, which makes a principal liable if the principal knew of facts that would lead a reasonable person to investigate further. According to the plaintiffs, once the proper standard is applied, genuine issues of fact remain regarding whether these defendants knew of facts that should have led them to investigate whether AC Referral violated the TCPA when generating leads.

The defendants respond that I applied the test that the plaintiffs now request. They also argue that the plaintiffs' arguments were either raised and rejected at summary judgment or could have been raised but were not. The defendants therefore contend reconsideration is not warranted.

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient," so long as it has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1,

12 (1983) (citing Fed. R. Civ. P. 54(b)).  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., OR v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  A district court also may reconsider its decision if "other, highly unusual, circumstances" warrant it. *Id.*  "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *In re AgriBioTech, Inc.*, 319 B.R. 207, 209 (D. Nev. 2004). Additionally, a motion for reconsideration may not be based on arguments or evidence that could have been raised previously. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

I deny reconsideration.  There is no newly discovered evidence or change in controlling law to support it.  Additionally, my prior decision was not clearly erroneous or manifestly unjust. I applied the ratification theory that the plaintiffs now contend I did not apply.  In my prior Order, I stated that, "to be liable under a ratification theory the principal must either (1) have actual knowledge of all material facts about the agent's act or (2) should have known of the actual facts because a reasonable person under the circumstances would have 'investigate[d] further.'" (Dkt. #406 at 6.)  I then applied that standard and found no issues of fact. (*Id.* at 7-9.)  The remainder of the plaintiffs' motion for reconsideration is a rehashing of arguments and issues I previously considered and decided or could have been raised previously but were not.

IT IS THEREFORE ORDERED that the plaintiffs' motion for reconsideration **(Dkt. #410) is DENIED.**

DATED this 25th day of January, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE