**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| FLEMMING KRISTENSEN,<br>      *Plaintiff-Appellant*,<br><br>      v.<br><br>CREDIT PAYMENT SERVICES INC.,<br>FKA mycashnow.com Inc.; ENOVA<br>INTERNATIONAL, INC.; PIONEER<br>FINANCIAL SERVICES, INC.;<br>LEADPILE, LLC; CLICK MEDIA, LLC,<br>DBA ClickMedia 1240 Johnson<br>Ferry Place, Ste. B75 Marietta, GA<br>30068, DBA Net1Promotions LLC,<br>DBA Net 1 Promotions, LLC,<br>      *Defendants-Appellees*. | No. 16-15823<br><br>D.C. No.<br>2:12-cv-00528-<br>APG-PAL<br><br><br>OPINION |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted October 20, 2017
San Francisco, California

Filed January 10, 2018

2        KRISTENSEN V. CREDIT PAYMENT SERVS.

Before:  Sandra S. Ikuta and Andrew D. Hurwitz, Circuit
Judges, and James S. Gwin,[*] District Judge.

Opinion by Judge Ikuta

---

### SUMMARY[**]

**Telephone Consumer Protection Act**

The panel affirmed the district court's grant of summary judgment in favor of the defendants in a class action under the Telephone Consumer Protection Act.

The plaintiff received from AC Referral, a non-party, a text message that violated the TCPA. The panel held that the defendants, three lenders and two marketing companies, were not vicariously liable for AC Referral's acts. Because AC Referral was neither the agent nor purported agent of four of the defendants, they could not have ratified AC Referral's acts. Although one of the marketing companies had an agency relationship with AC Referral, it was not bound by AC Referral's acts because it lacked knowledge that AC Referral was violating the TCPA and did not have knowledge of facts that would have led a reasonable person to investigate further.

---

[*] The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Alexander G. Tievsky (argued), Roger Perlstadt, and Ryan D. Andrews, Edelson PC, Chicago, Illinois, for Plaintiff-Appellant.

James M. Lord (argued) and Asher M.B. Ritmiller, Inman Flynn Biesterfeld & Brentlinger P.C., Denver, Colorado, for Defendants-Appellees Credit Payment Services Inc. and Leadpile LLC.

Brian P. O'Meara (argued), Kevin R. Malloy, Joanne R. Driscoll, and Kevin M. Forde, Forde Law Offices LLP, Chicago, Illinois; Dan R. Waite, Lewis Roca Rothgerber LLP, Las Vegas, Nevada; for Defendant-Appellee Enova International Inc.

Kelly H. Dove and Chad R. Fears, Snell & Wilmer LLP, Las Vegas, Nevada; Robert V. Spake Jr. and Russell S. Jones Jr., Polsinelli PC, Kansas City, Missouri; for Defendant-Appellee Pioneer Services Inc.

John H. Gutke and Tara H. Popova, Fox Rothschild LLP, Las Vegas, Nevada, for Defendant-Appellant Click Media LLC.

4          KRISTENSEN V. CREDIT PAYMENT SERVS.

**OPINION**

IKUTA, Circuit Judge:

Flemming Kristensen received a text message from AC Referral that violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.  In this class action against three lenders and two marketing companies, Kristensen claims that they had ratified the unlawful text messages.  Because AC Referral (which is not a party to this suit) was neither the agent nor purported agent of four of the defendants, they cannot have ratified AC Referral's acts.  *See* Restatement (Third) of Agency §§ 4.01 and 4.03 (Am. Law Inst. 2006).  Although one of the marketing companies had an agency relationship with AC Referral, it is not bound by AC Referral's acts because it lacked knowledge that AC Referral was violating the TCPA and did not have knowledge of facts that would have led a reasonable person to investigate further.  *See id.* § 4.06.  We therefore affirm the district court's grant of summary judgment.

I

On December 6, 2011, Flemming Kristensen received an unwanted text message from an Ohio phone number that read:

> Do You Need up to $5000 Today? Easy Quick and All Online at: www.lend5k.com 24 Month Repay, All Cred. Ok Reply STOP 2 End.

This text message was generated as an indirect result of marketing campaigns undertaken by three payday lenders,

Enova International, Inc., Pioneer Financial Services, Inc., and Credit Payment Services, Inc.  The lenders entered into separate agreements with LeadPile LLC, a company that buys and sells customer leads.  In order to obtain leads, LeadPile in turn contracted with Click Media, LLC.  Click Media uses leads from thousands of "publishers" who generate leads.  If these leads lead to loans, the loan providers pay Click Media and Click Media pays the publishers, like AC Referral, a portion of that fee.  Click Media and AC Referral entered into a contract that contemplated using text messages as one method of generating leads, and stated that AC Referral must comply with the TCPA.  AC Referral had no contact with LeadPile, Enova, Pioneer Services, or Credit Payment Services; its representatives had not even heard of these companies before the lawsuit was filed.

In performing its contract with Click Media, AC Referral purchased lists of consumer phone numbers from other lead generating companies, and uploaded those phone numbers into a program that sent out advertisements.  This program sent the text message that Kristensen received.  A consumer who clicked on the link in the text message would be redirected to a loan application website controlled by Click Media.  If the consumer filled out an application, the website would redirect the consumer to the website of an appropriate lender.

Kristensen did not click on the link nor apply for a loan.  Instead, he filed a putative class action complaint against Credit Payment Services, Pioneer Services, Enova, LeadPile, and Click Media on behalf of himself and all other persons who received an unauthorized text message advertisement, alleging that the defendants were vicariously liable for sending the text messages in violation of the TCPA.  The

6          KRISTENSEN V. CREDIT PAYMENT SERVS.

district court certified a class of all individuals who were sent a text message from various telephone numbers from December 5, 2011 through January 11, 2012. *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1308 (D. Nev. 2014).

The lenders and LeadPile moved for summary judgment, and the district court granted the motion. It rejected each of Kristensen's theories of vicarious liability, including his theory that the defendants ratified AC Referral's texting campaign by accepting leads while knowing that AC Referral was using texts to generate those leads. The court subsequently held that ClickMedia was entitled to summary judgment on the same grounds as the lenders and entered a stipulated summary judgment in its favor.

On appeal, Kristensen argues only that there was a genuine issue of material fact as to whether the defendants ratified AC Referral's unlawful texting by accepting the benefits of the text messages sent by AC Referral while unreasonably failing to investigate its texting methods. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's grant of summary judgment de novo, *McDonald v. Sun Oil Co.*, 548 F.3d 774, 778 (9th Cir. 2008), viewing the evidence in the light most favorable to the nonmoving party in order to determine whether there are any genuine issues of material fact, *Thomas v. Ponder*, 611 F.3d 1144, 1149–50 (9th Cir. 2010) (quoting *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009)).

II

The TCPA makes it "unlawful for any person within the United States, or any person outside the United States if the

recipient is within the United States—(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . (iii) to any . . . cellular telephone service."   47 U.S.C. § 227(b)(1)(A)(iii).   The Federal Communications Commission (FCC) has concluded that communicating by means of a text message falls within the meaning of "to make any call," and we defer to that conclusion.  *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009).

Pursuant to its authority to make rules and regulations to implement the TCPA, 47 U.S.C. § 227(b)(2), the FCC has ruled that "[c]alls placed by an agent of the telemarketer are treated as if the telemarketer itself placed the call," *In re Rules & Regulations Implementing the TCPA of 1991*, 10 FCC Rcd. 12391, 12397 (1995), and has construed actions under the TCPA "to incorporate federal common law agency principles of vicarious liability," *In re Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6584 (2013).  The FCC relies on the Restatement (Third) of Agency as the federal common law of agency.  *See id.* at 6586, n.100; *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 877–78 (9th Cir. 2014), *aff'd*, 136 S. Ct. 663 (2016), *as revised* (Feb. 9, 2016).  We defer to this construction of the TCPA, as well as the FCC's reliance on the Restatement.  *See Gomez*, 768 F.3d at 878–79.

The Restatement (Third) of Agency defines "ratification" as "the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority."   Restatement  (Third)  of  Agency  §  4.01(1). "Ratification does not occur unless . . . the act is ratifiable as stated in § 4.03." *Id.* § 4.01(3)(a). An act is ratifiable "if the

8        KRISTENSEN V. CREDIT PAYMENT SERVS.

actor acted or purported to act as an agent on the person's behalf." *Id.* § 4.03. Therefore, "[w]hen an actor is not an agent and does not purport to be one," the doctrine of ratification does not apply. *Id.* § 4.03 cmt. b.

Even if a principal ratifies an agent's act, "[t]he principal is not bound by a ratification made without knowledge of material facts about the agent's act unless the principal chose to ratify with awareness that such knowledge was lacking." *Id.* § 4.01 cmt b. A principal has assumed the risk of lack of knowledge if "the principal is shown to have had knowledge of facts that would have led a reasonable person to investigate further, but the principal ratified without further investigation." *Id*. § 4.06 cmt. d. For instance, if a principal knows that a chandelier has been removed from an old building but ratifies its agent's acquisition of the chandelier without inspecting it, the principal has assumed the risk that the chandelier may require expensive rewiring. *See id.* § 4.06 illus. 3. Similarly, if a principal receives a letter from a customer stating it is increasing its order due to a new return policy and improved product quality, and the principal ratifies the contract with the customer even though it knows there is no new return policy or improved product quality, the principal assumes the risk that its agent made misrepresentations to the customer. *Id.* § 4.06 illus. 4; *see also Computel, Inc. v. Emery Air Freight Corp.*, 919 F.2d 678, 682–83 (11th Cir. 1990) (applying this assumption of the risk principle).

III

Under these settled principles, the district court did not err in concluding that Kristensen failed to raise a genuine issue of material fact as to whether Credit Payment Services,

Pioneer Services, Enova, or LeadPile ratified AC Referral's unlawful text messaging. It is undisputed that AC Referral did not enter into a contract with any of the lenders or with LeadPile. It is also undisputed that AC Referral did not communicate with or even know of the lenders or LeadPile before the lawsuit was filed. Because AC Referral was neither an agent nor a purported agent of the lenders or LeadPile, AC Referral's actions do not qualify as ratifiable acts. *See* Restatement (Third) of Agency §§ 4.01, 4.03. Accordingly, the lenders and LeadPile cannot be held vicariously liable for AC Referral's unlawful text messages under a ratification theory.

Nor did Kristensen raise a genuine issue of material fact as to whether Click Media ratified AC Referral's unlawful text messages. Although AC Referral was an agent of Click Media, Kristensen presented no evidence that Click Media had actual knowledge that AC Referral was sending text messages in violation of TCPA. Nor is there any basis to infer that Click Media assumed the risk of lack of knowledge, because Kristensen did not present evidence that Click Media "had knowledge of facts that would have led a reasonable person to investigate further," but ratified AC Referral's acts anyway without investigation. *Id.* § 4.06 cmt. d.

Kristensen points to the fact that Click Media's contract with AC Referral stated that AC Referral could use text message marketing and required AC Referral to comply with the TCPA. According to Kristensen, this was sufficient to trigger Click Media's duty to investigate whether AC Referral was acting in compliance with law. We disagree. The knowledge that an agent is engaged in an otherwise commonplace marketing activity is not the sort of red flag that would lead a reasonable person to investigate whether the

10         KRISTENSEN V. CREDIT PAYMENT SERVS.

agent was engaging in unlawful activities.[1]  Because Click Media had no "knowledge of facts that would have led a reasonable person to investigate further," *id*., Click Media cannot be deemed to have ratified AC Referral's actions and therefore is not vicariously liable.[2]

**AFFIRMED.**

---

[1] Kristensen argues that Click Media was on notice of AC Referral's unlawful behavior because Click Media contacted AC Referral on April 2, 2012 and March 7, 2013 regarding allegedly unlawful text messages. Because both incidents took place outside the class period (December 5, 2011 to January 11, 2012), they cannot be the basis for Kristensen's claim. *See Retail Wholesale & Dep't Store Union Local 338 Ret. Fund v. Hewlett-Packard Co.*, 845 F.3d 1268, 1277 (9th Cir. 2017).

[2] We deny all pending motions to strike portions of the briefs and excerpts of the record as moot.

## United States Court of Appeals for the Ninth Circuit

### Office of the Clerk
95 Seventh Street
San Francisco, CA 94103

### Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

**(1) A. Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  - ► A material point of fact or law was overlooked in the decision;
  - ► A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  - ► An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

**B. Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

Post Judgment Form - Rev. 08/2013

1

- ► Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
- ► The proceeding involves a question of exceptional importance; or
- ► The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

(13 of 15)

Case 2:12-cv-00528-APG-PAL Document 456 Filed 01/10/18 Page 13 of 15
Case: 16-15823, 01/10/2018, ID: 10719554, DktEntry: 115-2, Page 3 of 5

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms.*
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

## Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms.*

## Attorneys Fees
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

## Petition for a Writ of Certiorari
- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

## Counsel Listing in Published Opinions
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
    - ► Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Jean Green, Senior Publications Coordinator);
    - ► and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

(14 of 15)

Case 2:12-cv-00528-APG-PAL Document 456 Filed 01/10/18 Page 14 of 15
Case: 16-15823, 01/10/2018, ID: 10719534, DktEntry: 115-2, Page 4 of 5

**Form 10. Bill of Costs** ..................................................................................................................*(Rev. 12-1-09)*

# United States Court of Appeals for the Ninth Circuit

## BILL OF COSTS

This form is available as a fillable version at:
*http://cdn.ca9.uscourts.gov/datastore/uploads/forms/Form%2010%20-%20Bill%20of%20Costs.pdf*.

<u>*Note:*</u> If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with 9th Circuit Rule 39-1. A late bill of costs must be accompanied by a motion showing good cause. Please refer to FRAP 39, 28 U.S.C. § 1920, and 9th Circuit Rule 39-1 when preparing your bill of costs.

[                    ]  v.  [                    ]  9th Cir. No. [          ]

The Clerk is requested to tax the following costs against: [                    ]

| Cost Taxable under FRAP 39, 28 U.S.C. § 1920, 9th Cir. R. 39-1 | REQUESTED *(Each Column Must Be Completed)* | | | | ALLOWED *(To Be Completed by the Clerk)* | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST |
| **Excerpt of Record** | | | $ | $ | | | $ | $ |
| **Opening Brief** | | | $ | $ | | | $ | $ |
| **Answering Brief** | | | $ | $ | | | $ | $ |
| **Reply Brief** | | | $ | $ | | | $ | $ |
| **Other**** | | | $ | $ | | | $ | $ |
| | | | **TOTAL:** | $ | | | **TOTAL:** | $ |

\* *Costs per page*: May not exceed .10 or actual cost, whichever is less. 9th Circuit Rule 39-1.

\*\* *Other*: Any other requests must be accompanied by a statement explaining why the item(s) should be taxed pursuant to 9th Circuit Rule 39-1. Additional items without such supporting statements will not be considered.

Attorneys' fees **cannot** be requested on this form.

*Continue to next page*

(15 of 15)

Case 2:12-cv-00528-APG-PAL Document 456 Filed 01/10/18 Page 15 of 15
Case: 16-15823, 05/10/2018, ID: 10719554, DktEntry: 115-2, Page 15 of 5

**Form 10. Bill of Costs -** *Continued*

I, [_____] , swear under penalty of perjury that the services for which costs are taxed were actually and necessarily performed, and that the requested costs were actually expended as listed.

Signature [_____]

("s/" plus attorney's name if submitted electronically)

Date [_____]

Name of Counsel: [_____]

Attorney for: [_____]

_____

*(To Be Completed by the Clerk)*

Date [_____]          Costs are taxed in the amount of $ [_____]

Clerk of Court

By: [_____] , Deputy Clerk